# **EXHIBIT C**

EXHIBIT L
PARENT GUARANTY

This **GUARANTEE AGREEMENT** (the "Guaranty") is made as of the 24th day of March, 2011, by **TOSHIBA CORPORATION**, a corporation formed under the laws of Japan, with its head office situated at 1-1 Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan (herein called the "Guarantor"), for the benefit of **CONSUMERS ENERGY COMPANY**, a corporation organized under the laws of the State of Michigan, United States of America and having a place of business at One Energy Plaza, Jackson, Michigan 49201, United States of America ("Consumers"), and **THE DETROIT EDISON COMPANY**, a corporation organized under the laws of the State of Michigan, United States of America and having a place of business at One Energy Plaza, Detroit, Michigan 48226, United States of America ("Edison") (Consumers and Edison being sometimes herein collectively called the "Owner")

**RECITALS:**

**WHEREAS**, Toshiba International Corporation, a corporation duly organized and existing under the laws of California, with headquarters situated at 13131 West Little York, Houston, Texas 77041 (herein called "TIC") is a wholly-owned subsidiary of Toshiba America, Inc., which is a wholly-owned subsidiary of the Guarantor;

**WHEREAS**, the Owner and TIC intend to enter into that certain "Ludington Pumped Storage Plant, Engineering, Procurement & Construction Contract for Unit 1 through 6 Turbine Generator Overhaul" dated as of October 15, 2010 (as the same may be amended from time to time, herein called the "Contract");

**WHEREAS**, the Owner desires the Guarantor to assure that TIC will perform all of its obligations pursuant to the Contract, and that the Guarantor will cause all such obligations to be performed if TIC defaults;

**WHEREAS**, Article GC26 of SECTION II – GENERAL TERMS AND CONDITIONS of the Contract requires TIC to obtain and provide a parent company guarantee of TIC's performance; and

**WHEREAS**, the Guarantor, and as the indirect parent company of TIC, is willing to enter into this Guaranty to satisfy the conditions of the Contract, and understands that its entry into this Guaranty is a material inducement for the Owner to execute the Contract;

**NOW, THEREFORE**, in consideration of the premises and mutual covenants set forth herein, the parties hereto agree as follows:

1. The capitalized terms used, but not defined, in this Guaranty shall have the meanings ascribed to such terms in the Contract.

2. The Guarantor absolutely, unconditionally and irrevocably guarantees to the Owner that in the event TIC fails, in any respect, to perform or observe the terms and provisions of the Contract, the Guarantor shall immediately upon first demand in writing by the Owner perform or take such steps as are necessary to achieve performance or observance in full of such terms and provisions and shall indemnify, defend, hold harmless and keep indemnified the Owner against any and all losses, damages, claims, costs, charges, and expenses howsoever arising from the said failure, including without limitation, the Owner's reasonable costs, expenses and attorney fees incurred in enforcing its rights under the Contract and/or this Guaranty.
    This Guaranty shall be a continuing guaranty of payment and performance and not collection and shall remain in full force and effect until all of the obligations guaranteed hereby have been indefeasibly paid and performed. Notwithstanding any provision in this Guaranty to the contrary, the Guarantor's obligations hereunder are (i) subject to any limitations contained in the Contract on TIC obligations thereunder (including, without limitation, any and all limitations on liability of TIC thereunder), and (ii) subject to any defenses, claims, counterclaims or other offsets that TIC may have pursuant to the terms of the Contract against the Owner and any of its agents; provided, that in no event shall Guarantor's obligations be limited by or subject to any defenses, claims, counterclaims or other offsets based upon or arising out of:
    - the bankruptcy, insolvency, reorganization, placement into receivership, dissolution or liquidation of TIC (or any other matter similar to any of the foregoing), or

- any failure of TIC to have been properly organized as a corporation, or to remain or have remained in good standing, or to qualify or have qualified and/or remain qualified to do business in any jurisdiction where same may at any time be required (or any other matter similar to the foregoing); or
- any lack of any required consent or approval required to be obtained by, for or in any manner on behalf of TIC from any governmental body, or any other legal impediment of any nature to TIC's ability to enter into and perform the Contract (or any other matter similar to the foregoing); or
- any lack of power, capacity or authority of TIC to enter into or perform under the Contract (or any other matter similar to the foregoing).

If at any time all or any part of any payment theretofore applied by the Owner to any of the obligations hereby guaranteed are or must be rescinded or returned by the Owner because of any insolvency, bankruptcy, reorganization, receivership, dissolution, liquidation or other similar proceeding involving TIC, such obligations shall for the purpose of this Guaranty, to the extent that such payment is or must be rescinded or returned, be deemed to have continued in existence notwithstanding such application by the Owner, and this Guaranty shall continue to be effective or be reinstated, as the case may be, as to such obligations as though such application by the Owner had not been made.

3. The Guarantor hereby waives (i) notice of acceptance of this Guaranty by the Owner, and (ii) notice of the amount of the obligations of the TIC to the Owner outstanding from time to time. The liability of the Guarantor hereunder shall not be reduced or discharged by termination of the Contract, by any forbearance or indulgence by the Owner towards TIC or the Guarantor whether as to payment, time, performance, or otherwise, any bankruptcy, insolvency, reorganization, composition, adjustment, merger, consolidation, dissolution, liquidation or other like proceeding or occurrence relating to TIC or any change in the ownership, composition or nature of TIC, or any other circumstance which might otherwise constitute a defense against, or a legal or equitable discharge of, the Guarantor's liability under this Guaranty. The Guarantor consents and agrees that, without notice to or consent by the Guarantor and without affecting or impairing the liability of the Guarantor under this Guaranty, the Owner may compromise or settle and/or extend the period of duration or the time for performance of any of TIC's or any other party's obligations required pursuant to the Contract and/or may refuse to enforce any or all of TIC's or any other party's obligations, and/or may grant other indulgences to TIC, and/or may waive, amend or supplement in any manner the provisions of the Contract or any other document, instrument or agreement relating thereto. The obligations of the Guarantor hereunder shall, without further action, be deemed to extend to and include all obligations of the TIC under or as modified by or arising from changes or amendments in or to the terms and conditions of the Contract and otherwise to any renewal, extension, increase, acceleration or other alteration of any of the obligations guaranteed hereby.

4. The Guarantor agrees to make any payment due hereunder upon first written demand without set-off or counterclaim and without any legal formality such as protest or notice being necessary, and waives all privileges or rights which it may have as a guarantor, including any right to require the Owner to exhaust remedies against TIC or any other person.

5. The obligations of the Guarantor hereunder shall continue in full force and effect after expiry or termination of the Contract until all of TIC's obligations and liabilities under the Contract (including, without limitation, warranty obligations) have been fully discharged.

6. This Guaranty and the undertakings herein contained shall be binding upon the successors and assigns of the Guarantor and shall extend to and inure for the benefit of the successors or permitted assignees of the Owner. The Owner may assign, charge, or transfer all or any of its right, title and interest in this Guaranty upon such terms as the Owner may think fit to any agent for and on behalf of any syndicate of banks and financial institutions providing credit and guarantee facilities to the Owner in connection with the Contract. No person other than the Owner, or such permitted assignees as described above, is intended as a beneficiary of this Guaranty nor shall any such person have any rights hereunder. The Guarantor may not assign or otherwise transfer any of its rights or obligations hereunder without the prior written consent of the Owner.

7. In the event there is any dispute under the Contract that relates to a sum being claimed under this Guaranty, which dispute is submitted to dispute resolution in accordance with the procedures specified in the Contract, the obligations under this Guaranty shall be suspended pending the outcome of such dispute resolution procedures and the Guarantor further agrees that the results of such procedures shall be conclusive and binding on it for purposes of determining its obligation under this Guaranty. This Guaranty

shall be governed by and construed and enforced in accordance with the laws of the State of Michigan, provided that without regard to principles of conflicts of laws or any provision of such law invalidating any provision of this Guaranty or modifying the intent of the parties as expressed in the terms of this Guaranty shall not apply. The Guarantor hereby irrevocably appoints Toshiba International Corporation, Corporate Offices, located at 13131 West Little York Road, Houston, Texas 77041, Attention: Margaret M. McKay, General Counsel, as its agent for service of process hereunder. The Guarantor and, by the acceptance of the benefits of this Guaranty, the Owner agree to commence any action, suit or proceeding relating hereto in the United States District Court for the Eastern District of Michigan or if such suit, action or other proceeding may not be brought in such court for jurisdictional reasons, in the appropriate courts of the State of Michigan located in Jackson County. The Guarantor and, by the acceptance of the benefits of this Guaranty, the Owner further agree that service of any process, summons, notice or document by U.S. registered mail to such party's respective address set forth above shall be effective service of process for any action, suit or proceeding in the State of Michigan with respect to any matters to which it has submitted to jurisdiction in this Section 7. The Guarantor and, by the acceptance of the benefits of this Guaranty, the Owner irrevocably and unconditionally waive any objection to the laying of venue of any action, suit or proceeding arising out of this Guaranty or the transactions contemplated hereby in (i) the appropriate courts of the State of Michigan located in Jackson County, Michigan, or (ii) the United States District Court for the Eastern District of Michigan, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in any such court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum.

THE GUARANTOR, AND THE OWNER BY ACCEPTANCE OF THE BENEFITS HEREOF, KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY HERETO. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE OWNER ENTERING INTO THE CONTRACT.

8. This Guaranty constitutes the sole and entire agreement between the Guarantor and the Owner with respect to the subject matter hereof and supersedes and replaces any and all prior agreements, understandings, negotiations or correspondence between them with respect thereto.

9. Time is of the essence of this Guaranty.

10. No amendment or waiver of any provision of this Guaranty, nor consent to any departure by the Guarantor therefrom, shall be effective or binding upon the Owner without prior written consent from the Owner. Any such amendment, waiver or consent which is so granted by the Owner shall apply only to the specific occasion which is the subject of such amendment, waiver or consent and shall not apply to the occurrence of the same or any similar event on any future occasion. No failure on the part of the Owner to exercise, and no delay by the Owner in exercising, any right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right by the Owner. No notice to or demand on the Guarantor in any case by the Owner hereunder shall entitle the Guarantor to any further notice or demand in any similar or other circumstances or constitute a waiver of the rights of the Owner to take any other or future action in any circumstances without notice or demand. The remedies provided to the Owner in this Guaranty are cumulative and not exclusive of any other remedies provided by law.

11. If a provision of this Guaranty is invalid, prohibited or unenforceable, such provision shall be ineffective only to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and the remaining provisions shall be interpreted with a view toward effecting the purposes of this Guaranty. Similarly, if any provision of the Contract is invalid, prohibited or unenforceable, same shall not affect or impair the validity and enforceability of this Guaranty as to the remaining provisions of the Contract.

12. All notices, requests, demands and other communications provided for hereunder shall be in writing and mailed by registered or certified mail, postage prepaid, or telecopied or delivered to the Guarantor and the

Owner at their respective addresses set forth above, or as to any such party, at such other address as shall be designated by such party in a written notice to the other party complying with the delivery terms set forth in this section. All such notices, requests, demands and other communications shall be deemed to have been duly given or made, in the case of telecopied or delivered notice, when telecopied or actually delivered, or, in the case of registered or certified mail, on the third business day after the day on which mailed.

13. The Guarantor represents and warrants that:

    (a) It is a corporation duly organized and validly existing under the laws of Japan;

    (b) That no authorizations, approvals, consents, orders of or registration or filing with, any court or other governmental body having jurisdiction over the Guarantor is required on the part of the Guarantor for the execution and delivery of this Guaranty and the performance of the Guarantor's obligations hereunder;

    (c) This Guaranty when executed and delivered, constitutes a valid and legally binding agreement of the Guarantor except as the enforceability of this Guaranty may be limited by the effect of any applicable bankruptcy, insolvency, reorganization, moratorium or similar laws affecting creditors' rights generally and by general principles of equity; and

    (d) the Guarantor is in good standing with and is not prohibited from doing business in the United States of America by any applicable trade laws or sanctions.

14. Waiver of Immunity. The Guarantor hereby irrevocably agrees that to the extent that the Guarantor or any of its assets has or hereafter may acquire any right of immunity related to or arising from the transactions contemplated by this Guaranty, whether characterized as sovereign immunity or otherwise, from any legal proceedings, whether in the United States of America, Japan or elsewhere, to enforce or collect upon this Guaranty or any other liability or obligation of the Guarantor related to or arising from the transactions contemplated by this Guaranty, including, without limitation, immunity from service of process, immunity from jurisdiction or judgment of any court or tribunal, immunity from execution of a judgment, and immunity of any of its property from attachment prior to any entry of judgment, or from attachment in aid of execution upon a judgment, the Guarantor hereby expressly and irrevocably waives any such immunity.

15. Judgment Currency. All payments of principal, interest or fees due hereunder shall be made in United States Dollars, regardless of any law, rule, regulation or statute, whether now or hereafter in existence or in effect in any jurisdiction, which affects or purports to affect such obligations.

16. It is expressly understood that all of the rights, interests and financial obligations of the "Owner" under or arising from or connected with this Guaranty shall accrue to Consumers as to an undivided 51% interest and to Edison as to an undivided 49% interest.

IN WITNESS WHEREOF, the Guarantor has caused this Guaranty to be executed by its authorized representative as of the date first written above.

TOSHIBA CORPORATION

By: *[signature]*
Name: Norio Sasaki
Title: President and Chief Executive Officer