UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DTE ELECTRIC COMPANY and
CONSUMERS ENERGY COMPANY,

        Plaintiffs,

v.

TOSHIBA AMERICA ENERGY
SYSTEMS CORPORATION and
TOSHIBA CORPORATION,

        Defendants.
_____/

Case No. 22-cv-10847

Paul D. Borman
United States District Judge

## **ORDER DENYING DEFENDANTS' MOTION TO DISMISS (ECF No. 15)**

## **BACKGROUND**

On April 20, 2022, Plaintiffs DTE Electric Company and Consumers Energy Company filed this action against Defendants Toshiba America Energy Systems Corporation ("TAES" or "Toshiba") and Toshiba Corporation ("Toshiba Parent"). (ECF No. 1.) Plaintiffs' Complaint asserts that "[t]his lawsuit stems from Toshiba's material and ongoing failures to execute a major overhaul and upgrade of the Ludington Pumped Storage Plant," which is "one of the largest hydroelectric plants of its type in the world" and "a critical component of Michigan's clean energy infrastructure." (ECF No. 1, PageID 1.) The Complaint raises four counts: I) Breach of Contract (Breach of Warranty Provisions); II) Breach of Contract (Breach of Duty

1

to Repair Defects); III) Breach of Contract (Failure to Timely Complete Work); and IV) Breach of Parent Guaranty. (ECF No. 1, PageID 47–55.)

On June 24, 2022, Defendants filed the Motion to Dismiss the Complaint that is now before the Court. (ECF No. 15.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above

the speculative level." *Twombly*, 550 U.S. at 555–56. The Sixth Circuit has explained that, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6).").

## ARGUMENTS

In their Motion to Dismiss, Defendants argue that Plaintiffs fail to state a claim on all four counts. (ECF No. 15.) Specifically, Defendants assert that: Count I "must be dismissed because Plaintiffs have not alleged a breach of the specific and limited warranties contained in the Contract" (ECF No. 15, PageID 225–32); Count II must be dismissed because Plaintiffs have "not alleged a viable claim that any of the work

fails to comply with applicable warranties," "[e]ven if Plaintiffs' Complaint permits the court to infer wrongdoing by TAES, it fails to *show* it," and Plaintiffs do not "allege a breach of any of the specific contractual provisions that pertain" to the allegedly defective components (ECF No. 15, PageID 232–33); Count III must be dismissed because "Plaintiffs' Complaint is silent, with respect to any fact that would demonstrate *how* Toshiba failed to 'timely perform the necessary work' to achieve the requisite levels of 'acceptance' for the [individual hydroelectric turbine generator] Units" at issue in that Count (ECF No. 15, PageID 233–35); and Count IV must be dismissed because "Plaintiff has not established a failure to perform under the Contract and, therefore, Plaintiffs' claim for breach of the Parent Guaranty must also fail" (ECF No. 15, PageID 235). Defendants further assert that, "[t]o the extent any of Plaintiffs' claims are not dismissed in their entirety, Defendants are entitled to partial dismissal limiting Plaintiffs' claims for damages in accordance with the Contract." (ECF No. 15, PageID 235–38.)

On July 15, Plaintiffs filed a Response in opposition to Defendants' Motion. (ECF No. 21.) In their Response, Plaintiffs suggest that "Toshiba's arguments . . . depend on ignoring the well-pleaded allegations of the complaint or misreading the Contract." (ECF No. 21, PageID 486.) As to Count I, Plaintiffs argue that "the complaint alleges in detail that Toshiba has delivered defective work that violated multiple aspects of the contractual obligations covered by its warranties" and also

4

alleges "that Consumers Energy and DTE have been injured in multiple respects." (ECF No. 21, PageID 486–88) (citing ECF No. 1, PageID 2–3, 12, 24–50 and *Bank of Am., NA v. First Am. Title Ins. Co.*, 878 N.W.2d 816, 829 (Mich. 2016)). They also emphasize that: "Toshiba's warranties pledge that all of Toshiba's work will be 'free from defects' and conform to *all* aspects of the Contract"; the Contract "makes clear that Unit Final Acceptance does not relieve Toshiba of any of its contractual obligations, including its warranties"; "the Contract's liquidated damages provisions concern specific, limited aspects of the Contract that are unrelated to Toshiba's warranties against defective work"; and "the Complaint alleges in detail that the Ludington Plant does not meet the service life and reduced maintenance requirements because Toshiba's work is failing *now*, during the warranty period." (ECF No. 21, PageID 488–92.)

On Count II, Plaintiffs argue that "the complaint alleges numerous instances in which Toshiba failed or refused to correct its defective work" in violation of the Contract and alleges "that Consumers Energy and DTE have already incurred 'millions of dollars of costs and expenses . . . attempting to address the many defective aspects of Toshiba's work.'" (ECF No. 21, PageID 492–93) (citing and quoting ECF No. 1, PageID 16–18, 31–46). Plaintiffs add that no "special definition of 'defective' [is] necessary to understand that Toshiba's cracking, leaking, and

5

otherwise failing work meets any normal understanding of that term." (ECF No. 21, PageID 494.)

On Count III, Plaintiffs argue that their complaint alleges that, "despite deadline adjustments . . ., Toshiba missed the [specific] Unit Interim Acceptance deadlines for each of Units 1, 3, and 6"[1] and thus "owes liquidated damages under Section IV.2.B of the Contract . . ., among other damages Plaintiffs have incurred as a result of Toshiba's failure to timely complete its work." (ECF No. 21, PageID 495–96) (citing ECF No. 1, PageID 15–16, 19–24, 52–53 and *G&R Live, LLC v. Janese*, No. 19-cv-11632, 2020 WL 248014, at *5 (E.D. Mich. Jan. 16, 2020)).

And on Count IV, Plaintiffs argue that their "complaint alleges[ that] Toshiba Parent promised in the parent guaranty that it would perform Toshiba's obligations under the Contract and indemnify Consumers Energy and DTE for any losses caused by Toshiba," and yet "refused to perform" after "Plaintiffs served a demand upon Toshiba Parent under the parent guaranty" in December 2021. (ECF No. 21, PageID 497) (citing ECF No. 1, PageID 18–19, 42–43). They add that the "complaint alleges many [] breaches" that "are more than sufficient to invoke the parent guaranty." (ECF No. 21, PageID 497.)

---

[1] Plaintiffs note that Count III "does not address" Units 2, 4, and 5. (ECF No. 21, PageID 496.)

6

Lastly, Plaintiffs argue that Defendants' requests for "partial dismissal limiting Plaintiffs' claims for damages" are "premature, at best," because "Plaintiffs have not alleged any specific calculation of damages, nor any type of damages that are disallowed by the provisions Toshiba cites." (ECF No. 21, PageID 497–98.) Plaintiffs state that "[d]amages in this case, and the application of a limitation of liability (if any), [should] be determined on the facts and the evidence, not the pleadings." (ECF No. 21, PageID 498) (citing, among other cases, *Zimmerman v. 3M Co.*, 542 F. Supp. 3d 673, 682 (W.D. Mich. 2021) and *G&R Live, LLC*, 2020 WL 248014, at *10–11).

Defendants filed a Reply on July 29. (ECF No. 23.) In this Reply, Defendants argue again that Plaintiffs fail to state a claim on Count I because "TAES's contractual warranty is plainly limited and expressly ***disclaims all other warranties***." (ECF No. 23, PageID 555.) Next, Defendants argue that Plaintiffs fail to state a claim on Counts I, II, and III because they "continue to rely on [] general" and "conclusory "assertions" "[r]ather than pointing to specific factual allegations." (ECF No. 23, PageID 555.) After that, Defendants argue that "Plaintiffs cannot recover against Toshiba under the Parent Guaranty where TAES has not breached the underlying Contract to which the Parent Guaranty applies." (ECF No. 23, PageID 557.)

Defendants also reiterate their position that "the Contract and Michigan law expressly limit damages potentially available to Plaintiffs." (ECF No. 23, PageID 552.) They argue that "Plaintiffs' Complaint and Opposition ignore these limitations and fail to allege, or otherwise explain, what damages they are claiming that may be recoverable under the Contract" and thus "Plaintiffs have failed to state a claim for breach of contract upon which relief can be granted." (ECF No. 23, PageID 551–53) (citing *Hall v. State Farm Mut. Auto. Ins. Co.*, 215 F. App'x 423, 428 (6th Cir. 2007) and *Home Quarters Real Estate Grp., LLC v. Mich. Data Exch.*, No. 07-cv-12090, 2009 WL 10680603, at *3 (E.D. Mich. Dec. 9, 2009)).

Finally, Defendants argue that "Plaintiffs have already settled away any claims for damages that they may have had for . . . Units 2, 4, and 5[] by accepting payment of liquidated damages for TAES for those Units." (ECF No. 23, PageID 553.) As a result, they assert, "[t]o the extent the . . . Plaintiffs' Complaint is not dismissed in its entirety, Defendants are entitled to dismissal of Counts I and II with respect to Units 2, 4, and 5." (ECF No. 23, PageID 554.)

## RULING

At an in-person Hearing on September 29, the Court found that Plaintiffs' Complaint does state a claim on all four counts and thus Defendants' Motion to Dismiss fails. This Order briefly explains that ruling and commits it to writing.

8

First, Plaintiffs have successfully stated a claim with Count I. "To prevail on [their] claim[s] for breach of contract . . ., [Plaintiffs will have to] establish by a preponderance of the evidence that (1) there was a contract, (2) the [Defendant(s)] breached the contract, and (3) the breach resulted in damages to the [Plaintiffs]." *Bank of Am., NA*, 878 N.W.2d at 829. Here, Plaintiffs have plausibly alleged that they and "Toshiba executed a valid contract containing warranties by Toshiba" that it would, among other things, "conform [its work] to all of the terms, conditions and requirements of this Contract." (ECF No. 1, PageID 16–17, 47–48; ECF No. 1-1, PageID 84.) Plaintiffs have plausibly alleged that these Contract requirements included that Toshiba would perform the agreed upon work "in a good, substantial workmanlike and approved manner" and that its work would "be free from defects" and would "improve the Ludington Plant's generating and pumping capabilities, efficiency, maintainability, availability, reliability, and its overall operation, among other things." (ECF No. 1, PageID 13–17, 47–48; PageID 1-1, PageID 60, 77–81.) They have plausibly alleged that Toshiba breached these requirements by providing work on each of the Units that was defective in several specific ways. (ECF No. 1, PageID 19–40, 48–49.) And they have plausibly alleged that "[a]s a direct and proximate result of Toshiba's breach of its warranties, [they] have suffered and will suffer significant damages, including, but not limited to, the major expenses they incurred and will incur to address the defective work and the failure of Toshiba to

9

provide the overhaul and upgrade that Toshiba promised to deliver in the Contract." (ECF No. 1, PageID 45–46, 49–50.)

Second, Plaintiffs have successfully stated a claim with Count II. They have plausibly alleged that their Contract with Toshiba requires Toshiba to repair defects (ECF No. 1, PageID 16–18, 50–51; ECF No. 1-1, PageID 79, 85), that Toshiba has failed to timely repair such defects after Plaintiffs have notified it of them (ECF No. 1, PageID 38–44, 50–51), and that Toshiba's failure on this account has caused and will continue to cause damages to Plaintiffs (ECF No. 1, PageID 45–46, 50–51).

Third, Plaintiffs have successfully stated a claim with Count III. Plaintiffs have plausibly alleged that Toshiba agreed in the Contract to "perform and complete work in accordance with the schedule and milestones set by or established in accordance with the Contract, including the Unit Interim Acceptance and Unit Final Acceptance milestones, for each of the six Ludington Plant Units." (ECF No. 1, PageID 15–16, 52; ECF No. 1-1, PageID 60, 95–99.) They have plausibly alleged that Toshiba "breached those Contract terms by failing to timely perform the necessary work to timely achieve Unit Interim Acceptance" and "Unit Final Acceptance" for "Units 1, 3, and 6" and that Plaintiffs have suffered and will continue to suffer damages as a result. (ECF No. 1, PageID 19–24, 45–46, 52–53.)

And fourth, Plaintiffs have successfully stated a claim with Count IV. They have plausibly alleged that they "and Toshiba Parent executed a valid contract pursuant

to which Toshiba Parent made a guaranty of indemnification, payment, and performance," that they demanded performance of these guaranties, that Toshiba Parent breached the Contract by refusing to perform, and that they have suffered and will continue to suffer damages as a result. (ECF No. 1, PageID 18–19, 42–43, 45–46, 53–55; ECF No. 1-1, PageID 100–103.) For the reasons stated above, Plaintiffs have also plausibly alleged that Toshiba has breached the underlying Contract to which the guaranty applies.

Finally, the Court agrees with Plaintiffs that Defendants' request for it to limit damages is premature at this stage. *See Zimmerman*, 542 F. Supp. 3d at 683 ("[T]he Court believes it is premature to decide what remedies are available should Plaintiffs succeed on the merits.").

## CONCLUSION

Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

s/Paul D. Borman
Paul D. Borman
Dated: February 1, 2023    United States District Judge