UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DTE ELECTRIC COMPANY and CONSUMERS ENERGY COMPANY,<br><br>      Plaintiffs,<br>v.<br><br>TOSHIBA AMERICAN ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION,<br>      Defendants.<br>_____/ | Case No. 22-10847<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## **ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL (ECF No. 41)**

Plaintiffs DTE Electric Company and Consumers Energy Company sue Defendants Toshiba American Energy Systems Corporation and Toshiba Corporation (both of whom countersued) for breach of a contract to overhaul and upgrade a power plant in Ludington, Michigan. Plaintiffs allege that Defendants delivered defective work and services. (ECF No. 1). In their counterclaim, Defendants allege that Plaintiffs owe them for completed work and that Plaintiffs are obstructing Defendants' completion of the work on the power plant. (ECF No. 17).

On April 6, 2023, Plaintiffs moved to compel production of documents held by Defendants' subsidiaries. (ECF No. 41). Discovery matters were referred to

the undersigned. (ECF No. 36). For the reasons below, the motion is **GRANTED IN PART.**

A.  General Discovery Principles

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

B.  Discussion

The issue in this motion to compel is whether Defendant Toshiba Corporation is obligated to search for and produce documents and ESI in the possession or custody of its subsidiaries or affiliates, including Toshiba IC and Toshiba ESS. (ECF No. 41). Plaintiffs sought documents concerning the work of personnel affiliated with entities within the Toshiba Corporation umbrella. Defendants objected to producing documents not in their direct possession or control. For example, Plaintiffs sought documents concerning a manager and engineer who worked on the plant project and is a witness in this case, Mr. Takeshi Hyuga. Mr. Hyuga was affiliated with both Defendant Toshiba American Energy Systems ("Toshiba AES") and a different Toshiba Corporation subsidiary, Toshiba ESS. Toshiba AES has a little over a year's worth of documents associated with Mr. Hyuga that it will produce, but it refused to produce other documents in the possession of the subsidiary, including more than 10 years of documents related to Mr. Hyuga, because the subsidiary is not a named defendant. (*Id.* at PageID.675). Toshiba ESS supplied many engineers for the project; these engineers were integrated into the Toshiba AES organizational structure for the project. (*Id.* at PageID.678). And when Plaintiffs reported issues on the project, Toshiba AES forwarded the concerns to Toshiba ESS. (*Id.* at PageID.679).

In response, Defendants assert that they have agreed to search for and produce documents from specific custodians from non-party subsidiaries of

3

Toshiba Corporation, so Plaintiffs' motion is baseless and moot. (ECF No. 42, PageiD.829). While Defendants agreed to look for documents from specific custodians, Plaintiffs say this is not enough because Defendants continue to disavow an obligation to search for and produce documents from subsidiaries. (ECF No. 43, PageID.849). Plaintiffs characterize Defendants' agreement to look for documents as an "unspecified effort" unconnected to a legal obligation to do so. Defendants also argue that the request to search the entirety of its subsidiaries' records for documents, rather than a custodian-by-custodian search, is overbroad and unduly burdensome. (ECF No. 42, PageID.837). To this point, Plaintiffs assert that Defendants' obligation under Fed. R. Civ. P. 34 is separate from considerations under Fed. R. Civ. P. 26. They state that once it is determined whether documents are subject to Rule 34, the parties can then address the standards under Rule 26, such as search parameters. (ECF No. 43, PageID.850). And while Defendants argue that Plaintiffs' request for documents from any subsidiaries or affiliates who worked on the plant project is broad, Plaintiffs note that Defendants know which entities worked on the project. (*Id.*).

Federal Rule of Civil Procedure 34(a)(1) requires a party served with a documents request to produce documents in their possession, custody, or control. Documents will be within the possession, custody or control of a responding party "if the party has actual possession, custody or control, or has the legal right to

4

obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citing *Resol. Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992).

The parties differ in their analysis of whether Defendants have the legal right to obtain the documents. According to Plaintiffs and the cases they cite, "[n]umerous courts have concluded that a parent corporation has a sufficient degree of ownership and control over a wholly-owned subsidiary that it must be deemed to have control over documents located with that subsidiary." (ECF No. 41, PageID.685 (quoting *Dietrich v. Bauer*, 2000 WL 1171132, at *3 (S.D.N.Y. Aug. 16, 2000)). The Ninth Circuit has held that a parent corporation must produce documents possessed by a subsidiary wholly owned or controlled by the parent. (*Id.* at PageID.686) (citing *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989)). Plaintiffs argue that Defendant Toshiba Corporation is the parent and owner of subsidiaries Toshiba ESS, Toshiba IC, "and any other relevant subsidiary." (*Id.* at PageID.687). Their evidence, however, shows that Toshiba ESS is a wholly owned subsidiary, but not that Toshiba IC is also wholly owned. Instead, Plaintiffs stated that Toshiba IC is "an operating company of another wholly-owned subsidiary of Toshiba Corporation." (*Id.*) (*see* ECF No. 41-6, PageID.765).

5

Defendants say factors must be addressed before concluding that the parent corporation must produce documents held by the subsidiary. They contend that the requisite control to demand production of documents exists only where "a subsidiary corporation acts as a direct instrumentality of and in direct cooperation with its parent corporation, and where the properties and affairs of the two [were] . . . inextricably confused as to a particular transaction[.]" (ECF No. 42, PageID.839) (quoting *Gerling Int'l Ins. Co. v. Comm'r of Internal Revenue*, 839 F.2d 131, 140 (3d Cir. 1988)). According to Defendants, factors to consider determining whether the parent has the legal right to obtain documents from its subsidiary include whether there is a contractual provision granting the parent legal access to the subsidiary's documents, finding the subsidiary is merely an agent of the parent, and finding the parent is evading discovery by destroying documents and relying on copies maintained by its affiliate abroad. (*Id.*) (citing *Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008)).

Plaintiffs' view of the law is too simple—the question is not simply whether the litigating party is the parent corporation, and thus must be compelled to produce documents in the possession of the subsidiary. As Defendants suggest, courts either expressly address factors or at least look more closely at the relationship between the parent and the subsidiary. The foundation principle is that simply showing the parties are related is insufficient. But it is also true that "a

6

litigating parent corporation has control over documents in the physical possession of its subsidiary corporation where the subsidiary is wholly owned or controlled by the parent." *Hiser v. Volkswagen Grp. of Am., Inc.*, 2016 WL 11409339, at *6 (W.D. Ky. Aug. 1, 2016) (quoting *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 305 (M.D.N.C. 1998)); *Pennwalt Corp. v. Plough, Inc.*, 85 F.R.D. 257, 263 (D. Del. 1979) (stating a corporation is "most often" compelled to produce documents in possession and control of a separate corporate entity when the two have the relationship of a parent and wholly owned subsidiary). "[C]ourts have tended to focus on the facts shown in a particular case." *St. Clair Cnty. Employees' Ret. Sys. v. Acadia Healthcare Co., Inc.*, 2022 WL 4095387, at *10 (M.D. Tenn. Sept. 7, 2022) (quoting 8B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2210 (3d ed.)).

Plaintiffs have shown that Toshiba ESS is a wholly owned subsidiary of Defendant Toshiba Corporation. Toshiba ESS worked closely on the power plant project, at least through its engineers who worked on the project. The Court sees no reason why Toshiba Corporation would not have the legal right to obtain documents from Toshiba ESS. Indeed, Defendants reasons for not searching for Toshiba ESS documents do not relate to the relationship between the entities.

As for Toshiba IC, it is part of Toshiba American Inc. Group Company, which is a holding company subsidiary wholly owned by Toshiba Corporation.

7

(ECF No. 41-6, PageID.765; ECF No. 41-7, PageID.768). In other words, Toshiba Corporation essentially wholly owns Toshiba IC. The Court need not delve into the specifics of the relationship between the two entities because Defendants offered to search for and produce documents held by Toshiba ESS and Toshiba IC, dispensing with an analysis into the factors they highlight in their response brief. (*See* ECF No. 42, PageID.841). But still, Defendants have not made the argument that they do not have the legal right to obtain documents from Toshiba IC, so they are obligated to do so. The parties must confer on search parameters for these two entities.

Plaintiffs' discovery requests and motion mention obtaining documents from Defendants' "affiliates," but unless the affiliates are wholly owned subsidiaries, the Court cannot say that the Defendants must search for documents from its "affiliates." Plaintiffs also request documents from "any other relevant subsidiaries." At this stage, "any other relevant subsidiaries" is over broad, not in that Defendants cannot identify which subsidiaries might have responsive documents, but because there are many subsidiaries who employ persons who worked on the plant project, and a search through all the relevant subsidiaries is a heavy burden. Moreover, Plaintiffs have not made a fact-specific showing that Defendants have the legal right to obtain documents from the unnamed subsidiaries. So, the Court limits Defendants' search for responsive documents to

8

Toshiba ESS and IC, for now.  Should information surface showing the likely existence of relevant documents in the possession of other wholly owned subsidiaries, like Toshiba ESS, the parties should confer on the most efficient means to obtain those documents with the understanding that Defendants very likely have the legal right to obtain the documents.

Finally, the Court concludes that Plaintiffs met their obligation to meet and confer before bringing this motion.  Though Plaintiffs did not send separate communications limited to the possibility to bringing this motion, emails between the parties about this dispute included the statement from Plaintiffs that they may file this motion if agreement is not reached.  The parties made their positions known in the emails, and no agreement was reached, so the Court finds they sufficiently discussed the dispute.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 7, 2023                                    s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                     United States Magistrate Judge