UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DTE ELECTRIC COMPANY and
CONSUMERS ENERGY
COMPANY,
                              Plaintiffs,
v.

TOSHIBA AMERICAN ENERGY
SYSTEMS CORPORATION and
TOSHIBA CORPORATION,
                              Defendants.
_____/

Case No. 22-10847

F. Kay Behm
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER DENYING MOTION TO COMPEL (ECF No. 53) AND MOTION TO SUPPLEMENT CMO (ECF No. 56)

Plaintiffs DTE Electric Company and Consumers Energy Company sue

Defendants Toshiba American Energy Systems Corporation and Toshiba

Corporation (both of whom countersued) for breach of a contract to overhaul and

upgrade a power plant in Ludington, Michigan.  Defendants were to overhaul the

six hydroelectric pump-turbines and generator-motors (each a "Unit").  Under the

contract, Defendants would overhaul one Unit at a time, which was collectively

estimated to take nearly ten years to complete.  In Defendants' view, they

successfully completed the work.  Three of the six Units were deemed complete by

Plaintiffs.  Plaintiffs are withholding final acceptance of the last three Units.  That

said, all six Units are in operation.  They allege that the project experienced delays

throughout and that Defendants delivered defective work and services on all Units. (ECF No. 1). In their counterclaim, Defendants allege that Plaintiffs owe them for completed work and that Plaintiffs are obstructing Defendants' completion of the work on the power plant. (ECF No. 17).

The dispute now before the Court centers on Defendants' Rule 34 request to inspect the Ludington plant. Plaintiffs do not oppose the inspection, but their position is that they may seek reimbursement of the costs of the inspection after it is complete. The inspection involves shutting part or all of the power plant, dewatering the turbines, and installing scaffolding or other equipment for the inspection. Plaintiffs estimate this could cost between $350,000-500,000. Defendants' plan to inspect two Units, but reserve the right to seek inspection of other Units if necessary. The parties have been unable to schedule the inspection pending resolution of this dispute.

A.    General Discovery Principles

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26.

Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.*

B.    Discussion

1.    Motion to Compel (ECF No. 53)

Defendants ask the Court to rule that they need not under any circumstances reimburse Plaintiffs for some or all of the costs associated with the inspection. For support, they rely on the Federal Rules of Civil Procedure and a consequential damages clause in the parties' contract. Plaintiffs are not demanding pre-payment of costs before scheduling the inspections. Instead, they are reserving their right to seek reimbursement, if at all.

Federal Rule of Civil Procedure 34 allows inspection of the responding party's property. The general rule is that the responding party bear the costs of the discovery. Rule 26(c), however, provides for shifting the costs of discovery to avoid undue burden or expense. "Recognizing the authority [to shift costs] does not imply that cost-shifting should become a common practice. Courts and parties should continue to assume that a responding party ordinarily bears the costs of responding." Fed. R. Civ. P. 26 Advisory Committee Notes; *see also* Fed. R. Civ. P. 34 Advisory Committee Notes ("courts have ample power under Rule 26(c) to protect respondent against undue burden or expense, either by restricting discovery or requiring that the discovering party pay costs.").

3

The Court generally follows the rule that the responding party bear the costs of responding.  But the Court also acknowledges that Plaintiffs may seek a protective order under Rule 26(c) to shift the costs because of undue burden or expense.  To be successful, Plaintiffs will have to "articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements."  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citations omitted).  Plaintiffs should be mindful of the timing of such a motion.

As for the parties' contract, Defendants also argue that the parties' contract disallows an award of costs resulting from the inspection.  Specifically, the contract has a consequential damages clause.  It states that neither party will be liable to the other, "whether arising under in breach of contract, tort (including negligence), strict liability, or otherwise, for loss . . . by reason of plant shutdown [or] . . . cost of purchased or replacement power."  (ECF No. 53, PageID.965).  The Parent Guaranty between Plaintiffs and Toshiba permits recovery of costs incurred in enforcing rights under the contract.  The Guaranty is limited to limitations in the contract, so Defendants contend the Guaranty also does not permit recovery of costs associated with the inspection.  (*Id.* at PageID.966).  Plaintiffs argue that recovering litigation costs such as inspection costs does not

4

come under the consequential damages clause in the contract.  (ECF No, 58,
PageID.1111-12).

What damages Plaintiffs can recover is, at this time, speculative.  In the
Court's view, Defendants are effectively seeking an advisory opinion on whether
costs can be or will be shifted after the inspection.  Courts must "avoid issuing
advisory opinions based upon hypothetical situations."  *Briggs v. Ohio Elections
Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995).  Thus, the Court will not determine
here whether Defendants are protected from paying costs under any
circumstances.[1]

That Plaintiffs *may* seek reimbursement, that they *may* successfully show
undue burden or expense, and they *may* be awarded some reimbursement should
not, as Defendants contend, be a threat hanging over Defendants' heads that they
might have to pay a share of the costs.  These possibilities are attendant in all
litigation and throughout discovery here.  This fact should not preclude Defendants
from seeking discovery.

---

[1] The Court notes, however, that generally litigation costs are excluded from
damages unless expressly provided for in a contract.  For instance, Michigan
follows the "American Rule" that attorneys' fees and litigation costs are not
recoverable as damages absent an exception.  *Thompson v. Mich. First Credit
Union*, 2020 WL 5848987, at *1 (E.D. Mich. Oct. 1, 2020) (citation omitted).  The
Court will hold a decision on whether a request for inspection costs falls within the
contract because that issue is not before the Court.  Again, the Court does not issue
advisory opinions.

For these reasons, the motion to compel is **DENIED**.  The parties are encouraged to go forward with scheduling the inspection(s).

2.      Motion to Set Deadlines (ECF No. 56)

At the outset, the parties resolved the second dispute raised in this motion: Plaintiffs sought an order requiring document production to be complete 90 days before the fact discovery cut-off.  At the hearing on this motion, the parties informed the Court that document production was nearly complete and they planned to begin depositions in January 2024.  Should issues arise with completing fact discovery before the cut-off, if no agreement is reached between the parties, a motion to extend deadlines may be filed.

The unresolved dispute is Plaintiff's request that the Court order the Unit inspections to be scheduled between January and April 2024, before the expert disclosure deadlines.

The motion is **DENIED**.  The Court avoids interfering with the progress of discovery unless there is a dispute.  Defendants are not disputing the time frame, only that they did not want to schedule the inspection until the cost-shifting dispute is resolved.  Having ruled on Defendants' motion, the parties should be able to complete the inspection before the end of April.  If issues arise, one of the parties may file a motion.

**IT IS SO ORDERED**.

6

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: December 13, 2023                      s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge