UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DTE ELECTRIC COMPANY and CONSUMERS ELECTRIC COMPANY,<br><br>      Plaintiffs,<br><br>v.<br><br>TOSHIBA AMERICAN ENERGY SYSTEMS CORPORATION, et al,<br><br>      Defendants. | Case No. 22-10847<br><br>F. Kay Behm, U.S. District Judge<br><br>Magistrate Judge Curtis Ivy, Jr. |

**RULE 16 SCHEDULING ORDER (PHASE II)**

| EVENT | DEADLINE |
|---|---|
| Facilitation: The parties **must** notify the judicial assistant by **May 21, 2025** of their choice of facilitator and scheduled date[1] | July 31, 2025 |
| All Other Motions, Including Motions in Limine | August 15, 2025 |
| Joint Final Pretrial Order | August 15, 2025 |
| Proposed Jury Instructions | September 5, 2025 |
| Final Pretrial Conference | September 26, 2025 at 10:00 a.m. |
| Trial - Jury | October 28, 2025 at 9:00 a.m. |

    1.      **FINAL PRETRIAL ORDERS**

The Final Pretrial Order must be submitted electronically through CM/ECF on or before the date set by the scheduling order.  Counsel is directed to consult

---

[1] Judicial Assistant email:  denise_churchill@mied.uscourts.gov

and comply with Local Rule 16.2 governing the Joint Final Pretrial Order.  The proposed Final Pretrial Order shall <u>strictly comply</u> with the requirements of <u>Local Rule 16.2.</u>  Pursuant to Local Rule 16.2(b)(9), any objection based on foundation or authenticity will be deemed <u>waived</u> if not raised before trial.

2. **FINAL PRETRIAL CONFERENCE ATTENDANCE**

The following persons shall personally attend the final pretrial conference:

(a) Trial counsel for each party;

(b) All parties who are natural persons;

(c) A representative on behalf of any other party who has full settlement authority for the party;

(d) A representative of any insurance carrier that has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must possess <u>full</u> authority to engage in settlement discussions and to agree upon a full and final settlement.  The personal attendance requirement is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone, unless the party has obtained prior permission from the Court.  The Court will generally only grant such permission upon consent of counsel for <u>all parties</u>.

3.     **Extension of Time**

When requesting an extension of time, please include the following guide within your motion or stipulation to outline **ALL** currently set deadlines and list any new proposed deadlines. You may omit any deadlines that have passed for which you do not seek extensions.

| EVENT | CURRENT DEADLINE | PROPOSED NEW DEADLINE |
|---|---|---|
| All Other Motions, Including Motions in Limine | | |
| Settlement Conference | | |
| Joint Final Pretrial Order | | |
| Proposed Jury Instructions | | |
| Final Pretrial Conference | | |
| Trial - Jury | | |

4.     **EXHIBITS**

**(a) Marking of Exhibits:** Counsel are required to mark all proposed exhibits in advance of trial.  Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters.  A consecutive numbering and lettering system should be used by each party.

**(b) List of Exhibits:** A list of proposed exhibits shall be submitted directly to Judge Behm's chambers by each party by the deadline established at the final pretrial conference.  However, no later than one week before the final pretrial

conference, each party shall make available for inspection all exhibits which that party will introduce at trial.  This provision shall not extend the time for disclosure and inspection of material previously ordered herein.

 **(c) Foundation for Exhibits:** When a party has inspected an exhibit that the opposing party intends to introduce in evidence, the authentication of that will be deemed established unless the objecting party files a notice with the Court at or before the final pretrial conference that the foundation of the exhibit will be contested.  *See* E.D. Mich. L.R. 16.2(b)(9).

 **(d) Objections to Exhibits:** These guidelines shall not affect the right of a party to object at the time of trial to the introduction of an exhibit other than on the basis of authentication and foundation.

 **(e) Custody and Record of Admitted Exhibits:** Counsel are required to maintain a record of all admitted exhibits during trial.  Counsel for each party must keep custody of that party's admitted exhibits during trial.  A party who objects to this provision must file a written objection prior to jury selection. Exhibit Form.

 **(f) Publication of Exhibits During Trial:** The Court encourages parties to use electronic projection to publish exhibits during trial in a manner that allows the jury, court, attorneys, and parties to view the exhibit simultaneously.  Parties are

responsible for providing equipment for such purpose. If photographs and documentary exhibits are not published electronically, then the party must prepare exhibit books for the Court and each juror. Whether or not exhibits are published electronically, a separate exhibit book should be prepared and made available to a witness who is to be questioned about an exhibit. **NOTE:** Please make arrangements with court staff to test equipment ahead of the trial to avoid technical issues and delays.

**(g) Preparing Exhibits for Jury Deliberation:** Counsel must confer and purge from one set of binders or files all exhibits not admitted during the course of trial. Originals of all exhibits admitted at trial should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

**(h) Filing Exhibits:** It is the responsibility of the parties to ensure that the record is complete.

**(i) Full Disclosure:** Computer generated visual or animated evidence, together with underlying data, must be disclosed to opposing counsel at least one week before the start of trial.

**(j) Penalty:** A party who does not abide by these provisions may be subject to sanctions, including preclusion of the introduction of exhibits at trial by the

offending party.

### 5. JURY INSTRUCTIONS

The parties must meet and confer prior to trial to discuss jury instructions. By the deadline established in the Scheduling Order, the parties must submit directly to Judge Behm's chambers a single set of proposed, stipulated jury instructions. Counsel are responsible for submitting all instructions related to their specific claims or defenses, and special instructions relating to evidence.

All such instructions are to be submitted in typewritten form, double spaced, and on a USB drive compatible with Microsoft Word version 12.0; each instruction shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"), and each instruction shall be on a <u>separate page</u>. In addition, each party must submit separately to Judge Behm's chambers all additional proposed instructions to which any other party objects. These should be submitted in the same form as proposed stipulated instructions. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form. Disputes between counsel regarding proposed jury instructions are initially settled at a hearing on the record. The Court has its own standard introductory and concluding instructions, and counsel are directed to concentrate on elements

of the offense, the defense(s), etc.  The jury is charged before final argument.

6. **JURY SELECTION**

The Court will conduct general *voir dire*, but counsel may conduct their own inquiries of prospective jurors.  Contentious or questionable *voir dire* questions must be submitted to the Court in writing at least three days before the start of *voir dire*.

**SO ORDERED**.

Dated:  May 8, 2025                                s/F. Kay Behm
                                                                F. Kay Behm
                                                                United States District Judge