UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

    Plaintiffs,

v.

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

    Defendants.
_____/

Case No. 22-10847

Hon. F. Kay Behm

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO STRIKE JURY DEMAND (ECF NO. 158)**

I.    **PROCEDURAL HISTORY**

Plaintiffs Consumers Energy Company and DTE Electric Company filed this breach of contract action against Defendants Toshiba American Energy Systems Corporation and Toshiba Corporation on April 20, 2022. (ECF No. 1). Defendants filed a motion to strike Plaintiffs' jury demand on September 19, 2024, which has been fully briefed. The court held oral argument on May 7, 2025, and took the matter under advisement. For the reasons explained below, Defendants' motion is denied.

## II.     FACTUAL BACKGROUND

In 2011, Plaintiffs Consumers Energy Company and DTE Electric Company entered into a contract ("Contract") with Toshiba International Corporation ("TIC") for TIC to overhaul and upgrade Plaintiffs' Ludington Pumped Storage Plant, a hydroelectric plant. ECF No. 1 at ¶¶ 1-2, ECF No. 1-1 (Contract). In 2015, TIC assigned its rights and obligations under the Contract to Defendant Toshiba America Energy Systems Corporation ("TAES"). ECF No. 1-2. The Contract required a guaranty ("Guaranty") to be executed by the parent corporation of TIC (and TAES), Defendant Toshiba Corporation ("Toshiba"). ECF No. 1-3 (Guaranty).

Plaintiffs allege that TAES breached the Contract through untimely and defective work (Counts I-III) and Toshiba breached the Guaranty by failing to indemnify Plaintiffs or perform in TAES's place (Count IV). Plaintiffs filed a jury demand pursuant to Federal Rule of Civil Procedure 38, for "all issues triable by jury." ECF No. 7. TAES filed a counterclaim against DTE and Consumers Energy, alleging Plaintiffs failed to pay amounts due for work performed under the Contract. ECF No. 17. Plaintiffs also demanded a jury with respect to TAES's counterclaim. ECF No. 22.

The Contract defines the "Owner" as DTE and Consumers Energy, and the "Contractor" as TIC, or TAES after the assignment. The Contract states that it is "a

2

Michigan contract and shall be construed in accordance with and governed by the laws of the State of Michigan." ECF No. 1-1 at ¶ 6, at PageID 64. With respect to "Disputes," the Contract provides as follows:

> In the event of a dispute between the Contractor and the Owner, the Contractor shall proceed with the Work pending resolution of such dispute, unless otherwise requested by the Owner in writing.
>
> Either party may give the other party written notice of any dispute not resolved in the normal course of business. The Owner and Contractor shall thereupon attempt in good faith to resolve such dispute promptly by negotiations between executives who have the authority to settle the dispute. If the dispute has not been resolved within sixty (60) days after such written notice is given, either party may avail itself of any process or means legally available to it to resolve the dispute.

ECF No. 1-1 at ¶ GC9, PageID 74. The Contract also requires the provision of a guaranty:

> Not later than sixty (60) days after execution of this Contract, the Contractor shall deliver to the Owner the Parent Guaranty, duly executed by a duly authorized officer of Toshiba Corporation ("Guarantor"), in the form attached hereto as Exhibit L by which Guarantor guarantees the full and timely payment and performance of all of the Contractor's obligations under this Contract.

*Id.* at ¶ GC26, PageID 88.

Plaintiffs and Toshiba entered into the Guaranty agreement, in the form specified by the Contract, on March 24, 2011. The Guaranty contains a provision related to disputes, which provides:

> In the event there is any dispute under the Contract that relates to a sum being claimed under this Guaranty, which dispute is submitted to dispute resolution in accordance with the procedures specified in the Contract, the obligations under this Guaranty shall be suspended pending the outcome of such dispute resolution procedures and the Guarantor further agrees that the results of such procedures shall be conclusive and binding on it for purposes of determining its obligation under this Guaranty.

ECF No. 1-3 at ¶ 7, PageID 173. The paragraph goes on to specify that the Guaranty is governed by Michigan law, and that the parties agree to bring any suit in the Eastern District of Michigan. *Id.* Next, the Guaranty contains a jury waiver:

> THE GUARANTOR, AND THE OWNER BY ACCEPTANCE OF THE BENEFITS HEREOF, KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY HERETO. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE OWNER ENTERING INTO THE CONTRACT.

*Id*.

The parties do not dispute that this provision applies to Plaintiffs' claims against Toshiba under the Guaranty. Toshiba and TAES contend that the jury waiver also applies to Plaintiffs' claims against TAES and TAES's counterclaims under the Contract.

### III.     ANALYSIS

The Seventh Amendment to the United States Constitution guarantees a right to trial by jury in civil cases. U.S. Const. Amend. VII; *see also* Fed. R. Civ. P. 38 ("The right of trial by jury . . . is preserved to the parties inviolate."). Although the right may be waived, "as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937). Whether a party has waived its constitutional right to a jury trial is a question of federal law; and this right "may only be waived if done knowingly, voluntarily and intentionally." *K.M.C. Co. v. Irving Tr. Co.*, 757 F.2d 752, 755-56 (6th Cir. 1985).

TAES is not a party to the Guaranty, which was executed by Toshiba. "[A] jury waiver is a contractual right and generally may not be invoked by one who is not a party to the contract." *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1166 (9th Cir. 1996); *see EEOC v. Waffle House, Inc.,* 534 U.S. 279 (2002) ("It goes without saying that a contract cannot bind a nonparty."); *Hulsey v. West*, 966

5

F.2d 579, 581 (10th Cir. 1992) ("Generally, a jury waiver provision in a contract or lease affects only the rights of the parties to that contract or lease."). There are exceptions when a non-signatory may enforce a jury waiver, under "ordinary contract and agency principles," such as "a third-party beneficiary to the contract, a successor in interest to the contract, or an agent intended to benefit from the clause." *Paracor*, 96 F.3d at 1165-66; *see also Thomas v. Westport Homes, Inc.*, 2020 WL 1275237, at *4 (S.D. Ohio Mar. 17, 2020) (under certain circumstances, "[e]quitable estoppel permits a non-signatory to enforce a contract term against a signatory").

Defendants' motion glosses over the threshold question of who has standing to enforce the jury waiver. Without analysis, they suggest that TAES is a third-party beneficiary of the Guaranty. ECF No. 164 at PageID 4320. However, the following provision of the Guaranty disclaims any third-party beneficiaries: "No person other than the Owner, or such permitted assignees as described above, is intended as a beneficiary of this Guaranty nor shall any such person have any rights hereunder." ECF No. 1-3 at ¶ 6. This unambiguous language precludes Defendants' third-party beneficiary theory. *Cf. United States v. Travelers Cas. & Sur. Co. of Am.*, 2023 WL 5804293, at *5 (D. Md. Sept. 7, 2023) ("By identifying the beneficiaries of the jury waiver by their Miller Act roles – Clark's payment bond

sureties – McCorvey and Kirlin confirmed their intent to make the defendants beneficiaries of the provision.").

Defendants also argue that Plaintiffs should be equitably estopped from repudiating the jury waiver. "[E]quitable estoppel applies when a signatory to the contract relies on the terms of the contract to assert his claims against the non-signatory." *Thomas*, 2020 WL 1275237, at *4. This theory might apply if Plaintiffs were attempting to enforce the Guaranty against TAES, and at the same time were attempting to reject the Guaranty's jury waiver with respect to that claim. But Plaintiffs are not attempting to enforce the Guaranty against TAES; their claims against TAES arise out of the Contract, which does not contain a jury waiver. Moreover, the dispute resolution provision in the Contract provides that "either party may avail itself of *any process or means legally available to it* to resolve the dispute." ECF No. 1-1 at ¶ GC9, at PageID 74 (emphasis added). Equitable estoppel does not apply here.

Defendants argue that the broad language of the jury waiver, applying to "any agreement contemplated to be executed in conjunction herewith," encompasses any claims Plaintiffs may have under the Contract. ECF No. 1-3 at ¶ 7, PageID 173. This language, albeit broad, does not address *who* may enforce the waiver beyond Plaintiffs and Toshiba. Moreover, the argument that expansive

7

language alone is sufficient for a non-signatory to invoke a jury waiver has been rejected:

> The Court is not convinced that a broad jury waiver clause, standing alone, is enough to permit a non-signatory to enforce a waiver. Because "the right of a jury trial is fundamental, courts indulge every reasonable presumption against waiver." A pure linguistic approach would significantly expand the impact of jury waiver clauses. As the case law indicates, jury waivers are broadly worded and would support non-signatory enforcement more often than not. Whereas the agency exception creates a limited and predictable right of non-signatory enforcement, a pure linguistic approach would extend the impact of waiver clauses without a clear and identifiable stopping point. The Court concludes that such an expansion would be in conflict with the presumption against waiver of this right.

*Quinn Const., Inc. v. Skanska USA Bldg., Inc.*, 2010 WL 4909587, at *6 (E.D. Pa. Nov. 30, 2010) (citations omitted). The court finds this reasoning persuasive; absent a showing that they are a third-party beneficiary, an agent, or that equitable estoppel applies, TAES may not invoke the jury waiver as a non-signatory to the Guaranty.

Defendants also argue that the Guaranty is incorporated into the Contract and that they are essentially one agreement. The Contract requires TAES to deliver an executed Guaranty to the Owner. ECF No. 1-1 at ¶ GC26, PageID 88. The Guaranty, along with other exhibits, was attached to the Contract, "made a part of this Contract," and "expressly incorporated into this Contract by reference." ECF

No. 158-2 at ¶ 17, PageID 4162. Read together, however, the Guaranty and Contract do not support the proposition that TAES is bound by, or may enforce, the jury waiver. The language of the waiver expressly refers only to "the Guarantor" and "the Owner," not TAES. Further, the Contract and the Guaranty each have their own dispute resolution provisions. The Guaranty's jury waiver arguably conflicts with the Contract provision that "either party may avail itself of any process or means legally available to it to resolve the dispute." ECF No. 1-1 at ¶ GC9, at PageID 74. This militates against interpreting the jury waiver in the Guaranty to apply to disputes under the Contract.

In light of the differences in parties and dispute resolution procedures in the Guaranty and Contract, the "incorporation by reference" language is insufficient to establish that Plaintiffs waived their right to a jury trial with respect to their claims against TAES. "[C]ourts have been hesitant to enforce waivers found in one contract to a party in another contract, based solely on boilerplate incorporation language." *American Erectors, Inc. v. Art Iron, Inc.*, 2011 WL 13217105, at *4 (E.D. Mich. Jan. 27, 2011) (citing cases, including *Urban Outfitters, Inc. v. 166 Enterprise Corp.*, 136 F. Supp. 2d 273 (S.D.N.Y. 2001)). This is consistent with the Supreme Court's direction to "indulge every reasonable presumption against waiver." *Aetna,* 301 U.S. 389 at 393; *McKinstry v. Sergent*, 2012 WL 3731304, at *10 (E.D.

Ky. Aug. 28, 2012) (noting that when the "question was whether there was an applicable waiver at all," the court indulges "every reasonable presumption against waiver"). Under the facts of this case, the court cannot find that Plaintiffs clearly waived their fundamental right to a jury trial with respect to their claims against TAES under the Contract.

## IV. CONCLUSION

It is hereby **ORDERED** that Defendants' motion to strike jury demand (ECF No. 158) is **DENIED**.

**SO ORDERED.**

Dated: May 14, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge