UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

    Plaintiffs,

v.

    Case No. 22-10847

    Hon. F. Kay Behm

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

    Defendants.
_____/

## OPINION AND ORDER DENYING MOTION
## TO CERTIFY INTERLOCUTORY APPEAL

The parties dispute whether this case must be tried to a jury or the bench. Defendants contend that Plaintiffs waived their right to a jury trial in the contracts between the parties. The court ruled in Plaintiffs' favor, denying Defendants' motion to strike Plaintiffs' jury demand on May 14, 2025. Defendants seek leave to file an interlocutory appeal of the court's decision. ECF No. 243.

Generally, 28 U.S.C. § 1291 allows for appeals only from "final decisions of the district courts of the United States." However, pursuant to 28 U.S.C. § 1292(b), a district court may permit a party to file an appeal of

a non-final order if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The moving party bears the burden to show that each requirement of § 1292(b) is satisfied. *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)). The district court must then "expressly find in writing that all three § 1292(b) requirements are met. *Id.* (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). Interlocutory appeals are to be permitted "only in exceptional circumstances." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966) ("Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional circumstances where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.").

The court does not find that the requirements of § 1292(b) are met in this case. To begin, it is not clear that the appeal would involve a controlling question of law. "A legal issue is controlling if it could materially affect the

outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). Courts in this district have characterized this standard as a "low bar." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875-76 (E.D. Mich. 2012); *see also West Tennessee Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1018-19 (W.D. Tenn. 2000) ("[A]n issue could be controlling if its resolution on appeal 'could result in a reversal of a district court's final judgment,' 'has precedential value,' 'is central to liability,' 'or if it would save the Court and the litigants substantial time and resources.'") (citations omitted). Nonetheless, "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind." *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). "We think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . . ." *Id.*; *see also Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 724 (E.D. Mich. 2002) ("[T]he Court's interpretation of the insurance policy, although a question of law, is not a controlling question of law as contemplated by section 1292(b)."); *In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 91 (E.D.

Mich. 2022) ("Courts have consistently held that questions of contract interpretation cannot serve as a basis for interlocutory appeal.") (citing cases); *but see In re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D. Mich. 2006) (issue regarding right to a jury trial in the bankruptcy context was a controlling issue of law).

Here, whether Plaintiffs waived their right to a jury trial is a matter of contract interpretation, which many courts have held is not a controlling issue of law. Assuming the jury waiver presents a controlling issue of law, however, Defendants have not demonstrated that there is a substantial ground for difference of opinion regarding the court's ruling. A substantial ground for difference of opinion may exist where:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions;
> (2) the question is difficult and of first impression;
> (3) a difference of opinion exists within the controlling circuit; or
> (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d at 384 (citation omitted). This standard "requires more than mere disagreement with the district court's decision or an assertion that such decision was incorrect; rather, there must be genuine doubt as to the correct legal standard." *Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 330 (M.D. Tenn. 2021) (citation omitted); *see*

4

*also City of Dearborn v. Comcast of Michigan III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008) (a substantial difference of opinion requires "[s]erious doubt as to how an issue should be decided").

The question of whether Plaintiffs waived their right to a jury trial is not a particularly novel or difficult matter of first impression, and there is no split of authority regarding the applicable standard. *See* ECF No. 242; *cf. Hall v. Trivest Partners, L.P.*, No. 22-12743, 2024 WL 660172, at *4 (E.D. Mich. Feb. 16, 2024) (Behm, J.) (finding a substantial ground for difference of opinion given circuit split and district court split within the Sixth Circuit). The court interpreted the parties' agreements in light of ordinary contract principles and the Supreme Court's direction to "indulge every reasonable presumption against waiver." ECF No. 242 (citing *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)). Defendants have not identified genuine doubt as to the correct legal standard; rather, they disagree with the court's interpretation of the contract. "But interlocutory orders are not appealable 'on the mere ground that they may be erroneous.'" *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378 (1981) (citation omitted); *see also Weber v. United States*, 484 F.3d 154, 159 & n.3 (2d Cir. 2007) (in enacting § 1292(b) Congress "sought to assure the prompt resolution of knotty legal problems," but "Congress did not intend 28 U.S.C. § 1292(b) to

serve an error-correction function."); *Couch*, 611 F.3d at 633 ("That settled law might be applied differently does not establish a substantial ground for difference of opinion.").

The court further finds that an immediate appeal would not "materially advance the ultimate termination of the litigation." "An interlocutory appeal materially advances the litigation when it 'save[s] judicial resources and litigant expense.'" *Newsome*, 873 F. Supp.2d at 878 (quoting *West Tenn.*, 138 F.Supp.2d at 1026); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (stating the third element is met when "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation"); *Jamoua v. Michigan Farm Bureau*, No. 20-10206, 2022 WL 1459563, at *4 (E.D. Mich. May 9, 2022) (when "a trial is likely even after an interlocutory appeal," the appeal "only consumes more resources and adds expense"). An interlocutory appeal is favored "early in the proceedings," "where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens. . . . In contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made." *West Tenn.*, 138 F. Supp.2d at 1026.

In this case, which was filed in 2022, the court has ruled on

6

Defendants' motion for summary judgment and trial is scheduled for October. An interlocutory appeal on the issue of jury waiver would only serve to add expense and delay resolution of this already-protracted litigation. Regardless of whether Plaintiffs are entitled to a jury, this case is going to trial. Should the Sixth Circuit ultimately disagree with the court's decision on the jury waiver issue, a new trial will not be necessary. Rather, the court, who will have heard the evidence along with the jury, is capable of issuing findings of fact and conclusions of law on the jury trial record on remand. *See Dombeck v. Milwaukee Valve Co.*, 40 F.3d 230, 237 (7th Cir. 1994) (holding that when a case is mistakenly submitted to a jury, "a new trial is not necessarily required. Instead, the case need only be remanded for factfinding by the judge independent of the jury's verdict."); *McKinstry v. Sergent*, 2012 WL 3731304, at *10 (E.D. Ky. Aug. 28, 2012) (noting that if Sixth Circuit disagrees with jury waiver decision "a new trial would not be necessary" and the Sixth Circuit would remand for the issuance of "factual findings and legal conclusions based on the jury-trial record"); *In re Nat'l Prescription Opiate Litig.*, 2019 WL 4621690, at *5 (N.D. Ohio Sept. 24, 2019) (same).

Accordingly, it is **ORDERED** that Defendants' motion to certify appeal pursuant to 28 U.S.C. § 1292(b) (ECF No. 243) is **DENIED.**

**SO ORDERED.**

Dated: August 6, 2025
                                        s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge