IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY COMPANY
and DTE ELECTRIC COMPANY,

     Plaintiffs/Counter-Defendants,

     v.

TOSHIBA AMERICA ENERGY
SYSTEMS CORPORATION and
TOSHIBA CORPORATION,

     Defendants/Counter-Plaintiffs.

Case No: 4:22-cv-10847

Hon. F. Kay Behm

Mag. Judge Curtis Ivy, Jr.

**Oral Argument Requested**

**TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION AND
TOSHIBA CORPORATION'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE SUGGESTING THAT THE
OUTCOME OF THIS LITIGATION MAY AFFECT RATES
PAID BY THE PLAINTFFS' CUSTOMERS**

Defendants Toshiba America Energy Systems Corporation ("TAES") and

Toshiba Corporation respectfully move for an order *in limine* to exclude any

evidence suggesting that the outcome of this litigation may affect rates paid by the

Plaintiffs' customers. In support of this Motion, TAES and Toshiba rely on the facts,

legal argument, and authorities set forth in their accompanying Brief.

Prior to filing this Motion, counsel for TAES and Toshiba conferred with

counsel for Plaintiffs on August 12, 2025 and August 14, 2025, pursuant to

L.R. 7.1(a)(1), and explained the nature and legal basis of this Motion. TAES and

Toshiba requested but did not obtain concurrence in their motion, which Plaintiffs

indicated they were still considering as of the date of filing.

Dated: August 15, 2025

Respectfully submitted,

**WHITE & CASE**

By:  */s/ Christopher M. Curran*
     Christopher M. Curran

**FOLEY & LARDNER LLP**

Nicholas J. Ellis (P73174)
500 Woodward Avenue, Suite 2700
Detroit, MI  48226-3489
(313) 234-7100
nellis@foley.com

Jennifer M. Luther
150 East Gilman Street, Suite 5000
Madison, WI  53703
(608) 258-4215
jluther@foley.com

Christopher M. Curran
Eric Grannon
J. Frank Hogue
Holly Tao
701 Thirteenth Street, NW
Washington, DC  20005
(202) 626-3600
ccurran@whitecase.com
egrannon@whitecase.com
fhogue@whitecase.com
holly.tao@whitecase.com

*Attorneys for Toshiba America
Energy Systems Corporation and
Toshiba Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY,<br><br>    Plaintiffs/Counter-Defendants,<br><br>    v.<br><br>TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION,<br><br>    Defendants/Counter-Plaintiffs. | Case No: 4:22-cv-10847<br><br>Hon. F. Kay Behm<br><br>Mag. Judge Curtis Ivy, Jr.<br><br>**Oral Argument Requested** |

**TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION AND
TOSHIBA CORPORATION'S BRIEF IN SUPPORT OF
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
SUGGESTING THAT THE OUTCOME OF THIS LITIGATION
MAY AFFECT RATES PAID BY THE PLAINTIFFS' CUSTOMERS**

## **QUESTION PRESENTED**

1. Whether the Court should exclude evidence suggesting that the outcome of this litigation may affect rates paid by the Plaintiffs' customers.

Defendants:      Yes.

Plaintiffs:       In the pre-motion conferrals, Plaintiffs' counsel stated that they did not concur in the Motion as of the date of filing.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

FED. R. EVID. 401

FED. R. EVID. 402

FED. R. EVID. 403

*Uselmann v. Pop*,
    No. 19-13652, 2025 WL 900056 (E.D. Mich. Mar. 25, 2025)

*Aetna, Inc. v. Blue Cross Blue Shield of Michigan*,
    No. 11-15346, 2015 WL 1646464 (E.D. Mich. Apr. 14, 2015)

# TABLE OF CONTENTS

LEGAL STANDARD........................................................................................... 2

ARGUMENT ......................................................................................................3

    Plaintiffs Should be Precluded from Improper References to Adverse
    Financial Impacts on Customers Resulting from a Judgment or
    Appealing to the Pecuniary Interests of Jurors............................................3

CONCLUSION ...................................................................................................6

iv

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aetna, Inc. v. Blue Cross Blue Shield of Mich.*,
No. 11-15346, 2015 WL 1646464 (E.D. Mich. Apr. 14, 2015) ......................3, 4

*Barry v. Shell Oil Co.*,
No. 15-00004, 2018 WL 2327369 (D. Alaska May 22, 2018) .............................5

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
No. 13-01112, 2015 WL 11089489 (E.D. Tex. Aug. 24, 2015) ...........................5

*Freedom's Path at Dayton v. Dayton Metro. Housing Auth.*,
605 F.Supp.3d 1042 (S.D. Ohio 2022) ............................................................. 3, 4

*Hubble v. State Farm Fire and Cas. Co.*,
No. 21-00341, 2022 WL 3050020 (N.D. Okla. Aug. 2, 2022) .............................5

*Logan v. Westfield Ins. Co.*,
No. 17-00029, 2020 WL 412207 (W.D. La. Jan. 24, 2020) .................................5

*Louzon v. Ford Motor Co.*,
718 F.3d 556 (6th Cir. 2013) .................................................................................2

*McMahan v. Emerson Elec. Co.*,
No. 21-00022, 2021 WL 9593566 (D.N.D. Apr. 13, 2021) .................................5

*United States v. Trutenko*,
490 F.2d 678 (7th Cir. 1973) .................................................................................3

*Uselmann v. Pop*,
No. 19-13652, 2025 WL 900056 (E.D. Mich. Mar. 25, 2025) .............................2

*Zenon v. Home Depot USA, Inc.*,
No. 22-00642, 2023 WL 5120929 (W.D. La. Aug. 9, 2023) ...............................4

## RULES

Fed. R. Evid. 401 ...................................................................................................3, 6

Fed. R. Evid. 402 ...................................................................................................3, 6

Fed. R. Evid. 403 .....................................................................................................3, 6

## MISCELLANEOUS

*In the Matter of the ex parte Application of Consumers Energy Company and DTE*
  *Electric Company for Cost Deferral Accounting and a Regulatory Asset for the*
  *Costs to Restore Defective Work Performed by Toshiba on the Ludington*
  *Pumped Storage Plant*,
  No. U-21310-0001 (Mich. Pub. Serv. Comm'n Nov. 4, 2022)............................1

*In the Matter of the ex parte Application of Consumers Energy Company and DTE*
  *Electric Company for Cost Deferral Accounting and a Regulatory Asset for the*
  *Costs to Restore Defective Work Performed by Toshiba on the Ludington*
  *Pumped Storage Plant*,
  No. U-21310-0010 (Mich. Pub. Serv. Comm'n May 18, 2023) ..........................1

Plaintiffs are utilities that collectively serve about 90% of electricity customers in Michigan. (*See* Compl. ¶¶ 8, 10, ECF No. 1, PageID.4). Those customers have a direct financial interest in minimizing what they pay for electricity. And those customers will reasonably perceive that a verdict against TAES and Toshiba and in favor of CEC and DTE will minimize what they as customers pay.

Indeed, as a matter of public record — available to anyone with access to Google — CEC has already applied to the Michigan Public Service Commission for a rate increase due to possible costs associated with what it says are necessary repair costs at Ludington. *See* Application, *In the Matter of the ex parte Application of Consumers Energy Company and DTE Electric Company for Cost Deferral Accounting and a Regulatory Asset for the Costs to Restore Defective Work Performed by Toshiba on the Ludington Pumped Storage Plant*, No. U-21310, at 9-10 (Mich. Pub. Serv. Comm'n Nov. 4, 2022) (U-21310-0001) (available at https://mi-psc.my.site.com/sfc/servlet.shepherd/version/download/0688y000004uu fvAAA).

Addressing that application, the MPSC has stated that "[r]ecovery of reasonable and prudent costs . . . will be considered in future rate case proceedings . . . ." Mich. Pub. Serv. Comm'n Order, *In the Matter of the ex parte Application of Consumers Energy Company and DTE Electric Company for Cost Deferral Accounting and a Regulatory Asset for the Costs to Restore Defective Work*

*Performed by Toshiba on the Ludington Pumped Storage Plant*, No. U-21310, at 4 (Mich. Pub. Serv. Comm'n May 18, 2023) (U-21310-0010) (available at https://mi-psc.my.site.com/sfc/servlet.shepherd/version/download/0688y000007qwHyAAI).

At trial, Plaintiffs may directly or indirectly attempt to introduce into evidence or solicit testimony that the rates that Plaintiffs charge their customers may be affected by the outcome of this litigation. Plaintiffs may suggest that a verdict in Plaintiffs' favor would reduce their customers' utility rates (or even support a rebate) or avoid a potential increase in rates. Alternatively, Plaintiffs may suggest that a verdict in TAES and Toshiba's favor would increase their customers' utility rates as Plaintiffs would recover the costs of any repairs through utility rate increases.

Such evidence and arguments are irrelevant to Plaintiffs' claims, unfairly prejudicial to TAES and Toshiba, and improper under applicable law. Plaintiffs should be precluded from introducing such evidence at trial. Defendants raise these issues now because once such statements and arguments are made, it will be all but impossible to cure the resulting prejudice to Defendants, absent a new trial.

## LEGAL STANDARD

This Court has broad discretion to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Uselmann v. Pop*, 2025 WL 900056, at *1 (E.D. Mich. Mar. 25, 2025). A motion *in limine* serves this purpose by allowing the

court "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013).

## ARGUMENT

### Plaintiffs Should be Precluded from Improper References to Adverse Financial Impacts on Customers Resulting from a Judgment or Appealing to the Pecuniary Interests of Jurors.

Appeals to the pecuniary interests of jurors are improper under Federal Rules of Evidence 401, 402, and 403, as such appeals would only serve to "elicit juror sympathy" and to "encourage the jury" to decide in favor of their pocketbooks. *See Freedom's Path at Dayton v. Dayton Metro. Housing Auth.*, 605 F. Supp. 3d 1042, 1049-50 (S.D. Ohio 2022); *Aetna, Inc. v. Blue Cross Blue Shield of Mich.*, 2015 WL 1646464, at *8-9 (E.D. Mich. Apr. 14, 2015) (granting motion *in limine* to preclude references to defendant insurer's mutual ownership status, which plaintiff contended would appeal to the jury's self-interests and defendant admitted policy holders would "bear the financial brunt of the judgment"); *United States v. Trutenko*, 490 F.2d 678, 679 (7th Cir. 1973) ("Since pecuniary interest would necessarily disqualify a prospective juror from service, it is patently improper to make an appeal to that interest . . . .") (internal citations omitted).  Such appeals are especially improper here.  One, because they are not relevant to Plaintiffs' breach-of-contract claims under Rules 401 and 402. And two, because any conceivable probative value would be substantially outweighed by the risk of unfair prejudice under Rule 403.

In *Freedom's Path*, the court found a need to preclude such evidence moot because, "[g]iven the territory from which the jury pool is drawn," "few, if any, jurors [were] likely to be residents of the city of Dayton" and the defendant had "no intention of arguing to the jury that its own dollars are at stake." 605 F. Supp. 3d, at 1050. Here, however, 90% of the Michigan electricity customers make a recurring payment to one of the Plaintiffs. As such, the facts are much closer to — and in fact even more pronounced than — those in *Aetna*, where the defendant controlled approximately 60-70% of the commercial health insurance market in Michigan, making it "almost certain" that jurors, or "at the very least some of their family members, friends, or co-workers," would be policyholders of the defendant insurer. *Aetna*, 2015 WL 1646464 at \*9. Unless the Court broadly excludes ratepayers from the jury (as requested by TAES and Toshiba in another motion *in limine*) few jurors are likely to *not* be ratepayers of Plaintiffs, and thus few jurors are likely to *not* have their own dollars at stake. Furthermore, as mentioned above, the Plaintiffs already have announced on the public record (through the Michigan Public Service Commission) their request to increase customer rates pending the outcome of this litigation.

Other courts have similarly excluded references to potential adverse financial impacts on jurors and appeals to their pecuniary interests. *See Zenon v. Home Depot USA, Inc.*, 2023 WL 5120929, at \*2 (W.D. La. Aug. 9, 2023) (granting motions *in*

- 4 -

*limine* regarding adverse financial impact of verdict upon jurors and adverse effects of judgment on insurance premiums and noting lack of objection from defendant); *Hubble v. State Farm Fire and Cas. Co.*, 2022 WL 3050020, at \*9 (N.D. Okla. Aug. 2, 2022) (precluding insurance company from making specific arguments that paying plaintiffs' claim will generally increase insurance premiums); *McMahan v. Emerson Elec. Co.*, 2021 WL 9593566, at \*3 (D.N.D. Apr. 13, 2021) (granting motion *in limine* to exclude evidence tending to suggest jurors could be damaged or financially hurt by an adverse judgment against defendant electric company); *Logan v. Westfield Ins. Co.*, 2020 WL 412207, at \*8 (W.D. La. Jan. 24, 2020) (excluding any comments from either party suggesting an adverse financial impact of a verdict upon jurors or mention of adverse effects of a judgment on insurance premiums as irrelevant and aimed at "impassioning and inflaming the jury."); *Barry v. Shell Oil Co.*, 2018 WL 2327369, at \*3 (D. Alaska May 22, 2018) (finding that evidence showing how the outcome of the litigation might affect insurance premiums is irrelevant under Rule 401); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, 2015 WL 11089489, at \*2 (E.D. Tex. Aug. 24, 2015) (precluding evidence or argument on the possible consequences of a verdict in any parties' favor, including that a verdict would result in customers paying more for devices or the economy being negatively impacted).

## CONCLUSION

For the foregoing reasons, under Rules 401, 402, and 403 of the Federal Rules

of Evidence, the Court should exclude evidence (and argument) indicating that the

outcome of this litigation may affect rates paid by Plaintiffs' customers.

Dated: August 15, 2025

Respectfully submitted,

**WHITE & CASE**

By: *    /s/ Christopher M. Curran    *
    Christopher M. Curran

**FOLEY & LARDNER LLP**

Nicholas J. Ellis (P73174)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7100
nellis@foley.com

Jennifer M. Luther
150 East Gilman Street, Suite 5000
Madison, WI 53703
(608) 258-4215
jluther@foley.com

Christopher M. Curran
Eric Grannon
J. Frank Hogue
Holly Tao
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600
ccurran@whitecase.com
egrannon@whitecase.com
fhogue@whitecase.com
holly.tao@whitecase.com

*Attorneys for Toshiba America*
*Energy Systems Corporation and*
*Toshiba Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 15, 2025, I filed the foregoing document and this Certificate of Service with the Court using the ECF system, which sent notice of filing to all attorneys of record.

*/s/ Christopher M. Curran*

Christopher M. Curran