IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 4:22-cv-10847<br>)<br>) Judge F. Kay Behm<br>) |
| v. | ) Mag. Judge Curtis Ivy, Jr.<br>) |
| TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION, | )<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' MOTION IN LIMINE NO. 1 REGARDING IRRELEVANT AND PREJUDICIAL ALLEGATIONS**

Plaintiffs Consumers Energy Company and DTE Electric Company (the "Utilities") move pursuant to Federal Rules of Evidence 401, 402, and 403 and for the reasons set forth in the accompanying brief, to exclude all arguments, commentary, questions, and evidence regarding the following subjects, which are irrelevant to the issues to be tried and prejudicial: (a) allegations that the Utilities have harmed the environment; (b) allegations concerning the Utilities' relations with political leaders or officials or political controversies; and (c) allegations concerning the past quality or reliability of the Utilities' electric and gas services or other unrelated business practices.

The undersigned counsel certifies that counsel (Daniel Weiss) personally spoke to opposing counsel about the motion on August 12, 2025. Counsel explained the nature of the relief to be sought by way of this motion and requested but did not obtain concurrence.

Respectfully submitted,

CONSUMERS ENERGY COMPANY
and DTE ELECTRIC COMPANY

Dated: August 15, 2025           By:  /s/ *Terri L. Mascherin*
                                      One of Their Attorneys

| | |
|---|---|
| Terri L. Mascherin | Patrick G. Seyferth |
| tmascherin@jenner.com | seyferth@bsplaw.com |
| Daniel J. Weiss | Derek J. Linkous |
| dweiss@jenner.com | linkous@bsplaw.com |
| Christopher Tompkins | BUSH SEYFERTH PLLC |
| ctompkins@jenner.com | 100 West Big Beaver Road |
| JENNER & BLOCK LLP | Suite 400 |
| 353 N. Clark Street | Troy, Michigan 48084 |
| Chicago, Illinois 60654 | (242) 822-7800 |
| (312) 222-9350 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION,<br><br>Defendants. | Case No. 4:22-cv-10847<br><br>Judge F. Kay Behm<br><br>Mag. Judge Curtis Ivy, Jr. |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 1
REGARDING IRRELEVANT AND PREJUDICIAL ALLEGATIONS**

# **TABLE OF CONTENTS**

Introduction ...................................................................................................................1

Legal Standard .............................................................................................................2

Argument......................................................................................................................2

      A.     The Court Should Exclude All Arguments, Commentary, Questioning, And Evidence Concerning Alleged Environmental Harm. ..................................................................................................3

      B.     The Court Should Exclude All Arguments, Commentary, Questioning, And Evidence Concerning Political And Governmental Relations Or Political Controversies. ............................5

      C.     The Court Should Exclude All Arguments, Commentary, Questioning, And Evidence Concerning Alleged Service Unreliability And Other Business Practices...........................................7

Conclusion ...................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blakemore v. Morrison*,
  No. 20-10248, 2022 WL 1447689 (E.D. Mich. Apr. 6, 2022) ............................. 4

*Brown v. Weber*,
  No. 1:11-CV-01390, 2014 WL 11531797 (W.D. Tenn. July 11, 2014) ............................................................................................................... 5

*Hendrian v. Safety-Kleen Sys., Inc.*,
  No. 08-14371, 2014 WL 117315 (E.D. Mich. Jan. 13, 2014) .............................. 5

*L.V. Nagle & Assocs., Inc. v. Tubular Steel, Inc.*,
  662 F. Supp. 3d 769 (E.D. Mich. 2023) ......................................................... 4, 9

*United States v. Wagner*,
  382 F.3d 598 (6th Cir. 2004) .............................................................................. 2

**Other Authorities**

Fed. R. Evid. 401 ............................................................................... 2, 6, 7, 8

Fed. R. Evid. 402 ............................................................................... *passim*

Fed. R. Evid. 403 ............................................................................... *passim*

Fed. R. Evid. 801 ............................................................................... 4, 6, 8

Fed. R. Evid. 802 ............................................................................... 4, 6, 8

## QUESTION PRESENTED

Should the Court exclude all arguments, commentary, questions, and evidence regarding the following subjects, which are irrelevant to the issues to be tried and prejudicial: (a) allegations that Plaintiffs have harmed the environment; (b) allegations concerning Plaintiffs' relations with government officials or political controversies; and (c) allegations concerning the past quality or reliability of Plaintiffs' electric and gas services.

Plaintiffs:   Yes.

Defendants: No.

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

- Fed. R. Evid. 402

- Fed. R. Evid. 403

**Introduction**

Plaintiffs (the "Michigan Utilities" or "Utilities") respectfully submit this motion pursuant to Federal Rules of Evidence 402 and 403 to exclude all argument, commentary, questioning, and evidence concerning the following subjects, which are irrelevant and threaten prejudice and distraction at trial:

(a) allegations that the Utilities have harmed the environment;

(b) allegations concerning the Utilities' relations with government officials or political controversies; and

(c) allegations concerning the past quality or reliability of the Utilities' electric and gas services or other unrelated business practices.

Each subject has no bearing on whether Defendant Toshiba America Energy Systems Corporation ("TAES") breached its contact with the Utilities regarding the overhaul of the Ludington Plant. Any arguable relevance would be outweighed by prejudice, a confusion of the issues, and a waste of trial time on disputes far removed from the parties' claims and defenses.

Defendants (collectively, "Toshiba") have nonetheless made clear that they intend to attack the Utilities on these irrelevant topics, apparently hoping to distract from TAES's breaches of contract. Toshiba spent hours during a deposition of a Consumers Energy employee asking about alleged coal pollution, fish deaths, and the reliability of the Utilities' electricity services. And on its trial exhibit list, Toshiba has listed dozens of news articles, blog posts, and similar materials

1

criticizing the Utilities for alleged environmental harms, political contributions, and service reliability issues. These materials and lines of argument and questioning (all of which are disputed) have nothing to do with Toshiba's contractual performance or the cost to remedy Toshiba's breaches. Each topic would be a prejudicial diversion from the facts that will prove or disprove the parties' claims and defenses. The Court should exclude each topic pursuant to Rules 401, 402, and 403.

## **Legal Standard**

Under the Federal Rules of Evidence, irrelevant evidence—*i.e.*, evidence that does not have any tendency to make a fact of consequence "more or less probable"—is inadmissible. Fed. R. Evid. 401, 402. Even if evidence is relevant, it may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice or a confusion of the issues at trial. Fed. R. Evid. 403. The Court has "[b]road discretion" to determine admissibility "based on considerations of relevance and prejudice." *United States v. Wagner*, 382 F.3d 598, 616 (6th Cir. 2004) (citation omitted).

## **Argument**

As the Court knows, this case concerns defective work Toshiba performed during its overhaul of the Ludington Plant. (Compl., ECF No. 1, PageID.1-2 (¶¶ 1-3).) The upcoming jury trial will concern the Utilities' breach-of-contract claims against TAES and TAES's breach-of-contract counterclaim. The elements of those

2

claims are simply that: (1) there was a contract between the parties; (2) a party breached it; and (3) the other party suffered damages as a result of the breach. M CIV JI 142.01.

Despite that straightforward legal framework, Toshiba has made clear it will try to inject into the trial irrelevant and disputed attacks on the Utilities. Each should be excluded, as follows.

**A.    The Court Should Exclude All Arguments, Commentary, Questioning, And Evidence Concerning Alleged Environmental Harm.**

The Court should exclude the topic of alleged environmental harm. Toshiba has made clear that it intends to pursue this topic at trial. For example, at a deposition of a Consumers Energy employee and expert witness (Sara Walz, at that time Director of Electric Supply Planning) in January 2025, Toshiba's counsel repeatedly asked questions about alleged pollution or environmental harm—topics entirely unrelated to Ms. Walz's reports or Toshiba's breaches of contract. Toshiba's questions on this topic included, but were not limited to:

- "Are you aware that there are reports that [a DTE-owned facility] generates more coal []ash than any other facility in the state of Michigan?" (ECF 215-7, PageID.18478 (24:1-3).)

- "Consumers and DTE are the largest -- or over the course of your employment, have been the largest owners and operators of coal-fueled facilities in the state of Michigan, correct?" (*Id.* (24:13-16).)

- "Are you aware of whether fish continue to be sucked in and many of them killed to this day at Ludington?" (*Id.* at PageID.18514 (60:19-20).)

3

Continuing with that theme, Toshiba has included on its exhibit list news articles, blog posts, political advocacy statements, and similar third-party materials criticizing the Utilities in relation to the environment. For example, the following items are on Toshiba's exhibit list:

- *DTE Energy Added to Federal Lawsuit Over Excessive Pollution Emissions on Zug Island*, Detroit Metro Times (May 22, 2024);

- *60 Years of Coal Ash Will Get New Life After Michigan Power Plant Shuts Down*, MLive (Jan. 8, 2025); and

- Erica Bertram & Alexis Blizman, *Consumers Energy Receives Poor Grades from Advocates on Planned Gas Investments*, Ecology Center.

Those items, and counsel's related questions to Ms. Walz, have no relevance in this breach-of-contract case. Each of the articles is inadmissible hearsay under Rules 801 and 802. More broadly, the topic of alleged past environmental harm does not make any fact of consequence in this case more or less probable. Instead, the topic is "entirely separate from whether [Toshiba] contracted with [the Utilities], breached the contract, and caused damage to [the Utilities]." *L.V. Nagle & Assocs., Inc. v. Tubular Steel, Inc.*, 662 F. Supp. 3d 769, 772 (E.D. Mich. 2023). Exclusion is therefore appropriate. Fed. R. Evid. 402; *Blakemore v. Morrison*, No. 20-10248, 2022 WL 1447689, at *2 (E.D. Mich. Apr. 6, 2022) (evidence that is "irrelevant to any of the issues the jury must decide . . . must be excluded from trial").

Even if evidence regarding alleged past environmental harm had some probative value in relation to the parties' contract claims (it does not), that value

4

would be substantially outweighed by its prejudicial effect. *See, e.g.*, *Brown v. Weber*, No. 1:11-CV-01390, 2014 WL 11531797, at *1 (W.D. Tenn. July 11, 2014) (evidence with "suspect" relevance and "high" prejudicial impact "must be excluded under Rule 403"); *Hendrian v. Safety-Kleen Sys., Inc.*, No. 08-14371, 2014 WL 117315, at *9 (E.D. Mich. Jan. 13, 2014) (excluding phrase "hazardous waste" as "highly prejudicial").

Injecting a dispute about the Utilities' environmental records into the trial would also confuse the issues at trial, divert trial time and resources to irrelevant matters, and create a minitrial regarding a subject that bears no relation to the parties' claims and defenses. Fed. R. Evid. 403; *Brown*, 2014 WL 11531797, at *1 (barring evidence that would "inevitably" lead to minitrial on irrelevant and prejudicial topic). For each reason, the Court should exclude the topic.

**B.     The Court Should Exclude All Arguments, Commentary, Questioning, And Evidence Concerning Political And Governmental Relations Or Political Controversies.**

Toshiba has also included on its trial exhibit list multiple articles, blog posts, political writings, and similar materials concerning allegations related to the Utilities' political and governmental relations, such as with respect to campaign contributions. Examples from Toshiba's exhibit list include:

- Paul Egan, *'Outrageous': DTE, Consumers Enjoy Close Relationship with State Panel that Regulates Them*, Detroit Free Press (Nov. 21, 2023);

5

- Brian Allnutt, *Michigan AG Wants to Shed Light on DTE, Consumers Political Spending,* Plant Detroit (Feb. 22, 2023); and

- Michigan League of Conservation Voters, *Detroit News Exposes DTE, Consumers for Propping Up Status Quo, Funding 96% of Michigan Legislature* (Aug. 30, 2021)

As above, these types of materials are plainly inadmissible hearsay. Fed. R. Evid. 801(c), 802. But even beyond that objection, the subject of campaign contributions and similar has nothing to do with whether Toshiba performed its contractual obligations or the Utilities' damages and is therefore irrelevant. Fed. R. Evid. 401. Any alleged probative value is greatly outweighed by the risk of prejudice, a confusion of the issues for trial, and a waste of trial time. Fed. R. Evid. 403. The Court should exclude the subject of the Utilities' governmental or political relations.

As a related matter, there is presently a political controversy involving the closure of the J.H. Campbell powerplant operated by Consumers Energy in West Olive, Michigan. Consumers Energy planned to close the plant in 2025, but, in May 2025, the Department of Energy ordered the plant to remain open. There is presently a lawsuit filed by the Michigan Attorney General challenging the Department of Energy's order. This state/federal controversy, along with its political aspect, likewise has no bearing on the breach-of-contract claims in this matter and risks unfair prejudice and a confusion of the issues at trial. This topic should also be excluded under Rules 401, 402, and 403.

### C. The Court Should Exclude All Arguments, Commentary, Questioning, And Evidence Concerning Alleged Past Service Unreliability And Other Business Practices.

Toshiba also apparently plans to criticize the past reliability of the Utilities' electrical service, another irrelevant and prejudicial line of attack. Toshiba pursued this topic in Ms. Walz's deposition, asking, for example:

- "[I]s it your understanding that Michigan's electric utilities are less reliable than the national averages?" (ECF 215-7, PageID.18624 (170:2-3).)

- "I'm aware of press reports in Michigan that say that the utilities, electric utilities in Michigan, charge at the high end of national rates and have low or inadequate reliability. Do you agree with those reports?" (*Id.* (170:14-18).)

Toshiba's trial exhibit list likewise contains articles and political writings about alleged unreliable service, including:

- Marita Ky et al., *Consumers Energy: Don't Count on Us,* University of Michigan Science, Technology, and Public Policy (2023); and

- Beth LeBlanc, *Lawmakers Slam 'New Normal' of DTE, Consumers Outages in Hours-Long Hearing*, The Detroit News (Mar. 15, 2023)

Toshiba has also included on its exhibit list political writings criticizing alleged business practices by the Utilities, such as billing practices, financial management, and alleged monopolization, such as:

- Sarah Alvarez, *DTE Energy Facing Oversight of 'Hardship-Inducing' Debt Collection Practices*, ProPublica (Dec. 26, 2023); and

- Tom Perkins, *DTE and Consumers Energy are Broke and Dangerous. Is It Time for Publicly Owned Utilities?*, Detroit Metro Times (Nov. 13, 2019).

7

Once again, these materials are obviously inadmissible, including because they are hearsay. Fed. R. Evid. 801, 802. Beyond the articles themselves, Toshiba should not be permitted to inject allegations about past service reliability or generalized business practices criticisms into a case about whether Toshiba performed its contractual obligations. The subject matter is not relevant and risks prejudice, a confusion of the issues, and a waste of the parties' and the jurors' time and resources. Fed. R. Evid. 401, 403.

## Conclusion

The Michigan Utilities respectfully request that the Court exclude all evidence, commentary, questioning, and testimony concerning (a) allegations that the Utilities harm or have harmed the environment; (b) allegations concerning the Utilities' relations with political leaders or officials or political controversies; and (c) allegations concerning the past quality or reliability of the Utilities' electric and gas services or other unrelated business practices.

CONSUMERS ENERGY COMPANY
and DTE ELECTRIC COMPANY

Dated: August 15, 2025       By: /s/ *Terri L. Mascherin*

One of Their Attorneys

| | |
|---|---|
| Terri L. Mascherin | Patrick G. Seyferth |
| tmascherin@jenner.com | seyferth@bsplaw.com |
| Daniel J. Weiss | Derek J. Linkous |
| dweiss@jenner.com | linkous@bsplaw.com |
| Christopher Tompkins | BUSH SEYFERTH PLLC |
| ctompkins@jenner.com | 100 West Big Beaver Road |
| JENNER & BLOCK LLP | Suite 400 |
| 353 N. Clark Street | Troy, Michigan 48084 |
| Chicago, Illinois 60654 | (242) 822-7800 |
| (312) 222-9350 | |

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on August 15, 2025, I caused a true and correct copy of the foregoing *Plaintiffs' Brief In Support Of Motion In Limine No. 1 Regarding Irrelevant And Prejudicial Allegations* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

                                                  /s/ *Terri L. Mascherin*
                                                  Attorney for Plaintiffs