IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY, | ) ) ) | |
| | ) | Case No. 4:22-cv-10847 |
| *Plaintiffs*, | ) ) | Judge F. Kay Behm |
| *v.* | ) ) | Mag. Judge Curtis Ivy, Jr. |
| | ) | |
| TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION, | ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

**JOINT FINAL PRETRIAL ORDER**

August 15, 2025

# **TABLE OF CONTENTS**

1.   Jurisdiction ...........................................................................................1

2.   Plaintiffs' Claims.................................................................................1

3.   Defendants' Defenses and Counterclaims.........................................3

4.   Stipulation Of Facts ............................................................................5

5.   Issues Of Fact To Be Litigated...........................................................8

6.   Issues Of Law To Be Litigated ..........................................................9

7.   Evidence Problems Likely To Arise At Trial ..................................10

8.   Witnesses .............................................................................................13

   A.   Plaintiffs.......................................................................................13

   B.   Defendants ...................................................................................15

9.   Exhibits.................................................................................................18

10.   Damages................................................................................................19

11.   Trial ......................................................................................................20

12.   Settlement ...........................................................................................21

1. **Jurisdiction**

The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiffs and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. No party contests the Court's jurisdiction.

2. **Plaintiffs' Claims**

Plaintiffs Consumers Energy Company and DTE Electric Company (the "Utilities") are Michigan-based public utilities that jointly own the Ludington Pumped Storage Plant, a hydroelectric plant located in Ludington, Michigan. The Utilities paid defendant Toshiba America Energy Systems Corporation ("TAES") hundreds of millions of dollars to overhaul and upgrade the Plant. Under the parties' 2010 contract for the overhaul work (as amended, the "Contract"), TAES promised, among other things, to provide work that would be free of defects and that would enable the Plant to have a 30-year service life with only minimal routine maintenance. Defendant Toshiba Corporation guaranteed TAES's performance under the Contract.

The Utilities allege that TAES breached the Contract in multiple respects, damaging the Utilities. The Utilities have alleged three claims of breach of contract against TAES:

**Count I.** TAES breached the Contract by delivering defective, nonconforming, and incomplete work, in violation of the Contract's terms. TAES

performed defective work that has affected key components of the Plant such as the seal passage design, the discharge rings ("DRs"), discharge ring extensions ("DREs"), main shaft seals, motor-operated disconnect switches ("MOD switches"), and other Plant components identified in non-conformance reports and correspondence between the parties.   These defects have interfered with the operation of the Ludington Plant.

**Count II.**   TAES breached the Contract by failing to repair or replace defective components and work, as it promised to do.   For multiple years after discovery of TAES's defective work, TAES and Toshiba refused to provide permanent repairs, engaged in trial-and-error temporary fixes that made things worse, and downplayed or ignored the severity of the problems.

**Count III.**   TAES breached the Contract by failing to perform timely work with respect to Units 1, 3, and 6.   TAES completed every single unit late.

In addition, the Utilities have alleged **Count IV** against Toshiba Corporation. In Count IV, the Utilities allege that Toshiba Corporation breached its guaranty by failing to take necessary steps to achieve performance in full of the Contract and by failing to indemnify the Utilities for losses they suffered as a result of TAES's breaches.   Toshiba Corporation is liable for all damages the Utilities incurred as a result of TAES's breaches of the Contract, all damages the Utilities incurred as a result of Toshiba Corporation's breaches of its guaranty, and all litigation costs

2

(including attorneys' fees) the Utilities have incurred to enforce their contractual rights.

On January 23, 2025 (ECF No. 171), the Court ruled that the issue of liability for litigation expenses under the parent guaranty will be heard in a bifurcated bench trial, following the trial on the claims against TAES.  Related discovery and expert disclosures are also bifurcated.  (*Id.*)

TAES and Toshiba dispute the Utilities foregoing statement of claims.

## 3.   Defendants' Defenses and Counterclaims

TAES and Toshiba deny breaching their contractual obligations in any way and assert counterclaims for sums they are due for work completed under the Contract.  TAES and Toshiba maintain that Plaintiffs misread the Contract in significant respects and mischaracterize the work TAES and Toshiba did under the Contract.

For example, as to the Contract, Plaintiffs emphasize the expected service life of the overhaul being "at least thirty (30) years from Unit Final Acceptance of the applicable Unit" under TR 1.7.1, but ignore that the same provision states that such expectation is based on proper operation and maintenance, including "[r]outine planned minor preventative maintenance" every year, "[m]ore involved planned preventative maintenance" every three years, and "[m]ajor planned preventative maintenance, requiring adjustment, inspection, lubrication, and major

3

disassembly/reassembly, once every three periodic outages as a minimum (e.g., a ten (10) year minimum expectation)." Section TR 1.7.1 also expressly provides that the 30-year expectation does not extend the warranty period under the Contract.

Plaintiffs have neglected their maintenance obligations and have misoperated the units extensively. Further, given that Units 2 and 4 have been in operation for about a decade each, any need for "major disassembly/reassembly" should not be surprising.

Plaintiffs also repeatedly assert that the overhaul is designed to restore the plant to "as new" condition, but the actual contractual provision (TR 3.0) states: "The purpose of the Work is to return the Plant to as nearly an as new condition as possible, recognizing that, by the time of the start of the Work, the Plant will have been in operation for 40 years." Plaintiffs fail to account for the age of their plant (operating since 1973), including structures and components that were beyond the scope of TAES's work under the Contract and therefore not part of the partial overhaul and upgrade of the Ludington Plant.

The overhaul work done by TAES and Toshiba complied with their contractual obligations. Indeed, up until this action was filed, Plaintiffs praised the work of TAES and Toshiba internally, publicly, and in submissions — and sworn testimony — to regulators. In each of these settings, Plaintiffs hailed the work of TAES and Toshiba, and celebrated increased output and efficiency, cavitation-free

4

runners, and a new 50-year license from FERC.  Plaintiffs' claims are opportunistic and based on normal or historical wear and tear over years of Plaintiffs' use (and misuse) and even extend to components that TAES and Toshiba were not asked to overhaul.

The Utilities dispute TAES's and Toshiba's foregoing statement of defenses and counterclaims.

**4.      Stipulation Of Facts**

1.      Consumers Energy Company is a public utility providing electricity and natural gas to residential and business customers throughout Michigan's Lower Peninsula.  Consumers Energy is a subsidiary of CMS Energy Corporation.

2.      DTE Electric Company, formerly named the Detroit Edison Company, is a public utility that supplies electricity and natural gas to residents and businesses in Michigan.  DTE is a subsidiary of the DTE Energy Company.

3.      Consumers Energy and DTE jointly own the Ludington Pumped Storage Plant in Ludington, Michigan.  The Ludington Plant consists of six hydroelectric pump-turbines that can each independently pump water and generate electricity.  The Ludington Plant is one of the largest hydroelectric plants of its type in the world.

4.      The Ludington Plant began operating in 1973, with an initial license from FERC to operate until 2019.

5.      In the mid-2000s, Consumers Energy and DTE began planning for an overhaul and upgrade of the Ludington Plant in tandem with the planned renewal of the Plant's FERC license that was set to expire in 2019.

6.      Consumers Energy and DTE conducted a competitive bidding process for the overhaul and upgrade work.

7.      At the conclusion of the competitive bidding process, Consumers Energy and DTE selected Toshiba International Corporation as the contractor to perform the overhaul and upgrade.

8.      Consumers Energy and DTE selected Toshiba International Corporation, in part, because of its claimed knowledge and experience with pumped-storage hydroelectric plants in general and with plants designed by the Ludington Plant's original designer and utilizing the same pump-turbines and motor generators.

9.      In January 2011, the Utilities and Toshiba International Corporation executed the Contract for the overhaul, effective as of October 15, 2010.  On April 1, 2015, Toshiba International Corporation assigned the Contract to defendant TAES.  In the assignment, TAES accepted all of Toshiba International Corporation's obligations associated with the Contract.

10.      Defendant Toshiba Corporation is the indirect parent company of Toshiba Internation Corporation.  Toshiba Corporation indirectly owns 100% of Toshiba International Corporation.

11.     Toshiba Corporation guaranteed Toshiba International Corporation's performance under the Contract pursuant to a parent guaranty dated March 24, 2011. Following the assignment of the Contract from Toshiba International Corporation to TAES, Toshiba Corporation confirmed that its guaranty applies to TAES's performance of the Contract.

12.     Toshiba Corporation indirectly owns 100% of TAES.

13.     Before October 1, 2017, Toshiba Energy Systems & Solutions Corporation ("ESS") was an internal division of Toshiba Corporation.  On October 1, 2017, Toshiba Corporation spun off ESS as a subsidiary corporation that is wholly owned by Toshiba Corporation.  Toshiba Corporation owns 100% of ESS.

14.     Toshiba Corporation indirectly owns 100% of Hydro Power Services, LLC.

15.     Since its effective date, the Contract has been amended by ten contract change orders:

     a.  Contract Change Order No. 1 is dated May 10, 2012;

     b.  Contract Change Order No. 2 is dated July 18, 2013;

     c.  Contract Change Order No. 3 is dated January 13, 2014;

     d.  Contract Change Order No. 4 is dated August 6, 2014;

     e.  Contract Change Order No. 5 is dated January 30, 2015;

     f.  Contract Change Order No. 6 is dated August 21, 2015;

g.  Contract Change Order No. 7 is dated November 4, 2015;

h.  Contract Change Order No. 8 is dated August 17, 2016;

i.  Contract Change Order No. 9 is dated February 1, 2017; and

j.  Contract Change Order No. 10 is dated January 17, 2018.

**5.    Issues Of Fact To Be Litigated**

With respect to the claims against TAES, the issues of fact to be litigated include:

1.    Whether TAES delivered defective, nonconforming, or incomplete work;

2.    Whether TAES failed to repair or replace defective or nonconforming work or address incomplete work;

3.    Whether TAES delivered untimely work; and

4.    The damages suffered by the Utilities as a result of any breaches of the Contract by TAES.

The parties have the following additional statements about the issues to be litigated with respect to the Utilities' claims against TAES:

*Plaintiffs*.  With respect to Toshiba Corporation, the Utilities state they understand that any necessary factual issues that are unique to the claims against Toshiba Corporation and are not addressed in the jury trial on the Utilities' claims against TAES will be addressed in a bifurcated bench proceeding after the jury trial

8

against TAES, consistent with the Court's January 23, 2025 Order (ECF No. 171) and Paragraph 7 of the Toshiba Corporation guaranty.

*Defendants*.  TAES and Toshiba Corporation state they are not clear on how the Court intends to bifurcate proceedings, particularly after the status conference held on August 14, 2025; the claims against Toshiba Corporation under the parent guaranty are subject to a host of factual issues including whether TAES breached its obligations and whether Toshiba Corporation breached its obligations to perform or indemnify.  TAES and Toshiba maintain that all such issues must be resolved by the Court and not a jury.  Furthermore, TAES and Toshiba maintain their objection to any jury trial on any claims against them given the jury-trial waiver agreed to by all parties; they expressly reserve all rights to seek further relief from any jury trial.

With respect to TAES's counterclaims, the issues of fact to be litigated include:

1. Whether Plaintiffs have obstructed and continue to obstruct TAES's successful completion of the work it is obligated to perform under the Contract.

2. Whether TAES performed work required by the Contract but as to which Plaintiffs have refused to pay as required by the Contract.

**6.      Issues Of Law To Be Litigated**

*Daubert* motions, identified below, are pending.   The parties are filing motions in limine concurrent with this pretrial order, as described in the following section.

**7.      Evidence Problems Likely To Arise At Trial**

1.      The parties anticipate that some witnesses will testify in Japanese and therefore will require the assistance of an interpreter.  The parties are conferring to agree upon arrangements for an interpreter.

2.      The parties anticipate that some of the trial exhibits will be in Japanese. With respect to these exhibits, the parties will submit certified translations, in accordance with the process set out in the February 1, 2024 Stipulation and Order regarding translated documents (ECF No. 66).   The Utilities have objected to untranslated exhibits on Defendants' exhibit list and reserve that objection.

3.      Plaintiffs state they may ask to close the courtroom during testimony on confidential subjects.  Plaintiffs will work to make those confidential subjects as narrow as possible.  TAES and Toshiba state they believe that the trial should be fully open to the public with nothing under seal or in a closed courtroom.

4.      The parties have filed the following *Daubert* motions under Fed. R. Evid. 702:

*Plaintiffs' Motions to Exclude*

10

1.  Motion to Exclude Certain Testimony and Opinions of Toshiba's Expert Bernhard Bittner (ECF No. 206);

2.  Motion to Exclude Certain Testimony and Opinions of Toshiba's Expert William Coleman (ECF No. 207);

3.  Motion to Exclude Certain Testimony and Opinions of Toshiba's Expert William D. Marscher (ECF No. 208);

4.  Motion to Exclude Certain Testimony and Opinions of Toshiba's Expert Jamie Petty-Galis (ECF No. 209);

5.  Motion to Exclude Certain Testimony and Opinions of Toshiba's Expert Richard A. Polich (ECF No. 212);

6.  Motion to Exclude Legal Opinions and Contract Interpretations of Defendants' Expert Witness Dakus Gunn (ECF No. 213).

*Defendants' Motions to Exclude*

1.  Toshiba America Energy Systems Corporation and Toshiba Corporation's Motion to Exclude Certain Opinions and Testimony of Marcus Crahan (ECF No. 214);

2.  Toshiba America Energy Systems Corporation and Toshiba Corporation's Motion to Exclude Opinions and Testimony of Sara T. Walz (ECF No. 215);

3.  Toshiba America Energy Systems Corporation and Toshiba Corporation's Motion to Exclude Certain Opinions and Testimony of Joseph C. Tucker (ECF No. 216).

5.  The parties are filing motions in limine concurrent with this pretrial order, as follows:

*Plaintiffs' Motions in Limine*

1.  **Motion In Limine No. 1 To Exclude Irrelevant And Prejudicial Matters Raised By Toshiba.**  This motion seeks to

11

exclude the topics of alleged environmental harm, alleged relations with public officials, and alleged service reliability issues, which have no bearing on the matters to be tried.

2.   **Motion In Limine No. 2 Regarding Omnibus Matters.**  This motion concerns:   (a) objections to witnesses listed by Defendants who were not previously disclosed as required by Local Rule 16.2(8) or pursuant to Rule 26(a); (b) objections to untranslated Japanese-language documents on Toshiba's exhibit list; and (c) objections to documents produced by Toshiba after all relevant deadlines and prejudicially late.

*Defendants' Motions in Limine*

1.   Toshiba America Energy Systems Corporation and Toshiba Corporation's Moton *in Limine* to Exclude Evidence of Plant Conditions Arising After Close of Fact Discovery.

2.   Toshiba America Energy Systems Corporation and Toshiba Corporation's Moton *in Limine* Regarding Witness Examination Procedures.

3.   Toshiba America Energy Systems Corporation and Toshiba Corporation's Motion *In Limine* to Exclude Plaintiffs' Ratepayers From the Pool of Potential Jurors.

4.   Toshiba America Energy Systems Corporation and Toshiba Corporation's Motion *In Limine* to Exclude Evidence of TAES's and Toshiba's Remedial Efforts and Communications for Purposes of Proving Contract Meaning or Obligation.

5. Toshiba America Energy Systems Corporation and Toshiba Corporation's Motion *In Limine* to Require All Photographs Shown at Magnification to be Accompanied by the Original, Unaltered Photograph.

6. Toshiba America Energy Systems Corporation and Toshiba Corporation's Motion *In Limine* to Exclude Evidence Suggesting That the Outcome of this Litigation May Affect Rates Paid by the Plaintiffs' Customers.

The parties have met and conferred to resolve potential motions in limine. The parties' agreements on those topics are set out in Section 11. The parties have agreed to continue discussing certain items, set out in Section 11, and file motions in limine on those items only if they are unable to reach an agreement by September 5, 2025.

## 8. Witnesses

### A. <u>Plaintiffs</u>

The Utilities expect to present the below witnesses by live testimony. The Utilities state that all listed individuals should be contacted through counsel for the Utilities, unless represented by counsel for Defendants:

| Witness Name | Lay/Expert |
|---|---|
| Craig Degenfelder | Lay |
| Jason Durand | Lay |
| Takeshi Hyuga (adverse) | Lay |
| Kristopher Koster | Lay |

13

| Witness Name | Lay/Expert |
|---|---|
| Sri Maddipati | Lay |
| Scott Torvik (adverse) | Lay |
| Angela Wojtowicz | Lay |
| John Byrne | Expert |
| Marcus Crahan | Expert |
| Michael Emmert | Expert |
| Mark Fecke | Expert |
| John Lippold | Expert |
| John Martens | Expert |
| Brian McDonald | Expert |
| Zachary Owens | Expert |
| Joseph Tucker | Expert |
| Sara Walz | Expert |

The Utilities may call the below witnesses by live testimony if the need arises.

The Utilities state that all listed individuals should be contacted through counsel for

the Utilities unless represented by counsel for Defendants:

| Witness Name | Lay/Expert |
|---|---|
| Steven Beachum | Lay |
| Chelsea Grotrian | Lay |
| Norman Kapala | Lay |
| Gabriel Lefere | Lay |
| Matthew Ray | Lay |
| Jacob Toskey | Lay |
| Chad Whitman | Lay |

The Utilities have separately disclosed deposition designations for witnesses the Utilities expect to present through deposition in whole or part.  Those designations are attached hereto as **Appendix A**.  As of 6:00 PM on August 15, 2025, Defendants have not provided any deposition designations for Plaintiffs' review.  The Utilities reserve all objections to any designations provided without adequate time to review and/or after the applicable deadline.

The Utilities reserve the right to call additional witnesses, if or as necessary, including as follows:

1.     Any witness necessary to authenticate or establish foundation for documents;

2.     Any witness necessary to rebut unanticipated or undisclosed testimony by Defendants' witnesses; and

3.     Any witness identified by Defendants.

**B.     Defendants**

TAES and Toshiba expect to present the following witnesses by live testimony, all of whom should be contacted through counsel for the TAES and Toshiba unless represented by counsel for Plaintiffs:

| Witness Name | Lay/Expert |
|---|---|
| William Axdorff (adverse) | Lay |

| Witness Name | Lay/Expert |
|---|---|
| Steve Beachum (adverse) | Lay |
| Mark Davies | Lay |
| Ryan Graham | Lay |
| Takeshi Hyuga | Lay |
| Hajime Kimura | Lay |
| Kristopher Koster (adverse) | Lay |
| Walter Mandrell | Lay |
| Jason Morgan | Lay |
| Ritsuko Ogino | Lay |
| Matthew Ray (adverse) | Lay |
| Scott Torvik | Lay |
| Bernhard Bittner | Expert |
| Julie Carey | Expert |
| William Coleman | Expert |
| Dakus Gunn | Expert |
| Stefan Lais | Expert |
| Wiliam Marscher | Expert |
| Fritz Neumayer | Expert |
| Jamie Petty-Galis | Expert |
| Richard Polich | Expert |

TAES and Toshiba may call the below witnesses by live testimony if the need

arises; Mr. Reinhart should be contacted through counsel for Defendants:

| Witness Name | Lay/Expert |
|---|---|
| Karl Borling (non-party Barnhart Crane & Rigging) | Lay |

16

| Witness Name | Lay/Expert |
|---|---|
| Christoph Fitschen (non-party Voith) | Lay |
| Charles Gorman (non-party Barnhart Crane & Rigging) | Lay |
| Norman Kapala (adverse) | Lay |
| Ernesto Mazolla (non-party Voith) | Lay |
| Steve Rinehart | Lay |
| Anthony Szostak (adverse) | Lay |
| Jacob Toskey (adverse) | Lay |

TAES and Toshiba reserve all rights to present the testimony of all witnesses by other means, including without limitation by deposition designation as applicable, should a witness become unavailable or unwilling to testify live.

TAES and Toshiba have separately disclosed designations for witnesses they may present through deposition in whole or in part. These designations are attached as **Appendix B**. TAES and Toshiba also reserve their rights to provide additional designations of deposition testimony in response to any designations by Plaintiffs, including based on the rule of completeness, noting that L.R. 16.2(a) and Rule 26(a)(3) set this time for designations but not for counter-designations and the parties have not agreed on a schedule to exchange deposition designations. TAES and Toshiba note that Plaintiffs' counsel has represented that they intend to amend their deposition designations to de-designate testimony. Such de-designation necessitates

17

further pre-trial exchanges of deposition designations and counter-designations. The Utilities object to the untimely provision of deposition designations by TAES and Toshiba.

TAES and Toshiba reserve the right to call additional witnesses, if or as necessary, including as follows:

1.  Any witness necessary to authenticate or establish foundation for trial exhibits;

2.  Any witness necessary to rebut unanticipated or undisclosed testimony by Plaintiffs' witnesses; and

3.  Any witness identified by Plaintiffs.

The Utilities object to Defendants' listing of Ryan Graham, Charles Gorman, Karl Borling, Christoph Fitschen, and Ernesto Mazolla, as those individuals were not included on Defendants' witness list submitted under a prior order, have not been deposed, and were not included in Defendants' Rule 26(a) disclosures. The Utilities are filing a motion in limine on this subject. TAES and Toshiba intend to oppose any such motion.

## 9.   Exhibits

The parties' proposed Trial Exhibit Lists are attached hereto as **Appendix C and Appendix D**. The parties' objections to the other parties' Trial Exhibit Lists are attached hereto as **Appendix E and Appendix F**.

18

TAES and Toshiba state that, in accordance with this Court's Rule 16 Scheduling Order (Phase II), the parties retain the right to, among other things, "object at the time of trial to the introduction of an exhibit other than on the basis of authentication and foundation." (Order at 4 (¶ 4(d)), ECF 241, PageID.26755). At 6:51 PM on August 15, 2025, the Utilities provided a further revised exhibit list, the third such further revised exhibit list in five days. Defendants reserve all rights to object to exhibits provided without adequate time to review.

The Utilities state that they added a single entry to their exhibit list on the evening of August 15 in the revision referenced above. The Utilities object to any untimely notice of objections or untimely exhibit identifications.

## 10.  Damages

With respect to TAES, the Utilities seek damages for all losses suffered as a result of TAES's breaches of the Contract, including but not limited to all costs and expenses necessary to rectify TAES's defective work, all costs the Utilities have or will incur as a result of TAES's defective work, the benefit of the bargain under the Contract the Utilities did not receive as a result of TAES's breaches, and any other damages proven at trial.

The Utilities' damages expert, Michael Emmert, has prepared expert reports estimating the Utilities' damages. Mr. Emmert prepared an initial report dated June 14, 2024, a rebuttal report dated November 1, 2024, a supplemental report dated

December 10, 2024, and a supplemental disclosure dated July 16, 2025.  In his July 16, 2025 supplemental disclosure, Mr. Emmert estimated the Utilities' damages as $653,428,115, without prejudgment interest.  TAES and Toshiba dispute Plaintiffs' damages and have retained experts to address the issue at trial.

The Utilities also seek prejudgment interest pursuant to Mich. Comp. Laws § 600.6013 and all allowable costs.

The Utilities separately seek damages and litigation expenses, including attorneys' fee, against Toshiba Corporation, which the Utilities understand will be addressed in a bifurcated bench proceeding after the jury trial, pursuant to the Court's January 23, 2025 Order (ECF No. 171).  Toshiba Corporation contests all such damages and expenses and, as noted above, TAES and Toshiba maintain their objection to trial by jury as to any claims against them.

Through its counterclaims, TAES seeks damages for sums due to it for its work under the Contract.  TAES estimates it is owed $32,970,553.  TAES disputes that prejudgment interest is available to either side under the Contract but if it is, TAES seeks prejudgment interest.  The Utilities dispute TAES's counterclaim and have requested an itemization of the estimated figure.

## 11.  Trial

The Court has ruled that the Utilities' claims against defendant TAES are to be tried to a jury.  (ECF No. 242.)  Again, TAES and Toshiba maintain their

objection to a jury trial as to any claims against them.  The parties estimate that the jury trial will last approximately four to six weeks, depending on length of trial days and trial weeks.

The parties have reached the following agreements regarding the conduct of the trial:

1. The attorneys' fees of any party are not at issue in the trial and shall not be referenced during the trial.

2. Witnesses who testified in Japanese during depositions in this matter shall testify only in Japanese at trial.  Counsel shall not ask questions about such witnesses' ability to speak English.

The parties have had discussions on the following topics and agree to continue discussions in good faith to attempt to reach agreements, if possible:

1. The allocation of time at trial.

2. The use of a juror questionnaire.

3. An agreement concerning restrictions on references to customer electricity rates during trial.

4. Limits on the use of the word "negligence" at trial.  The parties agree that if they do not reach an agreement on this issue, either party may file a motion in limine on the topic by September 5, 2025.

5. An agreement that witnesses who are called adversely may provide all testimony in a single sitting.

6. An itemization of Defendants' claimed counterclaim damages.  The parties agree that if they do not reach an agreement on this issue, either party may file a motion in limine on the topic by September 5, 2025.

7.    The extent of advance notice of witnesses and demonstratives to be used at trial (e.g., 24-hour notice or 72-hour notice).

8.    The number of days per week and hours per day for trial.

The parties will report any progress on these items to the Court by written submission on or before September 19, 2025.

## 12.    Settlement

The parties have conferred and considered the possibility of settlement.  To date, the parties have participated in two private facilitations and one settlement conference with the Magistrate Judge.  The most recent facilitation occurred on July 30, 2025, in Detroit, Michigan.  The parties have been unable to resolve this matter despite efforts at settlement.

Dated: August 15, 2025

Respectfully submitted,

| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY | TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION |
|---|---|
| By:  /s/ *Terri L. Mascherin*<br>    One of their attorneys | By:  /s/ *Christopher M. Curran*<br>    One of their attorneys |
| Terri L. Mascherin<br>tmascherin@jenner.com<br>Daniel J. Weiss | Christopher M. Curran<br>ccurran@whitecase.com<br>Eric Grannon |

22

dweiss@jenner.com
Christopher Tompkins
ctompkins@jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Patrick G. Seyferth
seyferth@bsplaw.com
Derek J. Linkous
linkous@bsplaw.com
BUSH SEYFERTH PLLC
100 West Big Beaver Road
Suite 400
Troy, Michigan 48084
(242) 822-7800

*Counsel for Plaintiffs/Counter-Defendants*

egrannon@whitecase.com
J. Frank Hogue
fhogue@whitecase.com
Holly Tao
holly.tao@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005

Nicholas Ellis
nellis@foley.com
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7100

Jennifer M. Luther
Jluther@foley.com
FOLEY & LARDNER LLP
150 East Gilman Street, Suite 5000
Madison, WI 53703
(608) 258-4215

*Counsel for Defendants/Counter-Plaintiff*