UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

      Plaintiffs,

                                        Case No. 22-10847

v.

                                        Hon. F. Kay Behm

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

      Defendants.
_____/

### ORDER ON DEFENDANTS' MOTION IN LIMINE (ECF No. 265)

Defendants move to require that any use of a magnified photograph at trial must be accompanied by the same depiction shown at its "actual size."  They contend that this request is consistent with the settled rule that digitally enhanced photographs are admissible only if they are "authentic, accurate, and trustworthy."  *United States v. Roberts*, 84 F.4th at 671 (6th Cir. 2023).  *Roberts* holds that the admissibility of an enhanced image requires (1) proper authentication, (2) documentation of the steps taken to alter the photograph, and (3) the photograph remaining is "authentic, accurate, and trustworthy." *Id*. at 671 (citing *United States v. Seifert*, 445 F.3d 1043, 1045 (8th Cir. 2006)).  In *Roberts*,

the images at issue were seven still images taken from video footage and to which

minor filters were applied to sharpen and brighten them before enlarging certain

regions of the photographs by 300%.  The analyst who performed this work

testified that the enhancements had not altered the substance of the images.  *Id*.

at 666.  The analyst provided documentation of his steps in altering the source file

in a written report and saved copies of the images at each stage of enhancement.

*Id.* at 670-71.

There does not appear to be any dispute that the magnified images are

likely admissible under the test in *Roberts*.  The only issue is whether the

proponent of such evidence must affirmatively and simultaneously move to admit

the "original" photographs.  According to Defendants, the magnified photographs

are devoid of surrounding context and this requires the original photograph to be

displayed contemporaneously.  As Plaintiffs point out, however, hundreds of

images produced by both sides do not have an "original" or "unaltered" version

because the images were produced with certain device or lens and only exist as

shown.  Thus, it appears that to some extent, Defendants' request is impossible.

Even so, Plaintiffs will still have to satisfy *Roberts* by showing that each magnified

photograph is authentic, accurate, and trustworthy.  And, to the extent there are

magnified photographs with corresponding "original" photographs, the

proponent of the evidence must still properly authenticate the enhancements and document their steps when altering the source file, which may involve publishing the source file to the jury.  *See Roberts*, at 670.  Until each photograph is offered into evidence with the required context, the court cannot determine if any individual photograph is unfairly prejudicial.  If a photograph is admitted into evidence and the opposing side believes additional context is still necessary, it can be provided on cross-examination in the normal course.

Defendants' motion to require a per se rule that every magnified photograph must be accompanied by an original unaltered photograph is **DENIED**.

**SO ORDERED**.

Dated: October 1, 2025                          s/F. Kay Behm
                                                F. Kay Behm
                                                United States District Judge