UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

       Plaintiffs,

                                       Case No. 22-10847

v.

                                       Hon. F. Kay Behm

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

       Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION IN LIMINE (ECF NO. 264)

Defendants move to exclude all of Plaintiffs' ratepayers from the pool of potential jurors because they contend that ratepayers necessarily have a potential pecuniary interest in the outcome of the litigation.  This is so, according to Defendants, because the ratepayers may perceive that their rates will increase if Plaintiffs are unsuccessful, thus incentivizing them to find for Plaintiffs and against Defendants.

In determining a potential juror's impartiality, "pecuniary interest would necessarily disqualify a prospective juror from service[.]."  *Freedom's Path at Dayton v. Dayton Metro. Housing Auth.*, 605 F.Supp.3d 1042, 1049-50 (S.D. Ohio

2022) (quoting *United States v. Trutenko*, 490 F.2d 678, 679 (7th Cir. 1973)).

Defendants rely on *U.S. v. Polichemi*, 219 F.3d 698, 704 (7th Cir. 2000) for the

proposition that a juror must be excused even if they have a tiny financial interest

in the case:  "For example, a court must excuse a juror for cause if the juror is

related to one of the parties in the case, or if the juror has even a tiny financial

interest in the case.  Such a juror may well be objective in fact, but the

relationship is so close that the law errs on the side of caution."  *Id*.  *Polichemi*

relied on *Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119, 1122 (10th Cir. 1995),

which addressed the presumption of bias in extraordinary situations where a

prospective juror has a direct financial interest in the trial's outcome, such as

where the juror is stockholder in or employee of a corporation that is a party to

the lawsuit.  Here, in contrast, any jurors' potential interest in the outcome of the

litigation is indirect, at most, given that this interest is based solely on the

potential jurors' status as Plaintiffs' ratepayers.  As the Sixth Circuit explained in

*Frye v. CSX Transportation, Inc.*, 933 F.3d 591, 605 (6th Cir. 2019), "present and

direct financial interests" may make the average person unlikely to act

impartially.  However, jurors are presumed to be impartial and in the absence of

"concrete evidence of prejudice, the presumption of impartiality stands."  *Id*.

And the purpose of voir dire is to test when and whether individual jurors should be removed.  *United States v. Underwood*, 129 F.4th 912, 938 (6th Cir. 2025) ("The purpose of voir dire is to ensure that the court is able to remove prospective jurors who may not be able to impartially follow the court's instructions and apply the law to the facts.").  For example, in *City of Cleveland v. Cleveland Electric Illuminating Co.*, 538 F. Supp. 1240 (N.D. Ohio 1980) ("*Cleveland v. CEI*"), the court denied the City's pre-voir dire motion to "indiscriminately exclude" all the utility-defendant's customers.  *Id.* at 1253-54. It rejected the City's "conclusory and entirely unsubstantiated allegation" that the utility's customers "probably believe[d]" rates would increase if the defendant lost.  *Id.* at 1250.  Defendants maintain that the present circumstance differs from *Cleveland v. CEI* because Plaintiffs have publicly stated their intention to seek a rate increase based on the outcome of this litigation.  Further, Defendants argue that the utility's naked assertion in *Cleveland v. CEI* that the ratepayers "probably" believed that the outcome of the case would affect their financial interests differs from the situation here where several articles have appeared online discussing Plaintiffs' intention to seek an increase in rates, that are easily accessible by potential jurors.  Defendants, however, do not explain why a particular juror's exposure to and knowledge of any of the media surrounding this case could not

be explored on voir dire.  The court does not find that wholesale exclusion of

Plaintiffs' rate payers from the potential jury pool is warranted.

Accordingly, the motion in limine is **DENIED**.

**SO ORDERED**.

Dated: October 1, 2025                          s/F. Kay Behm
                                                F. Kay Behm
                                                United States District Judge