UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

    Plaintiffs,

v.

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

    Defendants.

_____/

Case No. 22-10847

Hon. F. Kay Behm

**ORDER ON DEFENDANTS' MOTION IN LIMINE (ECF NO. 262)**

Defendants seek to exclude certain evidence as precluded under the parties' Contract, Rule 407, and/or Rule 408.  As they phrase it, they seek exclusion of "evidence of TAES's and Toshiba's remedial efforts and communications from being admitted as purported evidence of the meaning or scope of the Contract's provisions or to prove that TAES/Toshiba were responsible for any alleged obligation under the Contract (e.g., the scope of the Contract's warranty provisions)."  As examples of evidence they want to exclude, Defendants offer the following:

- A footnote in Plaintiffs' response to Toshiba's motion for summary judgment noting that "Toshiba never previously contended that cavitation damage is excluded from the general warranty."
- A statement in Plaintiffs' response to Toshiba's motion for summary judgment noting that Toshiba knew "the condition of the DRs was a defect that required repair," that Toshiba tried "to address the problem by spraying a coating on the Unit 2 and 4 DRs," even though Toshiba knew "internally that the coating would not work."
- A comment at oral argument on summary judgment that if Toshiba "believed that [the Utilities] waived any claim with respect to the discharge ring, we sure would have expected to have heard about that from Toshiba when we raised this issue in 2019 or in the many, many letters and emails and meetings we had with Toshiba between 2019 and 2022."

ECF No. 262 at 4-5.

Defendants raise three grounds for exclusion.  First, they point to section GC19 of the Contract, which provides:

> The failure of either party to enforce at any time any of the provisions of this Contract, any of its rights or remedies thereunder, or to require at any time performance by the other party of any of the provisions hereof, shall in no way be construed to be a waiver of such provision, nor in any way to affect the validity of this Contract or any part thereof, or the right of such party to thereafter enforce each and every such provision.

Defendants argue that "if, for example, TAES offered a repair or discussed a potential repair with the Owner, that offer or communication by TAES 'shall in no

way be construed' to mean that TAES was obligated under the Contract to make such a repair or that the problem was within the scope of the Contract's warranty, for example." ECF No. 262 at 4. But this provision does not necessarily require evidence to be excluded, and Defendants offer no legal authority for this proposition. Although this anti-waiver language suggests that Defendants' offers to fix problems do not preclude them from later arguing that such fixes were not required under the warranty, it does not mean that jury cannot consider the parties' course of conduct in interpreting the contract or determining whether Defendants complied with it. Indeed, Plaintiffs' central argument is that Defendants failed to repair problems under the warranty, so Defendants efforts to do so and the parties' contemporaneous interpretation of the contract are relevant.

Next, Defendants argue that Rule 407 requires exclusion:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or
> • a need for a warning or instruction.
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407. This rule is grounded in part on "a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." *Id.* (Advisory Comm. Notes 1972). Usually applicable in negligence or products liability cases, it is not clear that this rule is applicable to the "remedial efforts and communications" Defendants want to exclude in this breach of warranty case. *See Mowbray v. Waste Mgmt. Holdings, Inc.*, 45 F. Supp. 2d 132, 141 (D. Mass. 1999); *R.W. Murray, Co., v. Shatterproof Glass Corp.,* 758 F.2d 266, 274 (8th Cir. 1985) (in a breach of warranty case, because the plaintiffs are not required to establish negligent or culpable conduct, Rule 407 is inapplicable to alleged subsequent remedial measures). Nor does it seem that Plaintiffs are attempting to use the fact of Defendants' repairs to show that a defect existed in the first place, which is the usual kind of evidence that would be excluded under Rule 407. *See J-Way S., Inc. v. River Rd. Constr., Inc.*, No. 1:17-CV-01167, 2018 WL 3242303, at *2 (N.D. Ohio May 9, 2018) (finding Rule 407 not applicable; "The evidence at issue here does not go to the subject of negligence or culpability, because liability here is based on the warranties made and the failure of the product to work as warranted.").

    Rather, Plaintiff seeks to introduce evidence that is relevant to the parties' course of conduct and whether Defendants complied with their contractual

obligation to make repairs under the warranty.  Defendants have not shown that Rule 407 precludes such evidence.  Moreover, Plaintiffs argue that the rule precludes evidence of actual remedial measures that were implemented, not communications regarding defects.  "It has been recognized by federal courts that evidence about the *contemplation* of remedial measures is not excluded by Rule 407; only evidence about measures that actually were implemented is subject to the bar."  *In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2022 WL 4211149, at *6 (E.D. Mich. Sept. 12, 2022).

      Lastly, Defendants argue that certain communications should be excluded pursuant to Rule 408, which excludes evidence of offers of settlement/compromise or negotiations to prove liability.  Under this rule, Defendants seek to exclude evidence of its repair proposals, such as its "jacking up" repair plan tendered in October 2024, or a 2021 letter they sent in response to Plaintiffs' requests for repairs.  Whether Defendants refused to make necessary repairs, however, is central to Plaintiffs' argument that Defendants did not comply with their contractual obligations.  Defendants appear to concede that the evidence is admissible for certain purposes: "Plaintiffs may use TAES's repair plan as evidence in arguing about what Plaintiffs contend are deficiencies in the plan, but Rule 408 expressly prohibits using such an offer 'either to prove or disprove

5

the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]'" ECF No. 280 at 11. In this regard, Defendants' concerns may be addressed through a limiting instruction to the jury (which Defendants may propose), rather than wholesale exclusion.

For these reasons, the motion in limine is **DENIED**, except that Defendants may propose a limiting instruction as noted above.

**SO ORDERED**.

Dated: October 2, 2025                                s/F. Kay Behm
                                                     F. Kay Behm
                                                     United States District Judge