UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

    Plaintiffs,

v.

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

    Defendants.
_____/

Case No. 22-10847

Hon. F. Kay Behm

**ORDER ON DEFENDANTS' MOTION IN LIMINE (ECF No. 258)**

Defendants move for an order *in limine* to exclude any evidence suggesting that the outcome of this litigation may affect rates paid by Plaintiffs' customers. Defendants argue that evidence and argument about the rates that Plaintiffs charge may be affected by the outcome of this litigation or that a verdict in favor of Defendants may increase utility rates are unfairly prejudicial and improper under applicable law.

In response, Plaintiffs indicate that they agree in part, but seek to clarify the contours of such an order. Plaintiffs agree that no party should argue to seek to introduce evidence that the rates for electricity paid by customers will increase or

decrease as a result of the jury's verdict. But Plaintiffs point out that Defendants have an expert who has disclosed expert opinions (Richard Polich) about the "ratepayer impact" of Plaintiffs' repair plan and Defendants' proposed jacking-up plan, which Plaintiffs have separately moved to exclude. Mr. Polich's testimony is offered in response to Plaintiffs' expert Dr. McDonald, who opined that Plaintiffs' replacement plan is supportive of a regulator's interest in "maintaining low cost of services." (ECF No. 220, PageID.22164-65). The parties essentially agreed at the hearing that this aspect of the expert testimony should not be admitted into evidence.

Defendants have argued that Plaintiffs' damages are speculative because the repair has not yet been performed and offer the expert opinion of Dr. Gunn that Plaintiffs are engaged in "windfall profiteering" because they could recover from Defendants and then drop the repair plans and retain any difference as windfall profits. Plaintiffs point out, however, that they have pledged before the MPSC to use all recoveries to offset the cost of repair and must seek MPSC approval to use any of those funds. Defendants argue that Plaintiffs create a self-serving exception that would allow them to introduce evidence they have made a legal commitment to use any recoveries for repair in order to establish their alleged damages. Defendants contend that such evidence is inappropriate as it

violates the uniform rule that a jury should not consider how any recoveries will be spent.  See *In re Exxon Valdez*, 229 F.3d 790, 798 (9th Cir. 2000) ("It is uniformly held that absent exceptional circumstances, a jury deliberating on the amount of a damages award is not to consider where the funds that constitute that award will come from, or where they will end up.").  This issue will be addressed when Dr. Gunn testifies at trial.

The parties may not introduce any evidence or argument suggesting that the outcome of this litigation may affect the rates paid by Plaintiffs' customers.  The motion in limine is **GRANTED**.

**SO ORDERED**.

Dated: October 2, 2025
                                                                s/F. Kay Behm
                                                                F. Kay Behm
                                                                United States District Judge