No. 25-1766

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 7, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| In re: TOSHIBA AMERICAN ENERGY SYSTEMS CORPORATION, et al.,  Petitioners. | ) ) ) )  O R D E R |

Before: GIBBONS, THAPAR, and READLER, Circuit Judges.

Petitioners, Defendants Toshiba American Energy Systems Corporation ("TAES") and Toshiba Corporation ("Toshiba Parent"), petition for a writ of mandamus and prohibition, asking that we compel the district court to enforce a contractual jury-trial waiver and prohibit the district court from proceeding with the jury trial scheduled for October 30, 2025. At this court's request, Respondents, Plaintiffs DTE Electric Company and Consumers Energy Company, have submitted a response in opposition to the petition. Petitioners move for leave to file a reply and tender their proposed reply. Although Petitioners request oral argument, we unanimously agree that it is not necessary. The facts and legal arguments are adequately presented in the filings and record, and the decisional process would not be significantly aided by oral argument. Fed. R. App. P. 34(a)(2)(C).

Addressing first Petitioners' motion for leave to file a reply, Federal Rule of Appellate Procedure 21, which governs mandamus actions in this court, neither permits nor prohibits a reply. However, we have allowed similarly situated petitioners to file such a reply and will continue that practice here. *See In re Nat'l Prescription Opiate Litig.*, 783 F. App'x 537, 539 (6th Cir. 2019)

(mem.); *In re Optumrx, Inc.*, No. 23-3882, 2023 U.S. App. LEXIS 30291, at *5–6 (6th Cir. Nov. 14, 2023) (mem.).

Turning next to the petition, "[t]he extraordinary writs of prohibition and mandamus will be issued by this court only in extreme and unusual cases." *Filmore v. Kalbfleisch*, 286 F.2d 171, 172 (6th Cir. 1961) (mem.) (citation modified). Thus, "three conditions must be satisfied before [the writ] may issue": (1) Petitioners must "have no other adequate means to attain the relief [they] desire[]"; (2) Petitioners' right to a writ must be "clear and indisputable"; and (3) "even if the first two prerequisites have been met, [we], in the exercise of [our] discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for the D.C.*, 542 U.S. 367, 380–81 (2004) (quoting *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)); *see In re Williams*, No. 23-3719, 2024 U.S. App. LEXIS 12251, at *1 (6th Cir. May 21, 2024) (mem.) (noting that the standards to obtain a writ of mandamus and a writ of prohibition are the same).

The petition fails at the first condition. Petitioners have other adequate means to attain the relief desired. As they acknowledge, they can engage in a standard post-judgment appeal. Petitioners assert that this remedy is inadequate for two reasons. First, because "a jury trial would breach TAES and Toshiba [Parent]'s contractual right to not be subject to a jury trial." And second, because an erroneous jury trial would come "at massive cost to the parties"—who would eventually have to retry the case to the bench—"and to the citizens unnecessarily serving on the jury." Neither argument is meritorious.

In support of their first argument, Petitioners rely on *National Union Electric Corp. v. Wilson*, 434 F.2d 986 (6th Cir. 1970) (per curiam). In *National Union*, defendants appealed the judgment of the district court on the ground that they were denied their right to a jury trial. =*Id.* at

986. We suggested in dicta that "[w]hen the [district court] denied trial by jury, the appellants could have filed an action in mandamus in this Court," and that "[h]ad they done [so], they might have obtained the relief they are now seeking and thus they would have avoided the ten days' trial before the [district court]." *Id.* at 988. In doing so, we cited *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962), in which the Supreme Court emphasized the responsibility of the appellate courts to grant mandamus relief where necessary to protect the constitutional right to a trial by jury.

Petitioners' reliance on *National Union* is misplaced. While Petitioners attempt to persuade us that this dicta stands for the broader proposition that mandamus is an appropriate avenue "to challenge a dubious ruling by a district court as to whether an action should be tried to the bench or to a jury," a plain reading of *National Union* and the cases on which it relied suggests otherwise. These cases stand for the narrower proposition that mandamus is, or may be, an appropriate avenue to vindicate infringements on the Seventh Amendment right to a jury trial. *Compare Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511 (1959) ("[W]e think the right to grant mandamus to require jury trial where it has been improperly denied is settled."), *with In re Jacobs Eng'g Grp., Inc.*, No. 19-5508, 2019 U.S. App. LEXIS 24122, at *4 (6th Cir. Aug. 13, 2019) (mem.) (Nalbandian, J., concurring) ("[S]ome courts have recognized that vindicating Seventh Amendment problems can justify a grant of mandamus even where traditional means of vindicating those rights are available. . . . But other courts persuasively disagree, explaining that the typical high standards required for the issuance of mandamus should apply even where Seventh Amendment rights are implicated." (citations omitted)). At any rate, Petitioners have clearly not been denied a trial by jury; to the contrary, they are before us seeking to prevent the jury trial that is forthcoming.

Petitioners' second argument fares no better. Petitioners raise concerns about a wasteful and expensive jury trial and the need for a new bench trial if they ultimately prevail. However, the burden of unnecessary litigation—even if significant—typically does not support our immediate review. *In re Nat'l Prescription Opiate Litig.*, No. 19-3835, 2019 U.S. App. LEXIS 28645, at *2 (6th Cir. Sep. 20, 2019) (mem.) (citing *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 499 (1989)); *see Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 30 (1943). To the extent that it could, *see In re Metro. Gov't of Nash. & Davidson Cnty.*, 606 F.3d 855, 865 (6th Cir. 2010) (citing *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964) (per curiam)), Petitioners' perfunctory arguments fall short. Moreover, although Petitioners liken their circumstances to those in dated mandamus cases involving district-court orders certifying, or conditionally certifying, class actions, *see In re Bendectin Prods. Liab. Litig.*, 749 F.2d 300 (6th Cir. 1984); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069 (6th Cir. 1996), Petitioners lose sight of the fact that while the potential damages in the underlying action may be substantial—in their estimate, nearly $1 billion—the underlying action is, at its core, just a breach of contract dispute between few parties.

Accordingly, the motion for leave to file a reply is **GRANTED**, and the petition for a writ of mandamus and prohibition is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

# United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 10/07/2025.

**Case Name:** In re: Toshiba American Energy Systems Corporation, et al
**Case Number:** 25-1766

**Docket Text:**
ORDER filed granting motion for leave to file a reply [7409043-2] and the petition for a writ of mandamus and prohibition is DENIED. No mandate to issue; Julia Smith Gibbons, Circuit Judge; Amul R. Thapar, Circuit Judge and Chad A. Readler, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

**A copy of this notice will be issued to:**

Mr. Clifford Warren Berlow
Mr. Christopher M. Curran
Ms. Kinikia D. Essix
Mr. Eric Grannon
Mr. Derek Jeffrey Linkous
Ms. Terri L. Mascherin
Mr. Patrick Gerard Seyferth
Ms. Danielle Tarin
Mr. Daniel J. Weiss