UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

     Plaintiffs,

                                      Case No. 22-10847

v.

                                      Hon. F. Kay Behm

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

     Defendants.

_____/

### <u>ORDER ON PLAINTIFFS' MOTION IN LIMINE (ECF NO. 259)</u>

Plaintiffs seek to exclude three categories of evidence: (1) allegations that the Utilities have harmed the environment; (2) allegations concerning the Utilities' relations with government officials or political controversies; and (3) allegations concerning the past quality or reliability of the Utilities' electric and gas services or other unrelated business practices.

A motion in limine is a procedural device used to seek the exclusion of "anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co*., 718 F.3d 556, 561 (6th Cir. 2013) (citation omitted).  It is not intended to address the sufficiency of evidence or the "wholesale disposition of

theories or defenses." *Id*. at 562.  Rather, such motions are generally "confined to very specific evidentiary issues of an extremely prejudicial nature."  *United States v. Certain Land Situated in City of Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982); *see also Sperberg v. Goodyear Tire & Rubber Co*., 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed.").

The court prefers to assess the admissibility of the disputed evidence in the context of how the evidence is presented at trial.  Accordingly, the court will defer a ruling on these issues until trial.  *See Figgins v. Advance Am. Cash Advance Centers of Michigan, Inc*., 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007) (noting that it "may be desirable in many cases to defer ruling on objections until trial" because of the "practical difficulty" in ruling on motions in limine "in the absence of context that comes when the challenged evidence is presented with the other proofs at trial").  The motion in limine is **DENIED** without prejudice.

**SO ORDERED**.

Dated: October 8, 2025                                   s/F. Kay Behm
                                                        F. Kay Behm
                                                        United States District Judge