UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

    Plaintiffs,

v.

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

    Defendants.
_____/

Case No. 22-10847

Hon. F. Kay Behm

## ORDER ON DEFENDANTS' MOTION IN LIMINE (ECF NO. 260)

Defendants move for (1) the full examination of witnesses by either party when first called at trial, without regard to the scope of direction examination testimony; and (2) the preclusion of video deposition testimony during trial for witnesses that are available, except for impeachment.

As to the first issue, Plaintiffs' object to allowing the full examination of any witness when they first called and advocate for a strict adherence to Federal Rule of Evidence 611(b), which provides that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting a witness's credibility" but that the "court may allow inquiry into additional matters


as if on direct examination." Both parties assert that the mode of examination for which they advocate will lead to a more efficient and effective presentation of the evidence.

"Management of cross-examination is committed to the trial court's discretion." 4 Weinstein's Federal Evidence § 611.03 (2025); *see United States v. Arnott*, 704 F.2d 322, 324 (6th Cir. 1983) (cross-examination into matters not the subject of direct examination or witness credibility may be permitted in the court's discretion). In order to streamline the presentation of evidence, the court would like witnesses to only have to appear once. This appears to be an issue for only a handful of witnesses as Plaintiffs expressed an intent to call two adverse witnesses and Defendants have seven adverse witnesses identified on their will or may call lists. (ECF No. 266, PageID.27254-58). Of those nine witnesses, seven are identified by both sides such that they will or may call them in their cases-in-chief (Takeshi Hyuga, Kristopher Koster, Scott Torvik, Steven Beachum, Matthew Ray, Norman Kapala, and Jacob Toskey). In order to facilitate each of these witnesses only being called to testify once, the court will allow for full examination of these seven witnesses by both sides when they are first called to testify. The scope of cross-examination as to the remaining witnesses will be

limited to the subject matter of their direction examination and any credibility matters, pursuant to Fed. R. Evid. 611(b).

As to the latter issue, Defendants advocate for an approach that would disallow available witnesses to be presented by video deposition and allowing deposition testimony to only be used for impeachment purposes. Rule 32(a)(3) allows the deposition of an officer, director, managing agent, or designee under Rule 30(b)(6) to be used by an adverse party for any purpose. In accordance with this rule, Plaintiffs have designated portions of depositions to be admitted at trial of Defendants' witnesses. (ECF No. 266-1, Plaintiffs' Deposition Designation List). As explained in *Gardner v. Liberty Ins. Corp.,* No. 3:20-CV-147, 2023 WL 7002781, at *3 (S.D. Ohio Oct. 23, 2023), such open-ended use of depositions is generally disallowed at trial when the witness is available to testify:

> While it is true that Fed. R. Civ. P. 32(a)(3) allows Plaintiffs to use such testimony, "courts routinely limit that option when the witness is available for trial." *Wolff v. Maybach Int'l Group, Inc.*, Case No. 2:19-cv-149-DCR, 2023 WL 6217945, *2 (E.D. Ky. Sept. 25, 2023) (citing *Short v. Marvin Keller Trucking, Inc.*, Case. No. 5:19-cv-471-MAS, 2021 WL 5410888, at *1 (E.D. Ky. Nov. 18, 2021)) (citations omitted). Whether the video deposition will be allowed to be used at trial is a matter within the Court's discretion. *Short*, 2021 WL 5410888 at *1 (citing *Lear v. Equitable Life Assurance Soc'y*, 798 F.2d 1128, 1135 (8th Cir. 1986)) (citations omitted).

3

> District courts throughout the Sixth Circuit have disallowed parties to introduce deposition evidence, except for impeachment purposes, when a witness is available to testify during trial. *See id.* Such decisions are almost always supported by the legitimate concerns of confusing the jury and compromising the trial's efficiency. *See id.* at *1 ("The Court is concerned the jury will speculate as to why witnesses who are sitting in the courtroom are not testifying or wonder if they should give some special emphasis to the recorded testimony as opposed to the later, live testimony. Moreover, the procedural aspects are equally confusing and awkward as these witnesses would be called live for their cross-examination and redirect even though the direct testimony took place months ago"); *Wolff*, 2023 WL 6217345 at *2 ("Using [the Rule 30(b)(6) representative's] deposition when she is present for trial is likely to complicate the issues and confuse the jury. Additionally, the video deposition would require extensive modification before it could be presented to the jury due to the numerous objections, discussions of counsel, and inadmissible evidence contained therein"); *Gonzalez Prod. Sys., Inc. v. Martinrea Int'l, Inc.*, 310 F.R.D. 341, 344 (E.D. Mich. Sept. 15, 2015) ("the Court will simply not allow ... video depositions to be used when the witnesses are available to testify"); *Stansbury v. Hopkins Hardwoods, Inc.*, Case No. 4:15-cv-16-JHM, 2018 WL 2977439 at *5 (W.D. Ky. March 2, 2018) ("an unfettered use of an adverse party's deposition when the deponent would testify live 'would undermine this Court's ability to efficiently run this trial'" (citing *Gonzalez Prod. Sys., Inc.*, 310 F.R.D. at 344)).

The court agrees with the foregoing authority that allowing the video depositions to be used for reasons other than impeachment would be confusing

4

to the jury and would also impede the presentation of evidence in an orderly fashion. Accordingly, the court will not allow the presentation of video deposition testimony for witnesses who are otherwise available to testify, except for impeachment purposes. The motion in limine is **GRANTED**.

    **SO ORDERED**.

Dated: October 8, 2025　　　　　　　　　　　　　s/F. Kay Behm
　　　　　　　　　　　　　　　　　　　　　　　　F. Kay Behm
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge