UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

    Plaintiffs,

v.

    Case No. 22-10847

    Hon. F. Kay Behm

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

    Defendants.
_____/

### ORDER ON MOTION IN LIMINE (ECF NO. 261)

Plaintiffs filed a Motion In Limine Regarding Undisclosed Witnesses, Untranslated Documents, and Late Produced Documents (ECF No. 261). This matter is fully briefed. (ECF Nos. 272, 281). The court held a hearing on September 26, 2025. For the reasons set forth below, the court grants in part and denies in part the motion in limine.

    A.    Undisclosed Witnesses

The court's CMO required the parties to disclose their witness lists by March 31, 2023. (ECF No. 30; ECF No. 32). Defendants provided their witness list on that date. (ECF No. 37). The parties made initial disclosures in October 2022

and Defendants supplemented their disclosures in July 2023. Fact discovery closed on April 30, 2024. (ECF No. 74). Defendants' witness list for trial includes five witnesses that they did not include in their earlier disclosures: (1) Ryan Graham, a Toshiba employee; (2) Charles Gorman, an employee of a crane company called Barnhart that worked with Toshiba; (3) Karl Borling, another employee of Barnhart; (4) Ernesto Mazolla, an employee of Voith Hydro, the company performing repair work on the Ludington Plant; and (5) Christoph Fitschen, another Voith Hydro employee. The first time Toshiba suggested that it would call any of these individuals at trial was in draft witness lists tendered to Plaintiffs between August 1 and August 15, 2025.

Plaintiffs argue that Local Rule 16.2(b)(8) precludes the calling of these five witnesses. This provision provides in part, "Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed." E.D. Mich. LR 16.2(b)(8). Thus, pursuant to this rule, a witness may be included in a final pretrial order, even if not listed on a previously filed witness list, if the court finds good cause or the witness was deposed. *Iuoe Loc. 324 Ret. Tr. Fund v. LGC Glob. FM, LLC*, No. CV 17-13921, 2020 WL 6391622, at *4 (E.D. Mich. Nov. 2, 2020). Rule 37 of the Federal Rules of Civil Procedure provides that when a party fails to

2

disclose a witness, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless* the failure was substantially justified *or* is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

Defendants argue that the testimony of the proposed witnesses is necessary to address developments instigated by Plaintiffs five months after the close of discovery. More specifically, Defendants point out that on October 22, 2024, Plaintiffs issued unprompted correspondence purporting to terminate the Overhaul Contract, and asserting that TAES's alleged failure "to provide any comprehensive or permanent repair [plan]" was a basis for termination. (ECF No. 229-22). After Defendants responded with their repair plan, Plaintiffs rejected the repair plan as unreasonable and unacceptable to the owner. (ECF No. 229-24). Defendants argue that Plaintiffs' termination of the contract and rejection of the repair proposed made new facts and witnesses relevant. Mr. Graham, Mr. Gorman, and Mr. Borling would address topics relating to Defendants' repair plan and Plaintiffs' asserted reasons for rejecting it. Defendants argue that it only became clear in 2025 that Plaintiffs would present their concerns with the "jacking up" approach at trial, citing their opposition to the motion for summary judgment. Further, on August 1, 2025, Plaintiffs first produced an internal Consumers "Executive Summary." According to Defendants, the "Executive

3

Summary" appears to reflect Plaintiffs' decision to reject Defendants' repair plan, including comments regarding the jacking-up approach. Thus, Defendants argue that Graham, Gorman, and Borling are relevant witnesses needed to fairly respond to Plaintiffs' "late-breaking contentions about the jacking-up technique." (ECF No. 272, PageID.28965).

In contrast, Plaintiffs contend that Defendants' theory that it was not clear that the jacking up plan would be a prominent issue at trial lacks credibility. These witnesses were working on a repair plan in 2022 and thus had discoverable information but were not disclosed. Further, Count II of the complaint is about repair. Plaintiffs expended significant efforts at discovering facts related to any repair plan. In October 2024, Defendants tendered the jacking-up plan, "leaving no doubt that the plan was 'prominent issue' in the case at least *ten months* before the trial order." (ECF No. 281, PageID.29563) (emphasis in original). And in their December 3, 2024 letter rejecting the plan, Plaintiffs detailed their objections to the plan. (ECF No. 229-24). Accordingly, Plaintiffs argue these issues are not "late-breaking" such that they excuse an untimely disclosure.

As to witnesses Mazolla and Fitschen, Defendants point out they are employees of Plaintiffs' contractor, Voith Hydro. They have authored a number of Plaintiffs' recently produced documents that Plaintiffs intend to rely on at trial.

4

For example, on July 17, 2025, Plaintiffs produced 14 documents in which the names of Mazolla and Fitschen appeared.  Accordingly, Defendants argue that there can be no prejudice where the witnesses work for Plaintiffs and whose documents are included in Plaintiffs' recent productions.  Plaintiffs point out, however, that they produced documents about the Voith repair plan in September 2023, including documents identifying Mazolla and Fitschen.

     The court agrees with Plaintiffs that the witnesses could have and should have been identified earlier.  The court does not find good cause for the late disclosure or that it was substantially justified or harmless.  There was clear surprise that such witnesses would be offered.  There was also little ability to cure the surprise because the witnesses were disclosed only months before trial.  Calling five additional witnesses would disrupt an already lengthy trial.  Given the extensive expert testimony being offered by Defendants, the importance of the evidence from these witnesses does not seem critical.  Finally, the court is not persuaded by Defendants' reasoning for the late disclosures.  The court agrees with Plaintiffs that rejection of the jacking up plan is not "late breaking" news and Defendants were aware of its prominence at least 10 months before the final pretrial order was due to be filed.  Further, the Voith witnesses were identified in documents in September 2023.  Accordingly, the court is similarly unpersuaded

5

that their identification in more recent documents provides a basis for their late identification. *See Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). Accordingly, the motion in limine is **GRANTED** as to the late disclosed witnesses.

B.    Untranslated Documents

Defendants have included on its trial exhibit list about 100 documents written in a foreign language and unaccompanied by a certified translation. Defendants explain that the issue will be moot by the time briefing is complete because they are in the process of providing certified translations. At the time of their response brief, Defendants had provided certified translations for 123 out of 134 non-English documents on their proposed exhibit list for which certified translations were not previously exchanged. Defendants also pointed out at the hearing that Plaintiffs have their own translators. In the court's view, the vast majority of the translations were provided sufficiently in advance of trial such that Plaintiffs have suffered no prejudice, particularly where they have employed their own translators. The motion in limine is **DENIED** in this respect.

C.    Late Produced Documents

On August 15, 2025, Defendants produced 344 documents[1] for the first time and added some of these documents to their trial exhibit list. Plaintiffs

---

[1] Defendants characterize the production as 123 families of documents.

contend that Defendants should be precluded from putting any late-produced documents on their trial list.  The parties disagree as to whether Plaintiffs' reiterated their request for the documents produced.  In an email dated July 28, 2025, counsel for Plaintiffs asserted that "Toshiba has failed to respond to post-deposition requests made by Plaintiffs, including our post-deposition request for documents expressly referenced by Ms. Ogino during the deposition." (ECF No. 272-3, PageID.29073).  In response to this email, counsel for Defendants wrote that they would be "supplementing our production for additional responsive materials that we are able to identify from our investigation, in view of Plaintiffs' request." *Id*.  Plaintiffs' counsel did not address this characterization in response to the email. *Id.* at PageID.29072.  Defendants proceeded with its production of documents apparently responsive to Plaintiffs' February 13, 2025 email[2] (ECF No. 272-4) on August 1, 8, and 15, 2025, related to Opinions from ESS and LDV relating to the Ludington Plant.  (ECF No. 272-5).

---

[2] The February 13, 2025 email asked for, among other things:

> "c. Any "opinions" from LDV related to the Ludington Plant, including but not limited to the "opinions" referenced in Ms. Ogino's Deposition Notes;
>
> d. Any "opinions" from ESS related to the Ludington Plant, including but not limited to the "opinions" referenced in Ms. Ogino's Deposition Notes. If all "opinions" have already been produced, please identify the Bates Numbers of the documents."

According to Plaintiffs, about half the documents produced concern its work on the Plant and are dated between 2009 and 2015.  The documents pertain to topics such as Defendants' DR/DRE designs and the parties' contract negotiations, which were called for in discovery requests dating back to 2022. (ECF No. 281-2).  Defendants offer no reasonable explanation for the late production of these documents.  Additionally, some documents are what Plaintiffs characterize as improper expert documents including emails between Defendants and an engineering consulting firm, LDV between 2019 and 2022. While Plaintiff did request these documents back in February, they did not request them more recently, contrary to Defendants' assertion.  Thus, characterizing Plaintiffs' observation that the documents were never produced as a "request" does not provide a justification for their late production.  Defendants also produced documents about other plants, dated between 1980 and 2024. According to Plaintiffs, Defendants plan to use these documents to show it has done good work at other plants.  Again, Defendants offer no reasonable explanation for the late disclosure of this category of documents.  Instead, Defendants argue that Plaintiffs' own late production justifies their actions.  The court finds that it does not and if Defendants took issue with Plaintiffs' production, that could have been addressed in their own motion in limine.

8

For these reasons, the court **GRANTS** the motion in limine as to the late identified witnesses and documents but **DENIES** the motion in limine as to the untranslated documents.

**SO ORDERED**.

Dated: October 21, 2025                                         s/F. Kay Behm
                                                                F. Kay Behm
                                                                United States District Judge