IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY,<br><br>    Plaintiffs/Counter-Defendants,<br><br>    v.<br><br>TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION,<br><br>    Defendants/Counter-Plaintiffs. | Case No: 4:22-cv-10847<br><br>Hon. F. Kay Behm<br><br>Mag. Judge Curtis Ivy, Jr. |

**JOINT SUBMISSION REGARDING CERTAIN TRIAL MATTERS
FOR RESOLUTION BY THE COURT**

Despite substantial efforts to meet and confer, consistent with LR 7.1, the parties have reached impasse on the following issues and request resolution by the Court prior to trial.

1. **Witness disclosure.** The parties agree to provide one another with advance notice of witnesses expected to be called. The expected order of the witnesses shall also be disclosed. This agreement does not affect the parties' stipulation regarding trial subpoenas and notice thereof.

    a. <u>Plaintiffs' Position:</u> Plaintiffs propose to provide the above information to Defendants no later than noon the day before the witnesses are reasonably expected to be called.

1

    b.    <u>Defendants' Position:</u> Defendants propose that the side calling the witness provide the above information to the other side no later than noon two business days before fact witnesses are reasonably expected to be called and noon three business days before expert witnesses are reasonably expected to be called. Defendants propose that if the noon notification trigger falls on a weekend or holiday, the noon notification trigger shall apply from the closest prior business day.

2.    **Illustrative aids.** The parties agree that if the direct examination of a witness will include the use of prepared illustrative aids pursuant to Fed. R. Evid. 107, the examining side shall provide the other side with a copy of substantive graphics created for such aids (e.g., diagrams, timelines, illustrations, animations, computations, and similar) no later than noon the day before the witness is expected to be called. The parties shall include on such material the source that the aid is intended to illustrate.

    a.    <u>Plaintiffs' Position:</u> Plaintiffs propose to provide any text statements (e.g., bullet points and similar) that summarize or organize expected testimony no later than one hour prior to the time when the witness is expected to be called, so as to allow a reasonable opportunity to object prior to the witness being called.

    b.    <u>Defendants' Position:</u> Defendants propose to provide any text statements (e.g., bullet points and similar) that summarize or organize expected *expert* testimony at the same time as illustrative aids pursuant to Fed. R. Evid. 107 (i.e., no later than noon the day before the witness is expected to be called). Defendants do not believe either side should be permitted to use "bullet points and similar" to summarize or organize the testimony of fact witnesses as such testimony is being elicited on the stand. The parties can confer on the propriety of after-the-fact summaries of fact testimony for use in closing statements at the end of the trial.

3. **Untimely Expert Disclosures**

    a.    <u>Plaintiffs' Position</u>: Plaintiffs move to exclude two new Computational Fluid Dynamics (CFD) computerized model analyses recently performed or still being performed by one of Defendants' experts, William Marscher. Defendants first made Plaintiffs aware that Mr. Marscher was working on a new CFD model analysis at approximately noon on October 28, 2025, three hours before a scheduled supplemental deposition of Mr. Marscher. Mr. Marscher has not disclosed the electronic model itself, and when asked about the CFD analysis in his supplemental deposition, he testified that he is still running another,

"multi-phase" CFD model now, "which it may be too late to make it part of our submittal." Mr. Marscher's disclosure of these computerized models is too late under the Federal Rules and this Court's scheduling orders.

b. <u>Defendants' Position</u>:

Mr. Marscher's CFD model, which accounts for sand erosion, is timely and responsive to (i) Plaintiffs' recent expert disclosures, (ii) the operating restrictions that Plaintiffs placed on Units 2 and 4 in 2025, and (iii) the conditions of the Ludington Plant as observed by Mr. Marscher on September 19, 2025 (the date unilaterally selected by Plaintiffs for a Unit 4 inspection). As Mr. Marscher testified in deposition on October 28, 2025 (i.e., yesterday), he disagrees with the conclusions contained in Dr. Owens's July 16, 2025 report and performed a CFD analysis to, among other things, model the impact of sand erosion in Unit 4. (Marscher Vol. II Tr. 333:7–339:15). A CFD analysis involves time-consuming computer calculations that take weeks to solve (after weeks of model construction and pre-processing). Mr. Marscher's CFD model was produced to Plaintiffs on October 28, 2025, as soon as it was possible to do so and only "a couple days" after Mr. Marscher himself got the results. (Marscher Vol. II Tr. 325:9-15). It took the extra "couple days" to review and confirm the results.

During the September 19, 2025 Unit 4 inspection unilaterally set by Plaintiffs, Mr. Marscher requested permission from Plaintiffs to take sand-containing water samples from the lake surface and subsurface near the turbines at the Ludington Plant. (Marscher Vol. II Tr. 343:19–344:6). The volume of sand in the water is an important input for Mr. Marscher's CFD analysis. Mr. Marscher's request was denied even though he observed sand accumulation during the inspection. (Marscher Vol. II Tr. 344:7-17). To calculate the effect of the visible sand accumulation inside the turbine runner and the DR and DRE components, Mr. Marscher took alternative water and sand samples that same day from the closest portion of public land to the Ludington Plant as part of the information required to construct his CFD model. The relevance of sand is confirmed by Mr. Durand's October 23, 2025 testimony (confirming the presence of sand throughout the Ludington Plant). (Durand Vol. II Tr. 278:3–280:2).

Additionally, Mr. Marscher, an expert for the defense, is unlikely to testify at trial in the next three weeks. As a generous accommodation, Defendants are willing to make Mr. Marscher available during those weeks for a further (i.e., third) deposition prior to his trial testimony regarding his most recent CFD analysis.

Finally, it strains credulity for Plaintiffs to object to Mr. Marscher's supplemental disclosures as Plaintiffs' own experts have made numerous recent disclosures of their own, including two on July 16, 2025: one by Dr. Owens (which

Mr. Marscher rebuts, in part with his new CFD analysis) and one by Mr. Emmert (Plaintiffs' damages expert).

Respectfully submitted,

| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY | TOSHIBA AMERICA ENERGY SYSTEMS COPRORATION and TOSHIBA CORPORATION |
|---|---|
| By: __/s/ Terri L. Mascherin__<br>One of their attorneys | By: __/s/ Christopher M. Curran__<br>One of their attorneys |
| Terri L. Mascherin<br>tmascherin@jenner.com<br>Daniel J. Weiss<br>dweiss@jenner.com<br>Christopher Tompkins<br>ctompkins@jenner.com<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, Illinois 60654<br>(312) 222-9350<br><br>Patrick G. Seyferth<br>seyferth@bsplaw.com<br>Derek J. Linkous<br>linkous@bsplaw.com<br>BUSH SEYFERTH PLLC<br>100 West Big Beaver Road<br>Suite 400<br>Troy, Michigan 48084<br>(242) 822-7800<br><br>*Counsel for Plaintiffs/Counter-Defendants* | Christopher M. Curran<br>ccurran@whitecase.com<br>Eric Grannon<br>egrannon@whitecase.com<br>J. Frank Hogue<br>fhogue@whitecase.com<br>Holly Zheng<br>holly.zheng@whitecase.com<br>WHITE & CASE LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005<br>(202) 626-3600<br><br>Nicholas J. Ellis (P73174)<br>nellis@foley.com<br>FOLEY & LARDNER LLP<br>500 Woodward Avenue, Suite 2700<br>Detroit, MI 48226-3489<br>(313) 234-7100<br><br>Jennifer M. Luther<br>jluther@foley.com<br>FOLEY & LARDNER LLP<br>150 East Gilman Street, Suite 5000<br>Madison, WI 53703<br>(608) 258-4215<br><br>*Counsel for Defendants/Counter-Plaintiffs* |