UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

      Plaintiffs,

                                  Case No. 22-10847

v.

                                  Hon. F. Kay Behm

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

      Defendants.

_____/

## ORDER ON PRETRIAL MATTERS

The court heard from the parties on several pre-trial issues on October 30, 2025.  The court will address each issue separately below.

1.      Illustrative Aids.  The parties agree that illustrative aids will be provided to the other side by noon the day before the witness is expected to be called.  The parties disagree regarding the timing of disclosure of any accompanying text statements that would accompany the illustrative exhibits.  Plaintiffs propose to provide such text one hour before the witness is expected to be called.  Defendants propose that the text should be provided at the same time as the illustrative exhibit.  The court determines that

accompanying text statements must be provided by close of business the day before the witness is expected to testify.

2.      Plaintiffs seek to offer the testimony of Mr. Takagi via video deposition, as they designated in the final pre-trial order.   Defendants object, taking the position that because Mr. Takagi is available to testify, Plaintiffs cannot present his testimony via video.  But, Defendants also take the position that Plaintiffs cannot call Mr. Takagi as a witness because he was not listed in the joint final pretrial order as a live witness.  The court takes a different view.   Plaintiffs, as required by Local Rule 16.2(b)(8), indicated in their witness list in the Joint Final Pretrial which witnesses would be provided by deposition.  The court considers that incorporation of Appendix A in the Joint Final Pretrial Order to include the naming of the witnesses therein as part of Plaintiffs' witness list.  (ECF No. 266, PageID.27256) (The Utilities have separately disclosed deposition designations for witnesses the Utilities expect to present through deposition in whole or part. Those designations are attached hereto as Appendix A.").  According to the parties, Mr. Takagi lives in Texas and thus lives more than 100 miles from the court.  A witness is unavailable to testify at trial if the court finds that the witness "is more than 100 miles from the place of hearing or trial…" Fed. R. Civ. P. 32(a)(4)(B).

Unless Defendants agree to produce Mr. Takagi voluntarily via the parties'
stipulation, the court finds that he is unavailable for trial and thus, his
testimony may be presented via video deposition.  This does not conflict with
the court's decision on the motion in limine, which concluded that witnesses
otherwise available to testify could not be presented by video deposition.
(ECF No. 305, PageID.30957).

     3.    Plaintiffs object to the disclosure by Defendants' expert, William
Marscher, on Tuesday October 28, 2025 (two days before trial was set to
begin) of a new Computational Fluid Dynamics (CFD) computer model of a
form of erosion activity that was not previously addressed in any other models
disclosed by this witness.  Plaintiffs move to exclude this model and any
testimony about it, along with an additional model that Mr. Marscher
disclosed that he is still working on.

     Under Fed. R. Civ. P. 37(c)(1), "If a party fails to provide information or
identify a witness as required by Rule 26(a) or (e), the party is not allowed to
use that information or witness to supply evidence on a motion, at a hearing,
or at a trial, unless the failure was substantially justified or is harmless."  The
computer model at issue here certainly falls within the expert disclosures
required by Rule 26(a)(2).  Expert discovery closed on February 14, 2025.  The

parties' continued with some limited expert discovery after that date,

including depositions allowed by court order.  The question is whether this

particular disclosure of a new CFD two days before trial is simply too late.  In

order to make that assessment, the court must determine whether the late

disclosure is "substantially justified" or "harmless."  According to the Sixth

Circuit, the court must evaluate the following five factors:

> (1) the surprise to the party against whom the
> evidence would be offered; (2) the ability of that party
> to cure the surprise; (3) the extent to which allowing
> the evidence would disrupt the trial; (4) the
> importance of the evidence; and (5) the nondisclosing
> party's explanation for its failure to disclose the
> evidence.

*Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015).

The surprise is evident.  While Mr. Marscher previously discussed this

type of erosion in his reports, he never previously produced any computer

modeling on this subject.  Plaintiffs indicate that it would take weeks to

analyze and respond to the new CFD, which given that trial has already

started, seriously impairs any ability to cure the surprise.  Defendants have

offered to permit another deposition of Mr. Marscher, but given the time

needed to analyze and prepare a response to the new CFD, Plaintiffs will be

well into presentation of their case at trial.  The ability to cure the surprise is essentially non-existent, given the timing of the disclosure.

The court also finds that the evidence would disrupt the trial by presenting an important new theory through computer modeling while Plaintiffs have already prepared for trial based on the disclosures timely made.  The court is also not persuaded by Defendants' proffered reasons for the late disclosure.  The CFD was produced purportedly in response to Plaintiffs' expert Dr. Owens July 16, 2025 review of a Toshiba CFD analysis from 2022 and its recent inspection of the unit.  Defendants do not sufficiently explain why they waited until two days before trial to produce the CFD based on information received three months ago (the Dr. Owens letter) and over one month ago (the recent inspection).  The court finds that the CFD was simply produced too late and it, along with any related testimony, must be excluded.

**SO ORDERED**.

Dated: October 31, 2025                             s/F. Kay Behm
                                                   F. Kay Behm
                                                   United States District Judge