IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION,<br><br>Defendants/Counter-Plaintiffs. | Case No: 4:22-cv-10847<br><br>Hon. F. Kay Behm<br><br>Mag. Judge Curtis Ivy, Jr. |

**TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION'S
<u>PROPOSED JURY VERDICT FORM</u>**

Defendant Toshiba America Energy Systems Corporation ("TAES") objects to Plaintiffs' Proposed Verdict Form (ECF 373) and respectfully requests that the attached verdict form be submitted to the jury pursuant to Rule 49 of the Federal Rules of Civil Procedure. TAES's alternative is much more in line with verdict forms recently used by this Court in breach-of-contract actions. *See, e.g.*, Verdict Form, *Hillman Power Co. v. On-Site Equip. Maint., LLC*, No. 1:19-cv-11009 (E.D. Mich. May 9, 2023), ECF 105; Verdict Form, *Hello Farms Licensing MI LLC v. GR Vending MI, LLC*, No. 1:21-cv-10499 (E.D. Mich. Jan. 29, 2025), ECF 257.

Plaintiffs' proposed verdict form is confusing, misleading, unduly prejudicial, and conflicts with Michigan law. It asks a single, generalized question regarding breach and then immediately leaps to a damages determination about six different

Units. Questions 1 and 2 lack parallel structure and logical sequencing. Question 2 is also confusing because it asks the jury to calculate damages "by Unit," even though trial testimony has largely focused on alleged defects at the component level. And the confusion is compounded by the inclusion of embedded damages "caps," which inject additional disputed legal and factual issues directly into Question 2, such that the jury would be addressing causation, damages, and "caps" in a single question for six different units—effectively 18 questions in one.

In addition, Plaintiffs' proposed verdict form is confusing, misleading, and unduly prejudicial because it implies that damages should be awarded. After Question 1, the jury is directed immediately to damages without any intervening finding that TAES's alleged breach injured Plaintiffs. A standard approach in Michigan contract cases is to require a causation finding before the jury reaches damages. *See, e.g.*, Verdict Form, *Hillman Power Co. v. On-Site Equip. Maint., LLC*, No. 1:19-cv-11009 (E.D. Mich. May 9, 2023), ECF 105; Verdict Form, *Hello Farms Licensing MI, LLC v. GR Vending MI, LLC*, No. 1:21-cv-10499 (E.D. Mich. Jan. 29, 2025), ECF 257.

This flaw is amplified by the phrasing of Question 2, which asks "What damages naturally arise . . . ?" rather than "What, if any, damages naturally arise . . . ?" thereby further presuming damages. *See* M Civ JI 142.30 (Introduction to Damages: "you must determine the amount of money, *if any*, to award") (emphasis

2

added). On top of that, Question 2 embeds contested damages caps and juxtaposes Plaintiffs' and Defendants' competing figures in a manner that invites compromise verdicts untethered to the evidence and improperly anchors the jury to extraordinarily large numbers at the top of the alleged damages range. And the predetermined liquidated damages questions that follow are presented to the jury without any context.

Furthermore, the unit-by-unit request for damages in Question 2 may cause double counting of liquidated damages. The parties stipulated that "Plaintiffs' sole and exclusive remedy for TAES's late achievement of Unit Interim Acceptance of Units 1, 6, and 3" is $11,287,402, which "is without prejudice to any other claims for damages." ECF 309, PageID.31234. Contrary to this stipulation and the proposed verdict form, Plaintiffs' damages expert, Mr. Emmert, prepared a summary of damages for the jury, which lists Plaintiffs' alleged damages by Unit. PI-103-0002. Mr. Emmert's Unit-based summary does not separate out Liquidated Damages. *Id.* If the jury follows Mr. Emmert's summary, this may impermissibly result in double counting the liquidated damages with regard to Units 1, 6, and 3.

Question 2 also conflicts with Michigan law by omitting Plaintiffs' burden of proof on damages. Michigan's Civil Model Jury Instructions make clear that a plaintiff "must prove by a preponderance of the evidence the amount of any damages to be awarded." *See, e.g.*, M Civ JI 142.30 (Introduction to Damages). That standard

3

is incorporated into the stipulated jury instructions and reflected in verdict forms in Michigan contract cases. *See, e.g.*, Verdict Form, *Hillman Power Co. v. On-Site Equip. Maint., LLC*, No. 1:19-cv-11009 (E.D. Mich. May 9, 2023), ECF 105; Verdict Form, *Hello Farms Licensing MI LLC v. GR Vending MI, LLC*, No. 1:21-cv-10499 (E.D. Mich. Jan. 29, 2025), ECF 257.

Plaintiffs properly included the preponderance standard in Question 1, but conspicuously omitted it from the damages question. That omission further skews the verdict form in Plaintiffs' favor and misleads the jury as to the governing legal standard. Moreover, Plaintiffs' apparent attempt to suggest a lower burden by using "show," rather that "prove," throughout the instructions is inconsistent with Michigan's Model Civil Jury Instructions and likely to create even more confusion. *See, e.g.*, M Civ JI 142.01 ("burden of proving"); M Civ JI 142.50 ("burden to prove").

Plaintiffs also improperly urge the Court to omit a question on affirmative defenses from the verdict form. ECF 373 ¶ 3, PageID.42380. But it is standard practice to include affirmative defenses on verdict forms; it would be prejudicial to omit such a question. *See, e.g.*, *Davis v. City of Memphis Fire Dep't*, 576 F. App'x 464, 466-67 (6th Cir. 2014) (observing that "the district court provide[d] a verdict form to walk the jurors through the elements of [plaintiff's] claim and the [defendant's] affirmative defense"); *Hubbell v. FedEx Smartpost, Inc.*, No. 14-

4

13897, 2018 WL 1288988, at *4 (E.D. Mich. Mar. 13, 2018) (observing that the verdict form asked whether defendant had proven affirmative defense).

Lastly, Plaintiffs suggest an erroneous clear-and-convincing evidence standard for Defendants' affirmative defenses. *Id.* This conflicts with Michigan law. *See, e.g.*, *Trader v. Comerica Bank*, No. 317622, 2014 WL 6792041, at *5 (Mich. Ct. App. Dec. 2, 2014) ("Being an affirmative defense, defendant had the burden of establishing it by a preponderance of the evidence."); *Stein v. Home-Owners Ins. Co.*, 843 N.W.2d 780, 784 (Mich. Ct. App. Oct. 17, 2013) (holding "trial court erred by requiring defendant to prove its affirmative defenses by clear and convincing evidence").

For these reasons, Plaintiffs' proposed verdict form should be rejected and replaced with a more neutral and easier-to-follow form that clearly separates breach, causation, and damages, and accurately reflects the applicable standards. While this is a complex case, an overly complex verdict form not only creates confusion but is unnecessary given the jury instructions that will accompany the verdict form and the extensive evidence and argument presented to the jury.

Accordingly, Defendants propose the attached verdict form, which is modeled on recent breach-of-contract jury trials in this District. *See, e.g.*, Verdict Form, *Hillman Power Co. v. On-Site Equip. Maint., LLC*, No. 1:19-cv-11009 (E.D. Mich. May 9, 2023), ECF 105; Verdict Form, *Hello Farms Licensing MI LLC v. GR*

*Vending MI, LLC*, No. 1:21-cv-10499 (E.D. Mich. Jan. 29, 2025), ECF 257.

Defendants reserve the right to amend this proposed form, including requesting other questions, revising these questions, and withdrawing or objecting to questions, as appropriate based on the Court's rulings and the evidence presented to the jury at trial up to when the jury deliberates.

Dated:   December 14, 2025

Respectfully submitted,

**WHITE & CASE**

By:   */s/ Christopher M. Curran*
　　　　Christopher M. Curran

**FOLEY & LARDNER LLP**

Nicholas J. Ellis (P73174)
500 Woodward Avenue, Suite 2700
Detroit, MI  48226-3489
(313) 234-7100
nellis@foley.com

Jennifer M. Luther
150 East Gilman Street, Suite 5000
Madison, WI 53703
(608) 258-4215
jluther@foley.com

Christopher M. Curran
Eric Grannon
J. Frank Hogue
Adam M. Acosta
Holly Zheng
701 Thirteenth Street, NW
Washington, DC  20005
(202) 626-3600
ccurran@whitecase.com
egrannon@whitecase.com
fhogue@whitecase.com
adam.acosta@whitecase.com
holly.zheng@whitecase.com

*Attorneys for Toshiba America Energy Systems Corporation and Toshiba Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 14, 2025, I filed the foregoing document and this Certificate of Service with the Court using the ECF system, which sent notice of filing to all attorneys of record.

*/s/ Christopher M. Curran*
Christopher M. Curran

# [PROPOSED] VERDICT FORM

The parties have stipulated that the amount of Liquidated Damages for Lateness owed by TAES, as Consumers Energy and DTE's sole and exclusive remedy for TAES's late achievement of Unit Interim Acceptance of Units 1, 6, and 3, is $11,287,402.  This stipulation is without prejudice to any other claims for damages asserted by the parties.

With respect to the parties' remaining claims, please answer the following questions in which your answers must be unanimous:

1. Did Consumers Energy and DTE prove by a preponderance of the evidence that TAES substantially breached the parties' Contract?

   YES _____        NO _____

   *If you answered "NO," then go to Question 5 and skip Questions 2, 3, and 4. If you answered "YES," then go to Question 2.*

2. Did Consumers Energy and DTE prove by a preponderance of the evidence that they suffered damages as a result of TAES's substantial breach of the parties' Contract?

   YES _____        NO _____

   *If you answered "NO," then go to Question 5 and skip Questions 3 and 4. If you answered "YES," then go to Question 3.*

3. Did TAES prove by a preponderance of the evidence that any of its affirmative defenses bar Consumers Energy and DTE's damages entirely?

   YES _____        NO _____

   *If you answered "NO," then go to Question 4.  If you answered "YES," then go to Question 5 and skip Question 4.*

4. Write the amount of damages that Consumers Energy and DTE have proven by a preponderance of the evidence should be awarded to compensate them fairly for TAES's substantial breach of the parties' Contract, taking into account TAES's affirmative defenses and the contractual limitations on damages.

   Amount: $ _____

   *Go to Question 5.*

5. Did TAES prove by a preponderance of the evidence that Consumers Energy and DTE substantially breached the parties' Contract with respect to TAES's counterclaim?

   YES _____        NO _____

   *If you answered "NO," then skip Questions 6 and 7 and proceed to the Concluding Instruction below.  If you answered "YES," then go to Question 6.*

6. Did TAES prove by a preponderance of the evidence that it suffered damages as a result of Consumers Energy and DTE's substantial breach of the parties' Contract?

   YES _____        NO _____

   *If you answered "NO," then skip Question 7 and proceed to the Concluding Instruction below.  If you answered "YES," then go to Question 7.*

7. Write the amount of damages that TAES has proven by a preponderance of the evidence should be awarded to compensate it fairly for Consumers Energy and DTE's substantial breach of the parties' Contract.

   Amount: $ _____

   *Proceed to the Concluding Instruction below.*

2

3

# CONCLUDING INSTRUCTION

      If you have properly followed the instructions that accompany this Verdict Form, you will have completed your deliberations when you have reached this point. Please review the Verdict Form once more to make sure that you have answered all the questions warranted by the instructions and that you have recorded no response to questions that, under the instructions, there was no occasion for you to address. Then your foreperson should sign and date below.

Date:_____                 Signature:_____