IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY,<br><br>    Plaintiffs/Counter-Defendants,<br><br>    v.<br><br>TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION,<br><br>    Defendants/Counter-Plaintiffs. | Case No: 4:22-cv-10847<br><br>Hon. F. Kay Behm<br><br>Mag. Judge Curtis Ivy, Jr.<br><br>**Oral Argument Requested** |

**TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION
AND TOSHIBA CORPORATION'S MOTION TO PRECLUDE THE
REBUTTAL TESTIMONY OF JASON DURAND**

## QUESTION PRESENTED

1. Should the Court preclude Plaintiffs' witness Jason Durand from testifying during their rebuttal case?

Defendants: Yes.

# **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................1

CONCLUSION ............................................................................................................4

## **ARGUMENT**

Defendants seek to preclude Plaintiffs' witness Jason Durand from testifying in their rebuttal case concerning subject matter on which he has already testified in Plaintiffs' case in chief.  Mr. Durand should not be allowed to repeat testimony that was "already . . . presented to the jury," *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 701 (6th Cir. 2001), and Plaintiffs' attempt to use his rebuttal testimony "to buttress their case[]in[]chief" would be improper rebuttal.  *Greene v. Ledvance LLC*, No. 3:21-cv-256, 2024 WL 5010834, at *4 (E.D. Tenn. Dec. 6, 2024).

In the Sixth Circuit, only "real" rebuttal evidence is classified as proper rebuttal.  "Real" rebuttal evidence is that which is "offered by a Plaintiff in response to a defense theory or proof that ordinarily would not be offered by the Plaintiff in its case[]in[]chief to establish an element of one or more of its causes of action." *Taylor v. Brandon*, No. 3:14-cv-0588, 2018 WL 3581142, at *2 (W.D. Ky. Jan. 30, 2018).  In other words, "if the evidence . . . offered in rebuttal is evidence . . . that the Plaintiff ordinarily would be expected to offer in support of one or more of the elements of its cause of action," it is not "'real' rebuttal evidence and may properly be excluded on such ground." *Id.*

Under this guidance, courts in the Sixth Circuit have excluded cumulative rebuttal testimony whose "substance" was already presented to the jury through the direct and cross examinations of other witnesses, *see Varga*, 242 F.3d at 701, and

rebuttal evidence offered to buttress "a neglected part of [a party's] affirmative case," *see In re Air Crash Disaster*, 86 F.3d 498, 528 (6th Cir. 1996). *See also Davis v. City of Memphis Fire Dep't*, 576 F. App'x 464, 468-69 (6th Cir. 2014) (upholding exclusion of rebuttal testimony that would be no more than a repeating of the witness's testimony on direct examination); *Greene*, 2024 WL 5010834, at *4 (citing *Air Crash*, 86 F.3d at 528) ("[I]t appears that Plaintiffs are attempting to use a rebuttal expert to buttress their case[]in[]chief . . . . This is not allowed.").

Here, there is no conceivable basis for Mr. Durand to provide rebuttal testimony, because it would be needlessly cumulative and constitute an improper attempt by Plaintiffs to buttress testimony already presented in their case in chief. Plaintiffs are unwilling to identify the subject matter of Mr. Durand's rebuttal testimony despite Defendants' efforts to meet and confer on the issue beginning on December 12, 2025. *See* Exhibit A (Email from F. Hogue to H. Chen dated Dec. 13, 2025) at 1-2. Nevertheless, Defendants note that Mr. Durand has already testified about points that Plaintiffs may choose to revisit in their rebuttal case, including evidence that Plaintiffs operate various units simultaneously in pump mode and generate mode and that Plaintiffs do not perform maintenance or keep adequate maintenance records.

Mr. Durand affirmatively addressed simultaneous pumping and generating in his testimony on direct examination by explaining that "there are parts of the design

of the plant that require [Plaintiffs] to pump and generate for very short periods of time in order to pump-start units." *See* Exhibit B (ECF 358, Tr. Vol. 2 at 118:8-10, PageID.41053). He then explained the concept for several minutes. *Id.* at 118:1-119:3, PageID.41053-54; 121:1-4, PageID.41056. Plaintiffs also had the opportunity to cross-examine Defendants' expert witness William Marscher regarding his comments on the issue. *See, e.g.*, Exhibit B (ECF 368, Tr. Vol. 18 at 21:14-26:3, PageID.42074-79).

Mr. Durand also testified at length regarding Plaintiffs' maintenance practices and maintenance recordkeeping at several points, covering maintenance plans, maintenance task lists, and maintenance work orders, *see e.g.*, Exhibit B (ECF 358, Tr. Vol. 2 at 132:12-159:21, PageID.41067-94), and addressed documents on the absence of maintenance records in his testimony on both cross- and redirect examinations, *see e.g.*, *id.* at 190:4-194:14, PageID.41125-29; 219:24-220:13, PageID.41154-55. These subjects were already addressed as part of Plaintiffs' case in chief and could have been further explored by Plaintiffs if they had so chosen during Mr. Durand's case-in-chief examination.

To the extent Plaintiffs seek to rebut testimony presented by TAES's Scott Torvik during Defendants' case in chief regarding maintenance records and maintenance tasks (including tasks regarding wye strainers), or other trial testimony, it is improper rebuttal. Mr. Torvik and other witnesses did not present new testimony

that would constitute proper ground for rebuttal testimony regarding the same. *See Mathis v. Roa*, 793 F. App'x 367, 370-72 (6th Cir. 2019) (upholding exclusion of expert rebuttal testimony because the opposing expert had not offered new testimony during the party's case in chief). Lastly, the issues that Mr. Durand addresses are not appropriate rebuttal because they have been in dispute since the discovery phase of this case at multiple witnesses' depositions and could have been reasonably anticipated before trial. *See Paris v. Murray*, No. 10-cv-10847, 2012 WL 13005307, at *3 (E.D. Mich. Aug. 7, 2012) (finding that the plaintiff's proposed trial exhibits were not rebuttal exhibits under the local rule because they "could have been reasonably anticipated before trial").

If Plaintiffs seek to have Mr. Durand provide rebuttal testimony on some other topics, that too should be precluded given Plaintiffs' refusal to disclose those topics despite a meet-and-confer request.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court grant their Motion to Preclude the Rebuttal Testimony of Jason Durand.

Dated:  December 14, 2025

**FOLEY & LARDNER LLP**

Nicholas J. Ellis (P73174)
500 Woodward Avenue, Suite 2700
Detroit, MI  48226-3489
(313) 234-7100
nellis@foley.com

Jennifer M. Luther
150 East Gilman Street, Suite 5000
Madison, WI 53703
(608) 258-4215
jluther@foley.com

Respectfully submitted,

**WHITE & CASE**

By:  */s/ Christopher M. Curran*
     Christopher M. Curran

Christopher M. Curran
Eric Grannon
J. Frank Hogue
Holly Zheng
701 Thirteenth Street, NW
Washington, DC  20005
(202) 626-3600
ccurran@whitecase.com
egrannon@whitecase.com
fhogue@whitecase.com
holly.zheng@whitecase.com

*Attorneys for Toshiba America Energy Systems Corporation and Toshiba Corporation*

- 5 -

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 14, 2025, I filed the foregoing document and this Certificate of Service with the Court using the ECF system, which sent notice of filing to all attorneys of record.

*/s/ Christopher M. Curran*
Christopher M. Curran