IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 4:22-cv-10847 |
| v. | ) ) ) | Judge F. Kay Behm |
| TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION, | ) ) ) ) ) | Mag. Judge Curtis Ivy, Jr. |
| Defendants. | ) | |

## **FINAL JURY INSTRUCTIONS**

1

**Jury Instruction No. 1:**
**Introduction and Burden of Proof**

This case involves claims by Plaintiffs Consumers Energy Company and DTE Electric Company, collectively referred to as the Utilities, against Defendant Toshiba America Energy Systems Corporation ("TAES"). The Utilities allege that TAES breached a contract. A contract is a legally enforceable agreement to do or not to do something.

The Utilities have the burden of proving:

(1) that there was a contract between the Utilities and TAES;

(2) that TAES breached the contract; and

(3) that the Utilities suffered damages as a result of such a breach.

In this case, the parties do not dispute that there was a contract between them.

Your verdict will be for the Utilities if they have proved all of those elements. Your verdict will be for TAES if the Utilities have failed to prove any one of those elements.

This case also involves counterclaims by TAES that the Utilities breached the same contract. With respect to the counterclaims, TAES has the burden of proving:

(1) that there was a contract between the Utilities and TAES;

(2) that the Utilities breached the contract; and

(3) that TAES suffered damages as a result of the breach.

Again, the parties do not dispute that there was a contract between them.

2

Your verdict will be for TAES if it has proved all of those elements. Your verdict will be for the Utilities if TAES has failed to prove any one of those elements. AUTHORITY: M Civ JI 142.01.

**Jury Instruction No. 2:**
**Definition of Burden of Proof**

I have just listed for you the propositions on which the parties have the burden of proof. For the <u>parties</u> to satisfy <u>their</u> burden <u>as to their respective claims</u>, the evidence must persuade you <u>by a preponderance of the evidence</u>, which means that it is more likely than not that the proposition is true.

You must consider all the evidence regardless of which party produced it.

AUTHORITY: M Civ JI 8.01 (modified as indicated).

**Jury Instruction No. 3:**
**Burden of Proof – Clear & Convincing Evidence**

There are a couple of instances where I will instruct you that there is a different burden of proof known as clear and convincing that may apply.

Clear and convincing evidence means that the party must do more than merely persuade you that the proposition is probably true. To be clear and convincing, the evidence must be strong enough to cause you to have a clear and firm belief that the proposition is true.

AUTHORITY: M Civ JI 8.01(b) (modified as indicated).

## Jury Instruction No. 4:
## Facts to Be Determined from Evidence

It is your duty to determine the facts from evidence received in open court. You are to apply the law to the facts and in this way decide the case. Sympathy must not influence your decision. Nor should your decision be influenced by prejudice regarding disability, gender or gender identity, race, religion, ethnicity, sexual orientation, age, national origin, socioeconomic status or any other factor irrelevant to the rights of the parties.

Each of us may have biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases. Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions. Witnesses can have the same implicit biases. As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party, witness, or lawyer because of his or her disability, gender or gender identity, race, religion, ethnicity, sexual orientation, age, national origin, socioeconomic status or any other factor irrelevant to the rights of the parties. Your verdict must be based solely on the evidence presented. You must

carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party, witness, or lawyer.

AUTHORITY: M Civ JI 3.02.

**Jury Instruction No. 5:**
**Jury to Consider All the Evidence**

In determining whether any fact has been proved, you shall consider all of the

evidence bearing on that fact without regard to which party produced the evidence.

AUTHORITY: M Civ JI 3.09.

**Jury Instruction No. 6:**
**Jury Must Only Consider Evidence;**
**What Evidence Is / Prohibited Actions by Jurors**

(1) Your determination of the facts in this case must be based only upon the evidence admitted during the trial. Evidence consists of the sworn testimony of the witnesses. It also includes exhibits, which are documents or other things introduced into evidence.

(2) There are some things presented in the trial that are not evidence, and I will now explain what is not evidence:

(a) The lawyers' statements, commentaries, and arguments are not evidence. They are only meant to help you understand the evidence and each side's legal theories. You should only accept things the lawyers say that are supported by the evidence or by your own common sense and general knowledge. However, an admission of a fact by a lawyer is binding on his or her client.

(b) Questions by the lawyers, you or me to the witnesses are not evidence. You should consider these questions only as they give meaning to the witnesses' answers.

(c) My comments, rulings, summary of the evidence, and instructions are also not evidence. It is my duty to see that the trial is conducted according to the law, and to tell you the law that applies to this case. However, when I make a comment or give an instruction, I am not trying to influence your vote or express a personal

opinion about the case. If you believe that I have an opinion about how you should decide this case, you must pay no attention to that opinion. You are the only judges of the facts, and you should decide this case from the evidence.

(3) In addition, you are not to consider anything about the case from outside of the courtroom as it is not evidence admitted during the trial. Under the law, the evidence you consider to decide the case must meet certain standards. For example, witnesses must swear to tell the truth, and the lawyers must be able to cross-examine them. Because information obtained outside of the courtroom does not have to meet these standards, it could give you incorrect or misleading information that might unfairly favor one side, or you may begin to improperly form an opinion on information that has not been admitted. This would compromise the parties' right to have a verdict rendered only by the jurors and based only on the evidence you hear and see in the courtroom. So, to be fair to both sides, you must follow these instructions. I will now describe some of the things you may not consider from outside of the courtroom:

(a) Newspaper, television, radio and other news reports, emails, blogs and social media posts and commentary about this case are not evidence. Until I discharge you as jurors, do not search for, read, listen to, or watch any such information about this case from any source, in any form whatsoever.

(b) Opinions of people outside of the trial are not evidence. You are not to discuss or share information, or answer questions, about this case at all in any manner with anyone—this includes family, friends or even strangers—until you have been discharged as a juror. Don't allow anyone to say anything to you or say anything about this case in your presence. If anyone does, advise them that you are on the jury hearing the case, ask them to stop, and let me know immediately.

(c) Research, investigations and experiments not admitted in the courtroom are not evidence. You must not do any investigations on your own or conduct any research or experiments of any kind. You may not research or investigate through the Internet or otherwise any evidence, testimony, or information related to this case, including about a party, a witness, an attorney, a court officer, or any topics raised in the case.

(d) Except as otherwise admitted in trial, the scene is not evidence. You must not visit the scene of the occurrence that is the subject of this trial. If it should become necessary that you view or visit the scene, you will be taken as a group. You must not consider as evidence any personal knowledge you have of the scene.

(4) To avoid even the appearance of unfairness or improper conduct on your part, you must follow the following rules of conduct:

(a) While you are in the courtroom and while you are deliberating, you are prohibited altogether from using a computer, cellular telephone or any other

11

electronic device capable of making communications. You may use these devices during recesses so long as your use does not otherwise violate my instructions.

(b) Until I have discharged you as a juror, you must not talk to any party, lawyer, or witness even if your conversation has nothing to do with this case. This is to avoid even the appearance of impropriety.

(5) If you discover that any juror has violated any of my instructions about prohibited conduct, you must report it to me.

(6) After you are discharged as a juror, you may talk to anyone you wish about the case. Until that time, you must control your natural desire to discuss the case outside of what I've said is permitted.

AUTHORITY: M Civ JI 2.04.

**Jury Instruction No. 7:**
**Foreign Language Testimony**

This court seeks a fair trial for all, regardless of the language they speak and regardless of how well they may or may not speak English. Therefore, do not allow the fact that a ~~the~~ party <u>or witness</u> requires an interpreter to influence you in any way. Although some of you may know the non-English language being used, it is important that all jurors consider the same evidence. You should not rely in any way on any knowledge that you may have of the language spoken; your consideration of the testimony and/or transcripts should be based only on English interpretation of the evidence introduced in the trial.

<u>AUTHORITY:</u> Michigan Supreme Court, *Judge's Quick Guide to Foreign Language Access*, at 6, https://www.courts.michigan.gov/ 4ae774/siteassets/court-administration/access-temporary/foreign-language/lapjudges-bestpracticesguide.pdf (modified as indicated).

**Jury Instruction No. 8:**
**Jurors May Take into Account Ordinary Experience and Observations**

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case, that knowledge may not be used as evidence.

AUTHORITY: M Civ JI 3.11.

**Jury Instruction No. 9:**
**Credibility of Witnesses**

(1) You are the judges of the facts in this case, and you must determine which witnesses to believe and what weight to give to their testimony. You do not have to accept or reject everything a witness says. You are free to believe all, none, or part of any witness's testimony.

(2) In deciding which testimony you believe, you should rely on your own common sense and everyday experience. However, in deciding whether you believe a witness's testimony, you must set aside any bias or prejudice you have based on the witness's disability, gender or gender identity, race, religion, ethnicity, sexual orientation, age, national origin, socioeconomic status or any other factor irrelevant to the rights of the parties.

(3) There is no fixed set of rules for judging whether you believe a witness, but it may help you to think about these questions:

(a) Was the witness able to see or hear clearly?  How long was the witness watching or listening?  Was anything else going on that might have distracted the witness?

(b) Does the witness seem to have a good memory?

(1) Human memory is not like video recordings that a witness can simply replay to remember precisely what happened;

15

(2) when a witness has been exposed to statements, conversations, questions, writings, documents, photographs, media reports, and opinions of others, the accuracy of their memory may be affected; and

(3) a witness's memory, even if testified to in good faith, and with a high degree of confidence, may be inaccurate.

(c) What is the witness's demeanor while testifying?  Does the witness seem to be making an honest effort to tell the truth, or does the witness seem to evade the questions or argue with the lawyers?

(d) Does the witness's age or maturity affect how you judge his or her testimony?

(e) Does the witness have any bias or prejudice, motives for testifying, or any personal interest in how this case is decided?

(f) Have there been any promises, threats, suggestions, or other influences that affect how the witness testifies?

(g) In general, does the witness have any special reason to tell the truth, or any special reason to lie?

(h) All in all, how reasonable does the witness's testimony seem when you think about all the other evidence in the case?

AUTHORITY: M Civ JI 4.01.

**Jury Instruction No. 10:**
**Weighing Conflicting Evidence: Number of Witnesses**

Although you may consider the number of witnesses testifying on one side or the other when you weigh the evidence as to a particular fact, the number of witnesses alone should not persuade you if the testimony of the lesser number of witnesses is more convincing.

AUTHORITY: M Civ JI 4.07.

**Jury Instruction No. 11:**
**Weighing Expert Testimony**

You <u>will hear</u> opinion testimony from one or more witnesses who have been

offered as experts. As in the case of other witnesses, you are free in your considered

judgment to accept all, part, or none of the testimony of an expert witness.

AUTHORITY: M Civ JI 4.10 (modified as indicated to incorporate relevant
instructions from the Sixth Circuit Pattern Criminal Jury Instructions § 7.03 (May 1,
2025)); *see* Federal Civil Jury Instructions of the Seventh Circuit §1.21 (2017 rev.);
Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit
§ 2.13 (2017 edition, updated March 2025).

**Jury Instruction No. 12:**
**Prior Inconsistent Statement of Witness**

If you decide that a witness said something earlier that is not consistent with what the witness said at this trial, you may consider the earlier statement in deciding whether to believe the witness, but you may not consider it as proof of the facts in this case.

However, there are exceptions. You may consider an earlier statement as proof of the facts in this case if:

(a) the statement was made by the Utilities, TAES, or an agent or employee of either party; or

(b) the statement was given under oath subject to the penalty of perjury at a trial, hearing, or in a deposition; or

(c) the witness testified during the trial that the earlier statement was true.

AUTHORITY: M Civ JI 3.15.

**Jury Instruction No. 13:**
**Faithful Performance of Duties; Jury to Follow Instructions**

Members of the jury, the evidence and argument in this case have been completed and I will now instruct you on the law. That is, I will explain the law that applies to this case.

Faithful performance by you of your duties is vital to the administration of justice. The law you are to apply in this case is contained in these instructions, and it is your duty to follow them. In other words, you must take the law as I give it to you. You must consider them as a whole and not pick out one or some instructions and disregard others.

Following my instructions you will go to the jury room and deliberate and decide on your verdict.

AUTHORITY: M Civ JI 3.01.

**Jury Instruction No. 14:**
**Breach of Contract / Substantial Performance**

Each party to a contract has a duty to perform his or her obligations under the contract. A contract is breached or broken when a party does not substantially perform what the party promised to do in the contract. When I say that a party must have "substantially performed" the contract or that "substantial performance" of the contract is required, I mean that, although there may have been some deviations or omissions from the performance called for by the language of the contract, the other party received the important and essential benefits for which the contract was made. The extent of nonperformance is to be viewed in light of the full performance promised. If the defect or uncompleted performance is of such extent and nature that there has not been practical fulfillment of the terms of the contract, then there has not been substantial performance. A party who substantially performs may be required to pay as damages the costs of remedying any defects in performance.

AUTHORITY: M Civ JI 142.20.

**Jury Instruction No. 15:**
**Introduction to Contract Interpretation**

<u>With regard to their claims, the Utilities have</u> the burden to prove what the parties intended the contract to mean. <u>With regard to its counterclaims, TAES has the burden to prove what the parties intended the contract to mean</u>. The contract is to be interpreted so as to give effect to the parties' intentions. You cannot make for the parties a different contract than the parties made for themselves. It is the intent expressed or apparent in the writing that controls.

AUTHORITY: M Civ JI 142.50 (modified as indicated).

**Jury Instruction No. 16:**
**Must Consider All Parts of Contract**

The written agreement, along with all attachments thereto, is to be considered in determining the existence or nature of the contractual duties owed by the parties to each other. In determining the parties' intentions under the written contract, you should consider the agreement as a whole, including all of its parts and attachments.

AUTHORITY: M Civ JI 142.51.

**Jury Instruction No. 17:**
**Words Given Ordinary Meaning**

The words of the contract must be given their ordinary meaning.

AUTHORITY: M Civ JI 142.53.

**Jury Instruction No. 18:**
**Giving Effect to Every Word**

Additionally, contracts must be interpreted, when possible, so as to give effect to every word, phrase, and clause in the contract, and to avoid an interpretation that would render any part of the contract unnecessary, meaningless, void or unenforceable.

AUTHORITY: M CIV JI 142.53A.

**Jury Instruction No. 19:**
**Effect of Incorporated Documents**

A contract can be made of several different documents if the parties intended that their agreement would include the various documents together. If you find that the parties entered into a contract that refers to other existing documents in such a manner as to establish that they intended to make the terms and conditions of those other documents part of their contract, you should interpret those incorporated documents as part of the contract between the parties according to the rules I have given you for interpreting contracts.

AUTHORITY: M Civ JI 142.52.

**Jury Instruction No. 20:**
**Determining the Meaning of Ambiguous Language in an Agreement**

When a contract is ambiguous, that is, when the language is reasonably susceptible of two different interpretations, you must decide its meaning. To determine what the parties intended by the ambiguous language, you should consider the statements of the representatives of the parties, the conduct of the parties and the custom and usage of the trade, business, and industry in accordance with the instructions that I will now give you.

AUTHORITY:  M CIV JI 142.56.

**Jury Instruction No. 21:**
**Custom and Usage of Trade / Business / Industry**

The customs and usages of the parties' trade, business, or industry may be shown to establish a point on which the contract is ambiguous. To show the existence of a custom or usage of the parties' trade, business, or industry, a party must prove that the custom was well established and was generally followed in their trade, business, or industry at the time the contract was made. It must also be shown that the party against whom it is being asserted knew of the usage and had reason to know that the other party assented to the words of the contract in accordance with it, or that, if the party against whom it is being asserted did not know of the usage, an ordinary person in that person's position would have known it.

AUTHORITY: M Civ JI 142.54.

**Jury Instruction No. 22:**
**Limiting Instruction: Offers of Compromise**

Whenever evidence is received for a limited purpose or limited to a certain party, you must not consider it for any other purpose or as to any other party.

You have heard evidence about repair proposals tendered by TAES to the Utilities. You may consider the repair proposals to assess the positive or negative aspects of the proposals, and whether the proposals complied with the parties' contract, but you may not consider the proposals as proving or disproving that TAES's prior work was defective.

AUTHORITY: M Civ JI 3.07; Order on Defendants' Motion In Limine, ECF No. 299, PageID.30936-939.

**July Instruction No. 23:**
**Waiver**

TAES claims, as an affirmative defense, that its alleged failure to execute certain promises was excused because the Utilities waived its performance or agreed to modify the terms of the contract. To excuse nonperformance, TAES must prove that the Utilities voluntarily and knowingly gave up their right to insist on performance of contractual obligations. In other words, the Utilities must have known that they had the right to insist on the completion of the contractual obligations by TAES, but nevertheless agreed to give up this right.

A waiver or modification may be expressly stated or it may be implied by acts or conduct, indicating an intent not to enforce the contractual right such that a reasonable person would think that performance was no longer required. A waiver of a substantial right requires consideration.

If an alleged waiver or modification is in writing signed by authorized representatives of the parties to the contract, TAES must prove the waiver or modification by a preponderance of evidence.

If an alleged waiver or modification is not in writing signed by authorized representatives of the parties to the contract, TAES must prove the waiver or modification by clear and convincing evidence.

AUTHORITY: ECF No. 380, PageID.43296 (Def.'s Proposed Alt. Jury Instr. No.

35 (citing M Civ JI 142.41) (modifications from TAES's proposal as indicated); Quality Prods. & Concepts Co. v. Nagel Precision, Inc., 666 N.W.2d 251, 261 (Mich. 2003).

**Jury Instruction No. 24:**

**Release**

As an affirmative defense to the breach of contract claim, TAES claims that the Utilities released TAES from all or some obligations owed under the contract.

A release is an agreement to give up or abandon one or more claims or rights that one person may have against the other. There is no particular form or established set of words that is necessary to prove a release. A release may be oral or may be in writing. A release is valid if it is fairly and knowingly made.

If you find that the Utilities released TAES from its obligations under the contract in writing signed by authorized representatives of the parties to the contract, TAES must prove that release by a preponderance of evidence.

If you find that the Utilities released TAES from its obligations under the contract not in writing signed by authorized representatives of the parties to the contract, TAES must prove that release by clear and convincing evidence.

If you find that the Utilities released TAES from its obligations under the contract, your verdict should be in favor of TAES as to all released claims.

AUTHORITY: Civ JI 142.60 (modifications from TAES's proposal as indicated); Quality Prods. & Concepts Co. v. Nagel Precision, Inc., 666 N.W.2d 251, 261 (Mich. 2003).

**Jury Instruction No. 25:**

**Explanation of Damages**

If you find that either the Utilities or TAES have proved their respective claims by a preponderance of the evidence that the other party has breached the contract, then you may consider what damages, if any, are due. Of course, the fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded. That is a determination that is left entirely to you, the jury. I am instructing you on principles governing damage awards so that, in the event you should find any of the parties liable, you will know on what basis to consider any award of damages.

AUTHORITY: Adapted from ABA Model Jury Instr. Constr. Lit § 18.02.

**Jury Instruction No. 26:**
**Introduction to Damages**

If you find that TAES is liable to the Utilities for breach of contract, then you must determine the amount of money, if any, to award to the Utilities as contract damages. If you find that the Utilities are liable to TAES for breach of contract, then you must determine the amount of money, if any, to award to TAES as contract damages. The following instructions tell you how to do that. If you find that TAES is not liable, then you do not need to consider the subject of damages with respect to the Utilities' claims. If you find that the Utilities are not liable, then you do not need to consider the subject of damages with respect to TAES's claims.

Each claimant must prove by a preponderance of the evidence the amount of any damages to be awarded. However, the claimants are not required to prove their damages with mathematical precision because it is not always possible that a party can prove the exact amount of its damages. Therefore, it is necessary only that the claimants prove their damages to a reasonable certainty or a reasonable probability. However, you may not award damages on the basis of guess, speculation or conjecture.

AUTHORITY: M Civ JI 142.30.

**Jury Instruction No. 27:**

**Contract Damages: Benefit of Bargain**

Contract damages are intended to give the party the benefit of the party's bargain by awarding it a sum of money that will, to the extent possible, put it in as good a position as it would have been in had the contract been fully performed. The injured party should receive those damages naturally arising from the breach. Neither party may recover a greater amount as damages than they could have gained by the full performance of the contract.

AUTHORITY: M Civ JI 142.31.

**Jury Instruction No. 28:**

**Contractual Limitations on Damages**

Contractual limits of liability are enforceable. If you determine that a claimant

is entitled to any damages, you must determine the amount in which damages are

limited by the contract and enforce that limitation.

AUTHORITY: *See* Opinion and Order Regarding Defendants' Motion for Summary
Judgment at 19-21, ECF 252 (citing *Schmidt Indus. Inc. v. Huntington Nat'l Bank*,
2022 WL 2121527, at *2 (E.D. Mich. June 13, 2022) (citing *USAA Grp. v. Universal
Alarms, Inc.*, 405 N.W.2d 146, 147 (Mich. App. 1987))).

**Jury Instruction No. 29:**

**Mitigation of Damages**

In fixing the amount of damages, you should not include any loss that the Utilities could have prevented by exercising reasonable care and diligence when they learned or should have learned of the breach. The burden is on TAES to prove that the Utilities failed to minimize their damages and that the damages should be reduced by a particular amount as a result.

AUTHORITY: M Civ JI 142.35.

**Jury Instruction No. 30:**

**5.01 Deliberations and Verdict**

Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6–6, or 10–2, or whatever your vote happens to be. That should stay secret until you are finished.

**Jury Instruction No. 31:**

**Research, Investigation, and Outside Communications**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application—like a telephone, cell phone, smart phone, or computer—any Internet service, any text or instant-messaging service, any social media network—like Facebook, Twitter, Instagram, WhatsApp, Snapchat—or any other similar electronic service to communicate any information about this case or to conduct any research about this case until I accept your verdict.

To be clear, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You may only discuss the case in the jury room with your fellow jurors during deliberations. In our judicial system, it is important that you are not influenced by anything or anyone. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**Jury Instruction No. 32:**

**Exhibits**

I will send the exhibits into the jury room when it is time for you to begin your deliberations. If you want to see any exhibits that were admitted into evidence that might not have been sent into the jury room, use a note to make that request.

**Jury Instruction No. 33:**

**Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## Jury Instruction No. 34:

## Unanimous Verdict Required

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Jury Instruction No. 35:**

**Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if Plaintiffs or Defendants have proved that the other party is liable by a preponderance of the evidence.

**Jury Instruction No. 36:**

**Verdict Form**

I have prepared an original verdict form that you should use to record your verdict. It will be provided to you in a folder. Each of you has been furnished with a copy of the verdict form to aid you in your deliberations. However, when you reach your decision, your foreperson should complete only the official verdict form.

Follow the instructions on the form and fill in the answers to the questions by having your foreperson mark the appropriate place on the forms.

When you have completed the form according to the instructions, your foreperson should then sign the form, put the date on it, and return it to me.

Your verdict for each question on the verdict form must be unanimous.

To reach a unanimous verdict of yes on any question, every one of you must agree that the party with burden of proof on that question has met their burden of proof by a preponderance of the evidence.

To return a unanimous verdict of no, every one of you must agree that the party with the burden of proof on that question has not met their burden of proof by a preponderance of the evidence.

Either way, your verdict must be unanimous.

**Jury Instruction No. 37:**

**The Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if Plaintiffs have proved that Defendants are liable by a preponderance of the evidence, or if Defendants have proved that Plaintiffs are liable by a preponderance of the evidence.