IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION,<br><br>Defendants. | Case No. 4:22-cv-10847<br><br>Judge F. Kay Behm<br><br>Mag. Judge Curtis Ivy, Jr. |

## PLAINTIFFS' MOTION TO ENTER PARTIAL FINAL JUDGMENT AND SET FURTHER PROCEEDINGS

Plaintiffs Consumers Energy Company and DTE Electric Company (the "Utilities") move for (i) entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) against TAES in accordance with the jury's verdict (ECF No. 391), with interest, and (ii) entry of a schedule for the adjudication of Count IV against Toshiba Corporation—as detailed in the accompanying memorandum.

CONSUMERS ENERGY COMPANY
and DTE ELECTRIC COMPANY

Dated: January 12, 2026          By:  /s/ *Terri L. Mascherin*

One of Their Attorneys

Terri L. Mascherin
tmascherin@jenner.com
Daniel J. Weiss
dweiss@jenner.com
Christopher Tompkins
ctompkins@jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Patrick G. Seyferth
seyferth@bsplaw.com
Derek J. Linkous
linkous@bsplaw.com
BUSH SEYFERTH PLLC
100 West Big Beaver Road
Suite 400
Troy, Michigan 48084
(242) 822-7800

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY and DTE ELECTRIC COMPANY, | ) ) ) | Case No. 4:22-cv-10847 |
| Plaintiffs, | ) ) ) | Judge F. Kay Behm |
| v. | ) ) | Mag. Judge Curtis Ivy, Jr. |
| TOSHIBA AMERICA ENERGY SYSTEMS CORPORATION and TOSHIBA CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO ENTER PARTIAL
FINAL JUDGMENT AND SET FURTHER PROCEEDINGS**

## **<u>TABLE OF CONTENTS</u>**

Introduction ....................................................................................................1

Background ....................................................................................................2

Argument........................................................................................................3

     I.     The Court Should Enter Final Judgment On All Claims
           Between The Utilities And TAES. ........................................................3

           A.     A Final Judgment Against TAES Is Appropriate. .....................3

           B.     The Judgment Against TAES Should Include Mandatory
                Prejudgment Interest Plus Post-Judgment Interest. ...................8

     II.    The Court Should Set A Schedule For The Adjudication Of
           Count IV. ...........................................................................................10

Conclusion ..................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Centria Home Rehab., LLC v. Allstate Ins. Co.*,
  No. 365313, 2024 WL 4820775 (Mich. Ct. App. Nov. 18, 2024) ......................9

*Conte v. Gen. Housewares Corp.*,
  215 F.3d 628 (6th Cir. 2000) ..................................................................9

*Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*,
  807 F.2d 1279 (6th Cir. 1986) ........................................................6, 7, 8

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
  446 U.S. 1 (1980).................................................................................4

*Gen-Pa Bigli Islem Ltd. Liab. Co. v. Virtual Tech., Inc.*,
  169 F.R.D. 84 (E.D. Mich. 1996) ...........................................................5

*GenCorp, Inc. v. Olin Corp.*,
  390 F.3d 433 (6th Cir. 2004) ............................................................4, 6

*Hillman Power Co., LLC v. On-Site Equip. Maint., Inc.*,
  685 F. Supp. 3d 528 (E.D. Mich. 2023) ................................................10

*Holliday v. Xerox Corp.*,
  555 F. Supp. 51 (E.D. Mich. 1982) ........................................................5

*United States ex rel. Ibanez v. Bristol-Meyer Squibb Co.*,
  874 F.3d 905 (6th Cir. 2017) .................................................................5

*Loc. Union No. 1812, United Mine Workers of Am. v. BethEnergy
  Mines, Inc.*,
  992 F.2d 569 (6th Cir. 1993) .................................................................4

*Mike Vaughn Custom Sports, Inc. v. Piku*,
  No. 12-13083, 2014 WL 6455582 (E.D. Mich. Nov. 17, 2014) ......................9

*Nat'l Metalcrafters v. McNeil,*,
  784 F.2d 817 (7th Cir. 1986) .................................................................5

*U.S. Citizens Ass'n v. Sebelius*,
   705 F.3d 588 (6th Cir. 2013) ............................................................... 6, 7

*U.S. Fire Ins. Co. v. City of Warren*,
   87 F. App'x 485 (6th Cir. 2003) ............................................................ 9

**Statutes**

28 U.S.C. § 1961 ............................................................................................ 10

Mich. Comp. Laws § 600.6013(1) ............................................................... 9

Mich. Comp. Laws § 600.6013(8) ............................................................... 9

**Other Authorities**

Fed. R. Civ. P. 54(b) ............................................................................ *passim*

## <u>QUESTION PRESENTED</u>

Should the Court enter final judgment against TAES pursuant to Fed. R. Civ.

P. 54(b) and set a schedule for proceedings on the Utilities' Count IV?

| | |
|---|---|
| Plaintiffs: | Yes |
| Defendants: | No with respect to a Rule 54(b) judgment.  Defendants requested a specific proposed schedule with respect to Count IV.  Plaintiffs intend to continue to confer with Defendants regarding a schedule on Count IV. |

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 54

*GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004)

*Loc. Union No. 1812, United Mine Workers of Am. v. BethEnergy Mines, Inc.*, 992 F.2d 569, 572 (6th Cir. 1993)

## **Introduction**

The jury has resolved all claims between the Utilities and TAES. Entry of a final judgment on those claims pursuant to Federal Rule of Civil Procedure 54(b) is appropriate and will aid in the efficient completion of all litigation in this Court, including adjudication of the Utilities' remaining Count IV against Toshiba Corporation. Entry of a Rule 54(b) judgment against TAES will assist in the orderly administration of this case in the following ways:

- Judgment against TAES will fix TAES's liability, including for Michigan statutory prejudgment interest, which is important to fixing Toshiba Corporation's liability under its parent guaranty for purposes of the Utilities' Count IV;

- Judgment against TAES will trigger the deadlines for all post-judgment challenges to the trial outcome such as pursuant to Rules 50(b) and 59, ensuring that those matters are briefed and determined efficiently;

- Judgment against TAES will require the Court and the parties to consider appropriate security for the judgment pursuant to Rule 62, which is important given the substantial size of the verdict; and

- Judgment against TAES will initiate the process for the determination of taxable costs pursuant to Rule 54 and Local Rule 54.1, which is important because the Utilities expect to submit substantial taxable costs, and such costs will become part of Toshiba Corporation's liability for purposes of Count IV.

At the same time the Court and the parties address those post-judgment issues related to TAES, the Utilities and Toshiba Corporation can move forward on a parallel track with disclosures and expert work related to Count IV, permitting an expeditious hearing on that claim.

1

For each reason, and as further detailed below, the Court should: (1) enter a final judgment on all claims between the Utilities and TAES; and (2) set a prompt schedule for the adjudication of Count IV.

## Background

The jury's December 18, 2025 verdict (ECF No. 391) adjudicated all claims between the Utilities and TAES—specifically, the Utilities' Counts I-III against TAES and TAES's counterclaims against the Utilities. Although the Court has not yet entered a judgment on those claims, nothing remains to be tried between the Utilities and TAES. The only claim remaining before the Court is the Utilities' Count IV against Toshiba Corporation, for breach of Toshiba Corporation's parent guaranty. (ECF No. 1, PageID.53-55, Compl. ¶¶ 196-204.)

Toshiba Corporation's liability under the parent guaranty has two primary aspects. First, Toshiba Corporation is liable to the Utilities for the damages of $394,424,138 assessed by the jury arising from TAES's breaches of contract, plus prejudgment interest and taxable costs. That is because Toshiba Corporation guaranteed TAES's performance under the contract and guaranteed the payment of all "damages, claims, costs, charges, and expenses howsoever arising from [TAES's] failure" to perform. (ECF No. 1-3, PageID.171, Parent Guaranty ¶ 2.) The Utilities expect that establishing this aspect of Toshiba Corporation's liability will be straightforward, including because the parent guaranty provides that the

2

determination of TAES's liability under the contract shall be "conclusive and binding on [Toshiba Corporation] for purposes of determining [Toshiba Corporation's] obligation under this Guaranty." (*Id.*, PageID.172, Parent Guaranty ¶ 7.)

The second aspect of Toshiba Corporation's liability under Count IV is its liability for the Utilities' "reasonable costs, expenses and attorney fees incurred in enforcing [their] rights under the Contract and/or this Guaranty." (*Id.*, PageID.171, Parent Guaranty ¶ 2.) The Utilities expect that this aspect will require some fact and expert disclosures related to the parties' enforcement fees and expenses, and then a hearing on those subjects. The Court previously bifurcated those proceedings from the claims against TAES. (ECF No. 171.)

## Argument

### I.     The Court Should Enter Final Judgment On All Claims Between The Utilities And TAES.

#### A.     A Rule 54(b) Judgment Against TAES Is Appropriate.

Entry of a final judgment on the claims by and against TAES is appropriate under Rule 54(b). That rule provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Here, because the Utilities' Count IV remains pending, an express determination by the Court is necessary under Rule 54(b) to enter a final judgment on the claims between the Utilities and TAES determined by the jury. Such a determination is appropriate here.

Rule 54(b) encompasses two elements for the entry of a partial final judgment. First, "a district court initially must expressly direct the entry of final judgment as to one or more but fewer than all of the claims in the case." *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004) (internal quotation marks omitted). A district court properly recognizes a decision as a "final judgment" where the decision represents the "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Put another way, a partial final judgment is appropriate "where an order terminates all issues presented in at least one claim . . . so that nothing remains except enforcement by execution of the judgment." *Loc. Union No. 1812, United Mine Workers of Am. v. BethEnergy Mines, Inc.*, 992 F.2d 569, 572 (6th Cir. 1993) (internal quotation marks and alterations omitted).

Here, the jury's verdict supports a final judgment on all claims between the Utilities and TAES because the jury adjudicated all aspects of those claims, leaving no remaining issues on those claims and no remaining claims between the Utilities and TAES. Further, TAES has no legal interest in Count IV, and nothing in the

adjudication of Count IV will impact the jury's determination of the TAES claims. A final judgment on all claims involving TAES is therefore appropriate. *See, e.g.*, *Holliday v. Xerox Corp.*, 555 F. Supp. 51, 58 (E.D. Mich. 1982) (partial final judgment appropriate where decision "adjudicates all the claims of the members of [a] putative . . . class," who have "no interest in the outcome of any further aspect of this litigation").[1]

As an independent matter, entry of a partial final judgment is appropriate where the Court completely disposes of all claims "against one *party* to the suit," even if related claims remain pending between the remaining parties. *Nat'l Metalcrafters v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986) (emphasis added); *see also Gen-Pa Bigli Islem Ltd. Liab. Co. v. Virtual Tech., Inc.*, 169 F.R.D. 84, 87 (E.D. Mich. 1996) (Rule 54(d) judgment appropriate where "[a]ll claims involving the original plaintiff" were resolved). Here, because the jury's verdict disposes of all claims by or against TAES, the Court may "direct entry of a final judgment as to one or more, but fewer than all . . . *parties*," by entering judgment against TAES. Fed. R. Civ. P. 54(b) (emphasis added).

---

[1] *See also United States ex rel. Ibanez v. Bristol-Meyer Squibb Co.*, 874 F.3d 905, 913 (6th Cir. 2017) (same where "no matter how the record might develop in further proceedings on the unresolved retaliation claims . . . there are no grounds on which the dismissed claims would be subject to reopening").

For the second step under Rule 54(b), the court "must determine whether the needs of the parties outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable." *GenCorp, Inc.*, 390 F.3d at 442. For this step, the Sixth Circuit has identified a "nonexhaustive list of factors" to be considered by a district court:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986). A district court's "reasoned analysis" of those factors "is entitled to substantial deference." *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013).

Those factors support a Rule 54(b) judgment here. With respect to factors 1, 2, and 4, the TAES claims do not depend in any manner on the issues to be determined with respect to Count IV against Toshiba Corporation. The claims between the Utilities and TAES concerned breaches of a contract between those two parties alone; Count IV against Toshiba Corporation is brought under the separate parent guaranty, to which TAES is not a party. And, while resolution of the TAES

6

claims is "conclusive and binding on [Toshiba Corporation] for purposes of determining its obligation under [the] Guaranty," (ECF No. 1-3, PageID.172, Parent Guaranty ¶ 7), nothing to be decided in connection with Count IV against Toshiba Corporation could "moot[]" or "result in set-off" with respect to a judgment against TAES. *Corrosioneering, Inc.*, 807 F.2d at 1283.

With respect to factor 3, the "possibility that the reviewing court might be obliged to consider the same issue a second time," there is no such risk. Similar to the prior point, TAES's liability for breach of contract cannot be relitigated in connection with Toshiba's Corporation's obligations under the parent guaranty. In the parent guaranty, Toshiba Corporation waived virtually all defenses and agreed that the results of dispute resolution procedures between the Utilities and TAES would be "conclusive and binding on it." (ECF No. 1-3, PageID.172, Parent Guaranty ¶ 7.) Further, any concern about separate appeals can be mitigated by the coordination of the Court's decisions on any post-judgment challenges regarding the TAES claims and the Court's adjudication of Count IV, such that the parties can seek to consolidate any resulting appeals. *See, e.g., U.S. Citizens Ass'n*, 705 F.3d at 597 (Rule 54(b) judgment and final judgment reviewed in consolidated appeal).

Finally, the "miscellaneous factors" strongly support a Rule 54(b) judgment. *Corrosioneering*, 807 F.2d at 1283. As discussed, entering a final judgment on the TAES claims will aid in the efficient conclusion of this litigation. A final judgment

7

against TAES will fix most of Toshiba Corporation's liability under Count IV, streamlining that proceeding. In addition, entry of a final judgment on the TAES claims will trigger important post-judgment deadlines. Those deadlines include the time for any motions pursuant to Rules 50(b) and 59, the time for the post-judgment taxation of costs pursuant to Rule 54 (which will be part of Toshiba Corporation's liability under Count IV), and the time for TAES to post security for the judgment pursuant to Rule 62 (or face execution of judgment).[2] The latter point—security for the judgment—is particularly important given the size of the $394,424,138 verdict in this case. *See Corrosioneering*, 807 F.2d at 1283 (requiring Court to consider "economic and solvency" issues as part of Rule 54(b) analysis).

### B. The Judgment Against TAES Should Include Mandatory Prejudgment Interest Plus Post-Judgment Interest.

When the Court enters judgment on the TAES claims, the Court should direct that the judgment will include mandatory prejudgment interest under Michigan law, plus post-judgment interest at the federal rate. In a federal diversity jurisdiction case like this one, state law governs the application of prejudgment interest. *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 633 (6th Cir. 2000). By statute, a prevailing party

---

[2] Defendants have stated during meet-and-confer communications that a Rule 54(b) judgment would be "premature" until after TAES files "post-trial" motions. But the deadline for motions pursuant to Rules 50 and 59 is triggered by the entry of *judgment*. Fed. R. Civ. P. 50(b) ("28 days after the entry of judgment"); 59(b) (same). Defendants cannot delay the entry of judgment by filing motions that are appropriately considered *post*-judgment.

in Michigan is entitled to interest on a judgment, accrued from the date the complaint was filed. Mich. Comp. Laws §§ 600.6013(1), (8). This statutory prejudgment interest is "mandatory" under Michigan law. *Centria Home Rehab., LLC v. Allstate Ins. Co.*, No. 365313, 2024 WL 4820775, at \*4 (Mich. Ct. App. Nov. 18, 2024).[3] The Court previously rejected TAES's argument that the parties' contract waived prejudgment interest. (ECF No. 252, PageID.27081–082.)

The Utilities have calculated prejudgment interest on the jury's verdict as set forth in the attached declaration of Michael P. Emmert. (Ex. A.) As of the filing of this motion, the amount of prejudgment interest owed by TAES is $73,470,297. That figure will increase at a rate of $60,435 per day until judgment is entered.

After the entry of judgment, post-judgment interest will accrue at the federal rate pursuant to 28 U.S.C. § 1961. *Hillman Power Co., LLC v. On-Site Equip. Maint., Inc.*, 685 F. Supp. 3d 528, 539 (E.D. Mich. 2023). The present federal post-judgment interest rate is 3.48%, compounding annually, which would produce interest at a rate of $44,593 per day as of the date of this filing. The judgment should provide that post-judgment interest will continue to accrue at the rate in effect as of the date of judgment. 28 U.S.C. § 1961.

---

[3] *See also U.S. Fire Ins. Co. v. City of Warren*, 87 F. App'x 485, 492 (6th Cir. 2003) ("prejudgment interest under § 600.6013 is required on a money judgment"); *Mike Vaughn Custom Sports, Inc. v. Piku*, No. 12-13083, 2014 WL 6455582, at \*1-2 (E.D. Mich. Nov. 17, 2014) ( "an award of prejudgment interest is 'mandatory' under state law").

When the Court is prepared to enter a judgment, the Utilities can supply a form of judgment with updated interest calculations as of a date certain.

## II.     The Court Should Set A Schedule For The Adjudication Of Count IV.

The Court should additionally set a schedule for the expeditious adjudication of the Utilities' Count IV against Toshiba Corporation. The Utilities expect most aspects of Count IV can be decided on the terms of the parent guaranty and the law (*i.e.*, via motion practice), but some fact and expert work will be required with respect to quantifying the Utilities' "reasonable costs, expenses and attorney fees incurred in enforcing [their] rights under the Contract and/or this Guaranty." (ECF No. 1-3, PageID.171, Parent Guaranty ¶ 2.)

The Utilities suggest a deadline of February 28, 2026 for an initial disclosure of the Utilities' calculation of enforcement costs, backup, and any expert opinion supporting the reasonableness of such costs. Thereafter, the Utilities suggest a deadline of March 28, 2026 for the disclosure of any rebuttal expert opinion submitted by Toshiba Corporation. The Utilities suggest a deadline for the close of all discovery of April 25, 2026, and a hearing to be set as soon as possible thereafter.

## <u>Conclusion</u>

For each reason, the Court should grant the Utilities' motion for a final judgment on all claims between the Utilities and TAES and set a schedule for adjudicating the Utilities' Count IV against Toshiba Corporation.

CONSUMERS ENERGY COMPANY
and DTE ELECTRIC COMPANY

Dated: January 12, 2026          By:   /s/ *Terri L. Mascherin*
                                       One of Their Attorneys

Terri L. Mascherin                Patrick G. Seyferth
tmascherin@jenner.com             seyferth@bsplaw.com
Daniel J. Weiss                   Derek J. Linkous
dweiss@jenner.com                 linkous@bsplaw.com
Christopher Tompkins              BUSH SEYFERTH PLLC
ctompkins@jenner.com              100 West Big Beaver Road
JENNER & BLOCK LLP                Suite 400
353 N. Clark Street               Troy, Michigan 48084
Chicago, Illinois 60654           (242) 822-7800
(312) 222-9350

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on January 12, 2026, I caused a true and correct copy of the foregoing *Plaintiffs' Brief In Support Of Motion To Enter Partial Final Judgment And Set Further Proceedings* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Terri L. Mascherin*
Attorney for Plaintiffs
