UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

Plaintiffs,

v.

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

Defendants.
_________________________________/

Case No. 22-10847

F. Kay Behm
U.S. District Judge

**OPINION AND ORDER REGARDING PLAINTIFFS' MOTION TO ENTER PARTIAL FINAL JUDGMENT (ECF No. 399)**

## I. PROCEDURAL HISTORY

Plaintiffs, Consumers Energy Company and DTE Electric Company, filed a motion to enter partial final judgment as to the jury verdict against Defendant Toshiba American Energy Systems Corporation, or TAES. (ECF No. 399). Defendants oppose this motion. (ECF No. 402). Plaintiffs filed a reply in support. (ECF No. 404). The court held a hearing on July 29, 2026. (ECF No. 417, 425). For the reasons set forth below, the motion is **GRANTED**.

## II. BACKGROUND

The jury's December 18, 2025 verdict adjudicated all claims

between Plaintiffs and TAES, specifically, the Plaintiffs' Counts I-III against TAES and TAES's counterclaims against Plaintiffs. The only claim remaining before the court is Plaintiffs' Count IV against Toshiba Corporation, for breach of Toshiba Corporation's parent guaranty. It is under this factual backdrop that the court considers Plaintiffs' motion under Federal Rule of Civil Procedure 54(b).

## III. ANALYSIS

Federal Rule of Civil Procedure 54(b) provides as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Rule 54(b) "is not to be used routinely," however, it "should be used where an order terminates 'all issues presented in at least one claim [in a multiple claims action] so that nothing remains except enforcement by execution of the judgment.'" *Local Union No. 1812, United Mine Workers of Am. v. BethEnergy Mines, Inc.*, 992 F.2d 569, 572 (6th Cir. 1993) (alteration in original) (quoting *Rudd Constr. Equip. Co. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983)). "To satisfy the first of Rule 54(b)'s certification requirements

for a multi-party action, the district court must completely dispose of the claims of at least one party." *Gen-Pa Bigli Islem Liab. Co. v. Virtual Tech., Inc.*, 169 F.R.D. 84, 86 (E.D. Mich. 1996) (citing *General Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1026-27 (6th Cir.1994); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2656 (1983)). Because the jury verdict fully resolved Plaintiffs' claims against TAES and TAES's counterclaims against Plaintiffs, the court is satisfied that the jury verdict meets the first threshold requirement for certification as a final judgment pursuant to Rule 54(b). *See Gen-Pa Biglie Islem*, 169 F.R.D. at 87.

The second required inquiry the court must undertake to determine the appropriateness of a Rule 54(b) certification is whether there exists any just reason to delay final judgment. The Sixth Circuit has articulated a "nonexhaustive list of factors," for the district courts to consider when determining whether there is any just reason to delay entry of final judgment. The factors to be considered are as follows:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could

> result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (quoting *Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 364 (3d Cir. 1975)). "The discretionary judgment of the district court should be given substantial deference, for that court is the one most likely to be familiar with the case and with any justifiable reasons for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). Accordingly, "the reviewing court should disturb the trial court's assessment of the equities only if it can say that the judge's conclusion was clearly unreasonable." *Id*.

The first factor "favors certification when the claims are 'separate and independent so that the appellate court will not have to consider the same issues again if a second appeal is brought.'" *Genesis Fin. Solutions, Inc. v. Nat'l. Capital Mgmt.*, LLC, 09–CV–02104–STA–CGC, 2011 WL 5553712 (W.D. Tenn. Nov. 15, 2011) (quoting *Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994)). In *BP Prods. N. Am. Inc. v. Premier Oil Co., LLC*, No. 2:11-CV-2162-JPM-CGC, 2013 WL 1908061, at *11 (W.D. Tenn. May 7, 2013),

the claims against one party were breach-of-contract claims and the only claim against the other party was for action on its guaranty. The remaining unadjudicated claims were against the individual defendants on their respective guarantees. The court found that an appellate court would not have to consider the same issues on successive appeals as each claim was specific to each party. *Id*. The same is true here where the claims involving TAES have been entirely resolved by the jury verdict and the parent guaranty involves both a distinct claim and a separate party. Defendants argue, however, that there is a significant relationship between the claims against TAES and the claim against Toshiba. This is so, according to Defendants, because "the claim against Toshiba, whether it be for performance or for liability, indemnification hinges on the underlying liability of TAES." (ECF No. 425, PageID.45155). Defendants also point out that the two contracts are related because the parent guaranty is incorporated by reference in and required by the overhaul contract. Defendants interpret the parent guaranty to mean that Toshiba is not bound by the jury verdict beyond the prima facie evidence of that jury verdict. Even if that is an accurate interpretation of the parent guaranty, which the court does not decide today, that does not affect the fixed nature of the jury verdict as to TAES. Thus, despite the relationship

between the two contracts, the court still concludes that the claims involving TAES have been entirely resolved by the jury verdict and the parent guaranty involves both a distinct claim and a separate party, such that the first *Corrosioneering* factor favors entering judgment under Rule 54(b).

As to the second factor – the possibility that the need for review might or might not be mooted by future developments in the district court – the court finds that whatever happens with Count IV against Toshiba could not moot an appeal of the jury verdict against TAES. The TAES claims resolved by the jury verdict do not depend in any way on the issues to be determined with respect to Count IV against Toshiba. This favor weighs in favor of entering judgment.

The third factor – the possibility that the reviewing court might be obliged to consider the same issue a second time – does not appear to be a problem, given that the claims are against different parties and involve separate contracts. Defendants argue that the Court of Appeals might be asked to review the same evidence from the TAES trial and the proceedings on Count IV. However, that is different than the Court of Appeals having to review the same *issue* a second time. While some issues involved in the two appeals may be similar or based on the same evidence, the fact that the

appeals would involve separate parties and distinct contracts suggests that the very same issues are unlikely to arise. Thus, this factor weighs in favor of entering judgment.

As to the fourth factor – the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final – there is no claim or counterclaim that would result in a set-off against the judgment against TAES. Defendants acknowledge that there are no such claims but offer a scenario where a judgment is entered against Toshiba for less than the jury verdict and Toshiba elects to pay it, which they say would have to be off set against the jury verdict. The court finds that this scenario is speculative and that it would fall outside the scope of this factor. Importantly, TAES is liable for the jury verdict, separate and apart from the parent guaranty. *See BP Products*, 2013 WL 1908061, *12. Finding no claims or counterclaims that would result in a set-off, the court concludes that this factor weighs in favor entering judgment.

Factor five involves miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. Here, the delay has been and likely will continue to be considerable, given the currently pending discovery

motions and motion for summary judgment the court must sort through, along with scheduling, conducting, and resolving any bench trial that might take place on Count IV. Additionally, there are significant economic and solvency considerations. Without entering a judgment, the court cannot resolve any security issues pertaining to the judgment. Given the size of the jury verdict and the likelihood of extensive ongoing proceedings, the issue of security is substantial. As Plaintiffs pointed out at the hearing, TAES and Toshiba are private corporations and do not make public disclosures. Thus, Plaintiffs and the court do not know what is happening at TAES with respect to its business, asset moves, or corporate organization. The court finds the fifth factor, considering both the effects of delay and lack of security, weighs in favor of entering judgment.

In summary, the court finds the *Corrosioneering* factors weigh in favor of finding no just reason to delay entry of final judgment on the jury verdict. Accordingly, the court will enter judgment under Rule 54(b) and requests the parties submit a proposed judgment for its consideration.

Finally, Plaintiffs also contend that prejudgment interest should be included in the Rule 54(b) judgment. Defendants object to any such award. The court resolved this issue in its decision on the motion for summary

judgment. (ECF No. 252). The court concluded not only that the overhaul contract did not preclude prejudgment interest, but that such interest was mandatory under Michigan law:

> The Contract precludes recovery of consequential damages, and lists various categories of consequential damages, but does not specifically mention prejudgment interest. Given that prejudgment interest is not considered to be in the category of consequential damages, the Contract does not waive Plaintiffs' right to statutory prejudgment interest (calculated from the date the complaint was filed), which is otherwise mandatory. *Centria Home Rehab., LLC v. Allstate Ins. Co.*, 2024 WL 4820775, at *4 (Mich. App. Nov. 18, 2024) ("Interest under MCL 600.6013 is mandatory in all cases in which the statute applies.") (citing *Farmers Ins Exch v. Titan Ins Co*, 251 Mich. App. 454, 460 (2002)).

*Id*. at PageID.27081-82. Having reviewed Defendants' renewed arguments, the court is not inclined to revisit its decision that the overhaul contract does not waive Plaintiffs' right to statutory prejudgment interest.

As to whether such interest is mandatory, Defendants now point to *Transportation Ins. Co. v. Citizens Ins. Co. of Am.*, 574 F. App'x 607, 613 (6th Cir. 2014), where the Sixth Circuit noted that in 2001, the Michigan legislature changed the language of the statute from "interest shall be allowed" to "interest is allowed." 2001 Mich. Pub. Act No. 175. The court then stated that

"[w]hatever else the import of this change may be, it clearly signals an intent to render award of prejudgment interest less mandatory than it formerly was." *Id*. Defendants maintain this means that prejudgment interest is no longer mandatory. However, the Michigan Court of Appeals, post-2001 amendment, continues to hold prejudgment interest is mandatory. *See e.g.*, *Centria Home Rehab, supra*; *Tinman by Tinman v. Blue Cross & Blue Shield of Michigan*, No. 338815, 2019 WL 982917, at *2 (Mich. Ct. App. Feb. 28, 2019); *Primetime Landscaping & Snow Removal, L.L.C. v. Damico Dev., Inc.*, No. 303045, 2012 WL 1192157, at *3 (Mich. Ct. App. Apr. 10, 2012). In another unpublished decision, the Sixth Circuit held similarly. *See U.S. Fire Ins. Co. v. City of Warren*, 87 F. App'x 485, 492 (6th Cir. 2003). While these cases did not specifically discuss the change in the statutory language, they did quote the updated language and continued to conclude it was mandatory, contrary to the observation in *Transportation Ins. Co. v. Citizens Ins. Co*. that prejudgment interest was "less mandatory." Accordingly, the court does not find that the Sixth Circuit's observation, in an unpublished opinion, that the updated statutory language was "less mandatory" compels a different conclusion than the court previously reached in its decision on summary

judgment. For these reasons, the court concludes that prejudgment interest is appropriately applied to the TAES jury verdict.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for entry of judgment under Rule 54(b) is **GRANTED**. The parties must submit a proposed judgment for the court's consideration within 14 days of entry of this Order.

**SO ORDERED.**

Date: September 28, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge