UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMERS ENERGY CO. and
DTE ELECTRIC CO.,

Plaintiffs,

v.

TOSHIBA AMERICA ENERGY
SYSTEMS CORP. and
TOSHIBA CORP.,

Defendants.
_______________________________/

Case No. 22-10847

Hon. F. Kay Behm

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL (ECF No. 420)**

## I. PROCEDURAL HISTORY

On April 10, 2026, Defendant propounded discovery on Plaintiffs relating to Count IV of the Complaint. (ECF No. 420-4). The discovery included the following request for production of documents:

> 5. To the extent not already produced, Documents reflecting your internal cost estimates and assessments for repair work on the Ludington Plant.
>
> 6. To the extent not already produced, Documents evidencing the expenditures that Plaintiffs have already incurred for the repair work on the Ludington Plant.

> 7. To the extent not already produced, all Documents relating to any quotes, cost estimates, and assessments by Voith related to Voith's repair work on the Ludington Plant, or by any other company related to that company's repair work on the Ludington Plant.

(ECF No. 420-4). Plaintiffs lodged the following specific objections to each of these requests, in addition to their general objections:

> Plaintiffs object to this Request as beyond the scope of the matters to be tried in connection with Count IV and imposing a burden disproportionate to the facts at issue in connection with Count IV. In particular, the Request does not seek discovery of information that can lead to the discovery of admissible evidence because issues regarding amounts owed by Toshiba America Energy Systems Corporation have been resolved by the trial and the December 18, 2025 jury verdict in this case, which are conclusive of the amount that Toshiba Corporation owes to Plaintiffs pursuant to Paragraph 7 of the March 24, 2011 Parent Guaranty executed by Toshiba Corporation, as well as other principles of law. Moreover, this Request is unduly burdensome and imposes a disproportionate burden given the extensive information previously produced on this issue in connection with Counts I-III. To the extent any further response is required, Plaintiffs refer Toshiba Corporation to Plaintiffs' document production in connection with Counts I-III. Plaintiffs will not produce additional documents in response to this Request.

(ECF No. 420-5). Defendant Toshiba has moved to compel the production of documents responsive to RFP Nos. 5-7 and Plaintiffs have opposed that

motion. (ECF Nos. 420, 426, 428). The court held a hearing on Toshiba's motion on October 28, 2026.

## II. ANALYSIS

The Federal Rules of Civil Procedure were written to facilitate the discovery of relevant evidence proportional to the needs of each case. Rule 26 authorizes relatively expansive discovery, subject to the considerations set forth in Rule 26(b)(1). The Rule provides that a party may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* The trial court has broad discretion over discovery matters. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999). In assessing proportionality as it relates to disputed discovery requests the court should look to:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*State Farm Mut. Auto Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F.Supp.3d 700, 704 (E.D. Mich. 2017) (citation omitted); *see also* Fed. R. Civ. P. 26(b)(1).

As the Utilities point out, on October 20, 2022, all parties, including Toshiba, submitted a joint discovery plan under Rule 26(f), stating, among other things, "[t]he parties do not request formal phasing of discovery." (ECF No. 29). Shortly thereafter, Judge Borman (to whom this matter was previously assigned) entered the initial scheduling order setting fact and expert discovery cutoff dates. (ECF No. 30). The Utilities further point out that neither that order nor later scheduling orders distinguished between TAES and Toshiba Corporation discovery or counts. (*Id.*; *see also* ECF Nos. 47, 57, 74, 80). After several agreed extensions, fact discovery closed on May 31, 2024. (ECF No. 80). The court did carve out an exception: on January 23, 2025, it bifurcated "the issue of attorney fees and litigation expenses," including "the related fact and expert disclosures," "until after a trial on the merits of this matter takes place." (ECF No. 171). Toshiba disputes that the discovery it seeks is foreclosed by the prior scheduling orders because the obligation to supplement discovery under Rule 26(e)(1) survives the close of discovery. *See Everlight Elecs., Co. v. Nichia Corp.*, 2015 WL 412184, at *1-2 (E.D. Mich. Jan. 30, 2015) ("The duty to supplement discovery does not cease upon the close of the applicable discovery period."). However, the requests currently before the court do not involve supplementation of prior requests

issued to the Utilities before the close of discovery. Instead, Toshiba propounded entirely new requests long after the discovery deadline passed. It was not entitled to do so under the court's scheduling order.

Toshiba also argues that it seeks supplementation under Rule 26(e)(1)(A) of the Utilities' computation of each category of damages claimed as required by Rule 26(a)(1)(A)(iii). According to Toshiba, these rules impose a continuing, affirmative obligation on the claiming party to disclose a computation of each category of damages and to produce the documents and evidentiary material upon which that computation is based, including any materials that bear on changes to the claimed amounts. *See e.g., Glasswall, LLC v. AGC Flat Glass N. Am., Inc.*, 2018 WL 5624271, at *7 (E.D. Tenn. Oct. 30, 2018) ("[A] computation of each category of damages claimed is a mandatory initial disclosure, and a plaintiff is under a continuing obligation to supplement that disclosure 'in a timely manner.'") (quoting Fed. R. Civ. P. 26(e)(1)(A)). The Utilities point out that they provided the computation of damages and supporting documents underlying the jury's verdict during fact and expert discovery on the merits of the Utilities' claims against TAES. It does not appear that the Utilities intend to rely on anything new or different

from that which was already produced. Thus, it does not appear that supplementation is necessary.

Toshiba says, however, it has not received any updates on Plaintiffs' claimed damages since July 25, 2025. Toshiba argues that it is entitled to know any changes that have occurred since then relating to the actual cost of repairs. For example, Voith's Scope of Work 4 (SOW4) indicated that Voith anticipated completing the test for in situ machining of the shaft seals by June 11, 2026. *See* PTX-1244 at 0036. According to Toshiba, whether the shaft seals can be machined in situ or must be removed will have a significant impact on how much it will cost Plaintiffs to repair them (or if Plaintiffs will revise the repair plan as a result). Similarly, SOW4 contemplates substantial work on the Discharge Ring Extensions ("DREs") and states that the "Engineering required for the development of the Discharge Ring Extension . . . [is] not included in this proposal and will be executed during SOW4 phase." *See id*. at 006. This means the engineering decisions made during SOW4 postdate Plaintiffs' last damages update. However, the discovery sought here as supplementation does not appear to fall into the category of "documents or other evidentiary material" on which each computation of damages is based. Rather, Toshiba seeks documents that would undermine Plaintiffs'

damages claim, which does not appear to fall within the scope of the Rule. Rule 26(a)(1)(A)(iii) is limited to a computation of the damages claimed and the supporting materials on which the computation is based. *See Winfield v. Wal-Mart Stores, Inc*., No. 214CV01034MMDCWH, 2016 WL 259690, at *2 (D. Nev. Jan. 20, 2016) (for disclosure purposes, damages are determined not by actual cost, but by what a party elects to claim.); *Day v. Etan Gen., Inc.*, No. 09 C 6006, 2012 WL 1080198, at *4 (N.D. Ill. Mar. 30, 2012) (quoting the 2000 amendment notes ("The scope of the disclosure obligation ... cover[s] only information that the disclosing party may use to support its position.... A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use.")). Accordingly, the court will not order supplementation under Rule 26(e)(1)(A) and Rule 26(a)(1)(A)(iii).[1]

The court also notes that at some point, discovery must come to an end. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Vakharia v. Swedish Covenant Hosp*., 1994 WL 75055, at *2 (N.D. Ill. 1994).

---

[1] While not mentioned in the motion, the court recognizes that Toshiba asked the Utilities in the June 5, 2026 letter to supplement certain discovery requests from 2022. (ECF No. 420-2, PageID.44981). However, the court is not inclined to order supplementation regarding specific discovery requests where the moving party did not brief the issue.

"At some point, discovery must end. ... Otherwise, the case management process is rendered meaningless." *Hughes v. Boston Sci. Corp.*, 2009 WL 3031680, at *2 (S.D. Miss. Sept. 17, 2009); *Rocha v. Metro. Life Ins. Co.*, 2006 WL 8434159, at *2 (W.D. Tex. Oct. 13, 2006) ("And, in any event, at some point in a litigation, discovery must end so the litigation may progress to completion."). In the court's view, discovery closed on May 31, 2024 except as to matters relating to "the issue of attorney fees and litigation expenses" and Toshiba offers no compelling reason that it should be reopened.

Given the foregoing conclusions, the court need not address the parties' arguments regarding whether the jury verdict is conclusive of the amount that Toshiba owes to Plaintiffs pursuant to paragraph 7 of the Parent Guaranty.

## III. CONCLUSION

For the reasons set forth above, the court **DENIES** Toshiba's motion to compel discovery.

**SO ORDERED**.

Dated: November 25, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge